# EXHIBIT A

*Baird v. Jenkins*, No. H-14-2259 (S.D. Tex)

## AFFIDAVIT OF CHARLEY VALDEZ

**STATE OF TEXAS**

**COUNTY OF WALKER**

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Supervisor III for the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice-Correctional Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding Offender **Gregg Baird, TDCJ # 1662122.** CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Baird.

Baird, Gregg  TDCJ# 1662122
Page 2

| Offense | County | Cause Number | Sentence | Offense Date | Sentence Date | Sentence Begin Date | Maximum Discharge Date |
|---|---|---|---|---|---|---|---|
| Possession Child Pornography 8- Counts | Brazos | 09-02494-CRF-272 counts- 1,4,5,6,7,8,9,10 | 10-years | 5-13-2009 | 7-29-2010 | 7-21-2010 | 7-20-2020 |
| Possession Child Pornography | Brazos | 09-02494-CRF-272 count-2 consecutive to count 1 | 5-years | 5-13-2009 | 7-29-2010 | 4-23-2013 5-2-2013 with 8-days of pre-sentence jail credit | 4-23-2018 |

Offender Baird was convicted by the 272nd District Court of Brazos County on the above offenses, and was received into TDCJ custody on 9-13-2010.

The sentence in count 2 was ordered to run consecutive to count 1 of this cause.

When an offender has consecutive sentences, the second sentence will begin when the first sentence ceases to operate. A sentence "ceases to operate" when it is served out in full day-for-day or on the date a parole panel designates as the date the offender would have been released to parole but for the second sentence. Texas Government Code § 508.150(b), *Ex parte Cowan,* 171 S.W.3d 890 (Tex. Crim. App. 2005), *Ex parte Kuester,* 21 S.W.3d 264 (Tex. Cr. App. 2000).

Offender Baird received a CUFI vote from the Board of Pardons and Paroles on 5-29-2013, to be effective 5-1-2013 for count 1 of cause number 09-02494-CRF-272. This caused the sentence in count 2 of this cause number to begin to operate on 4-23-2013; 5-2-2013 with 8-days of pre-sentence jail credit.

Offender Baird received an FI4R vote from the Board of Pardons and Paroles on 11-5-2013.

Offender Baird was taken by bench warrant to Brazos County on 7-25-2014, and released from Brazos County custody to parole on 7-31-2014, with a maximum discharge date of 7-20-2020.

*[signature]*

**CHARLEY VALDEZ**
**Program Supervisor III**
**Classification and Records**
**Texas Department of Criminal Justice**
**Correctional Institutions Division**

**SUBSCRIBED AND SWORN TO** before me, the said Notary Public on this the 18th day of September, 2014, to certify which witness my hand and seal of office.

*[notary seal: ROBERT G. CRIST, Notary Public, State of Texas, My Commission Expires April 20, 2016]*

*[signature]*

Notary Public In and For
The State of Texas