**RICHARD E. WETZEL**
ATTORNEY AT LAW



1411 WEST AVENUE, SUITE 100
AUSTIN, TX 78701
(512) 469-7943

Board Certified Criminal Law
And Criminal Appellate Law by
The Texas Board of Legal Specialization

(512) 474-5594 - fax
wetzel_law@1411west.com
www.TexasCriminalAppealsLawyer.com

March 27, 2013

Mr. Abel Acosta
Texas Court of Criminal Appeal
P.O. Box 12308
Austin, TX
78711

**FILED IN
COURT OF CRIMINAL APPEALS

MAR 27 2013

Abel Acosta, Clerk**

Re: Baird v. State, No. PD-159-12

Dear Mr. Acosta:

The above was argued and submitted on September 12, 2012. Please bring this letter of supplemental authority to the attention of the Court.

The question before the Court concerns the recovery of evidence while a private citizen was committing the offenses of criminal trespass and breach of computer security. Baird sought to suppress evidence discovered while his dog sitter was in violation of the law. Although noting Baird told the dog sitter to keep the door to his bedroom closed, the Court of Appeals found it significant that Baird "did not tell her *not* to go into his bedroom and *not* to use his computer." *Baird v. State,* 379 S.W.3d 353, 356 (Tex. App. – Waco 2012, pet. granted). While agreeing express consent was not shown, the court nevertheless found the dog sitter had apparent consent to enter Baird's bedroom and access the computer because he had not told her to do neither. *Id.* at 358.

While Baird does not present a Fourth Amendment issue, a recent Supreme Court opinion is supportive of his claim the dog sitter did not have express, implied, or apparent consent to enter his bedroom and access his computer. Yesterday, in *Florida v. Jardines*, ___ U.S. ___, 2013 WL 1196577, at *4 (2013), the Court found a police officer's use of a drug-sniffing dog on a homeowner's porch to investigate the contents of the home was a trespass in violation of the owners property rights. Rejecting the notion of an implied license to trespass, the Court stated:

**RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 27 2013

Abel Acosta, Clerk**

Letter to Abel Acosta
March 27, 2013
Page Two

      We have accordingly recognized that the knocker on the front door is treated as an invitation or license to attempt an entry, justifying ingress to the home by solicitors, hawkers and peddlers of all kinds. *Breard v. Alexandria,* 341 U.S. 622, 626, 71 S.Ct. 920, 95 L.Ed. 1233 (1951). This implicit license typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave. Complying with the terms of that traditional invitation does not require fine-grained legal knowledge; it is generally managed without incident by the Nation's Girl Scouts and trick-or-treaters. . . . But introducing a trained police dog to explore the area around the home in hopes of discovering incriminating evidence is something else. There is no customary invitation to do *that.* . . . To find a visitor knocking on the door is routine (even if sometimes unwelcome); to spot that same visitor exploring the front path with a metal detector, or marching his bloodhound into the garden before saying hello and asking permission, would inspire most of us to—well, call the police. **The scope of a license—express or implied—is limited not only to a particular area but also to a specific purpose**. Id. at *4-5 (Emphasis added).

      Baird respectfully requests the Court consider the above language and analysis when reviewing the decision by the Court of Appeals. Baird stands by his position that his consent for the dog sitter to enter his home and take care of his dog was not an implied or apparent license to enter a closed area of the home and access his computer.

                                            Sincerely,

                                            Richard E. Wetzel
                                            Attorney at Law

cc: ADA Garon
     SPA McMinn