No. PD-0159-12

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

---

### GREGG CARL BAIRD, Appellant

*v.*

ORIGINAL

### THE STATE OF TEXAS

---

FILED IN
COURT OF CRIMINAL APPEALS

**BRIEF FOR APPELLANT**

JUL 02 2012

Louise Pearson, Clerk

---

### ON PETITION FOR DISCRETIONARY REVIEW
### FROM THE DECISION BY THE
### TENTH COURT OF APPEALS IN CAUSE NO. No. 10-10-00297-CR

---

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

SCANNED
(CCA)

AUG 03 2012

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 2 - 2012

Louise Pearson, Clerk

No. PD-0159-12


IN THE TEXAS COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

---

GREGG CARL BAIRD, Appellant

*v.*

THE STATE OF TEXAS

---

BRIEF FOR APPELLANT

---

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE DECISION BY THE
TENTH COURT OF APPEALS IN CAUSE NO. No. 10-10-00297-CR

---

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

## Identity of Parties and Counsel

Appellant:                              Gregg Carl Baird

Appellate Counsel:                      Richard E. Wetzel
                                        Attorney at Law
                                        1411 West Ave., Ste. 100
                                        Austin, TX 78701

Trial Counsel:                          Jim James
                                        Attorney at Law
                                        P.O. Box 1146
                                        Bryan, TX 77806
                                        Bryan, TX 77803-3236

Appellee:                               The State of Texas

Appellate Counsel                       William R. Turner
And Trial Counsel:                      District Attorney
                                        300 East 26th Street, Suite 310
                                        Bryan, TX 77803

Trial Judge:                            Hon. Travis B. Bryan III

# Table of Contents

Page

Identity of Parties and Counsel . . . . . . . . . . . . . . .ii

Table of Contents . . . . . . . . . . . . . . .iii

Index of Authorities . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . .1

Question Presented . . . . . . . . . . . . . . .1

Statement of Facts . . . . . . . . . . . . . . .1

Summary of the Argument . . . . . . . . . . . . . .9

Question for Review . . . . . . . . . . . . . .10

Does apparent consent result from an owner's failure to expressly deny consent?

    A. The Standard of Review . . . . . . . . . . . .10

    B. The Motion to Suppress . . . . . . . . . . . .11

    C. Challenged Findings of Fact . . . . . . . . . . . .12

    D. Challenged Conclusions of Law . . . . . . . . . . . .14

    E. The Decision of the Court of Appeals . . . . . . . . . . . .16

Prayer . . . . . . . . . . 21

Certificate of Service . . . . . . . . . . .22

## Index of Authorities

Page

**Cases**

*Allison v. State*, 113 S.W.3d 476
(Tex. App. – Houston [1st Dist]. 2003, no pet.) . . . . . . . . . . . . . .17

*Baird v. State*, ___ S.W.3d ___, 2012 WL 89905
(Tex. App. – Waco 2012, pet. granted) . . . . . . . . . . *passim*

*Brackens v. State*, 312 S.W.3d 831
(Tex. App. – Houston [1st Dist.] 2009, pet. ref'd) . . . . . . . . . . . . . .20

*Cobb v. State*, 85 S.W.2d 258
(Tex. Crim. App. 2002) . . . . . . . . . . . . . .15

*Ellett v. State*, 607 S.W.2d 545
(Tex. Crim. App. 1980) . . . . . . . . . . . . . .17

*Guzman v. State*, 955 S.W.2d 85
(Tex. Crim. App. 1997) . . . . . . . . . . .10, 11

*Jenschke v. State*, 147 S.W.3d 398
(Tex. Crim. App. 2004) . . . . . . . . . . . . . .15

*Kothe v. State,* 152 S.W.3d 54
(Tex. Crim. App. 2004) . . . . . . . . . . . . . .11

*Lawrence v. Texas*, 539 U.S. 558
(2003) . . . . . . . . . . . . . 6

*Lujan v. State*, 331 S.W.3d 768
(Tex. Crim. App. 2011) . . . . . . . . . . . . . .10

*Miller v. State*, 335 S.W.3d 847
(Tex. App. – Austin 2011, no pet.) . . . . . . . . . . . . . .20

*Mitchell v. State*, 12 S.W.3d 158
(Tex. App. – Dallas 2000, no pet.) . . . . . . . . . . . . . .19

*Muhammed v. State*, 331 S.W.3d 187
(Tex. App. – Houston [14th Dist.] 2011, pet. ref'd) . . . . . . . . . . . . . .19

*State v. Garcia–Cantu,* 253 S.W.3d 236
(Tex. Crim. App. 2008) . . . . . . . . . . . . . .11

*State v. Johnson*, 939 S.W.2d 586
(Tex. Crim. App. 1996) . . . . . . . . . . . . . .15

*Valtierra v. State*, 310 S.W.3d 442
(Tex. Crim. App. 2010) . . . . . . . . . . . . . .17

**Statutes**

TEX. CRIM. PROC. CODE art. 38.23 . . . . . . . .11, 12, 15

TEX. PEN. CODE § 1.07(a)(11) . . . . . . . . . . .16, 17

TEX. PEN. CODE § 30.05(a)(1) . . . . . . . . . . . . . .15

TEX. PEN. CODE § 33.02(a) . . . . . . . . . . .15, 19

TEX. PEN. CODE § 43.26(a) . . . . . . . . . . . . . .1

**Secondary Material**

3 Wayne R. LaFave, Substantive Criminal Law § 21.1(a) (2nd ed. 2003) . . 18

1 Charles A. Torcia, Wharton's Criminal Law § 46 (15th ed. 1993) . . . . . . 18

3 Charles A. Torcia, Wharton's Criminal Law § 319 (15th ed. 1993) . . . . . 17

## Statement of the Case

Baird was charged in a multi-count indictment under TEX. PEN. CODE § 43.26(a) with possession of child pornography (1 CR 1).  A motion to suppress the pornography was filed, litigated, and denied (1 CR 74, 3 RR 86).  Pursuant to a charge plea bargain, Baird pleaded guilty to ten counts and was found guilty by the court (4 RR 9, 6 RR 4).  Punishment was assessed at a cumulative 15 year sentence to be followed by a suspended ten year sentence (6 RR 4-5).  The trial court certified Baird's right to appeal the motion to suppress and gave permission to appeal (Supp. CR 7-8).  The Court of Appeals affirmed the convictions in a published opinion. *Baird v. State*, ___ S.W.3d ___, 2012 WL 89905 (Tex. App. – Waco 2012, pet. granted).  No motion for rehearing was filed.  Baird's petition for discretionary review was granted on May 16, 2012.  He now files his brief in support of the petition for discretionary review.

## Question Presented

**Does apparent consent result from an owner's failure to expressly deny consent?**

## Statement of Facts

Baird hired Dawn Renee Killien to stay at his home and take care of his dog while he was on a ten day vacation (2 RR 14).  She met with Baird

on two occasions before he left on his vacation (2 RR 16).  He walked her through the house (2 RR 16).  He showed her his bedroom which was the master bedroom and connected bath (2 RR 17).  He told her to "help yourself to everything" while in the kitchen opening cabinets and showing her various items (2 RR 19, 20).

Killien stayed in a guest bedroom while at Baird's home (2 RR 41).  Before leaving for vacation, Baird told her to keep the door to his bedroom closed because he did not want the dog in his bedroom (2 RR 41).  Baird told Killien to keep the door to his bedroom closed both when she was gone and when she was in the home (2 RR 43-44).  Baird never told Killien she could use the computer in his bedroom (2 RR 46).

On May 8, 2009, Killien opened the door to Baird's bedroom, entered the bedroom, and accessed his computer (2 RR 21).  She intended to listen to music on the computer (2 RR 21).  She wanted to record some music from a compact disk, save it on the computer, and then transfer the recording to her telephone (2 RR 21).  She "woke up" the computer by shaking the mouse (2 RR 22).  The recent documents icon appeared on the screen of the monitor (2 RR 23).  She opened the recent documents folder to delete two songs she had downloaded onto the computer (2 RR 23).  Within the recent documents

folder, she saw file names suggestive of child pornography (2 RR 23).  She opened the recycle bin of the computer and saw thumbnail images of child pornography (2 RR 24).  She opened a video stored on the computer which contained images of child pornography (2 RR 26).  After first consulting with others including an attorney, Killien reported what she had seen to the police three days later on May 11, 2009 (2 RR 29, 47, 7 RR CEX 1).

Michael Jose is a detective with the College Station Police Department (2 RR 60).  He became aware of the child pornography on Baird's computer on May 11, 2009, when Killien told a crime analyst of her discovery (2 RR 60).  Jose spoke with Killien and told her not to re-access Baird's computer (2 RR 62).  Based the information given to him by Killien, Jose prepared a search warrant affidavit on May 13, 2009 (7 RR CEX 1 at 3-5).  The search warrant for Baird's home issued on May 13, 2009, and authorized agents to seize various electronic devices capable of electronically storing child pornography (7 RR CEX 2).  The warrant was executed on May 13, 2009, and law enforcement agents seized 25 different items (7 RR CEX 2 at 10). Child pornography was found on five devices seized from Baird's home (5 RR 21).

William Odom is a computer forensics expert (2 RR 64). He examined the hard drive from Baird's computer (2 RR 65). Odom was able to determine the computer was accessed on May 8, 2009, at 6:00 pm (2 RR 66). The access was consistent with a compact disk being inserted to play music (2 RR 71). Odom found that a file in the recent documents folder was opened three hours later at 9:15 pm (2 RR 71, 76, 82). He determined the recycle bin was accessed (2 RR 72). Odom found thumbnail images of child pornography in the recycle bin of Baird's computer (2 RR 74). He was able to determine a video recording containing child pornography had been accessed at 9:15 pm on May 8, 2009 (2 RR 76, 82).

Odom found no evidence to indicate Killien had recorded music on the computer as she had indicated (2 RR 80, 3 RR 40). He likewise saw nothing to indicate she attempted to delete an item from the computer (2 RR 80). Odom acknowledge that in an online chat with others, Killien indicated she had changed a view setting on the computer to permit thumbnail viewing of items (3 RR 36).

Rose Hubbard is a computer forensic examiner (2 RR 87). She examined the hard drive from Baird's computer and found no indication Killien had recorded music from a compact disk as she had previously

testified (2 RR 89).   The computer was accessed at 9:06 pm and the user accessed a video recording in the recent documents file (2 RR 90).   Hubbard found nothing to indicate the computer had been accessed earlier than 9:06 pm (2 RR 95).

Rose disputed that the activity of 6:06 pm was consistent with a compact disk being inserted into the computer (3 RR 8).   She believed the activity at 6:06 pm was consistent with the computer automatically updating itself (3 RR 9).   Activity on the computer indicated the internet was accessed at 9:54 pm (3 RR 25).

Baird testified the child pornography was recovered from the computer in his bedroom (3 RR 55).   Before leaving on his vacation, Baird told Killien the door to his bedroom was to remain shut (3 RR 56).   Baird's computer was located in his bedroom (3 RR 56).   Baird never told Killien she could enter his bedroom or use his computer (3 RR 57).   Baird told Killien she could help herself to any food she found in the home (3 RR 63).   Baird thought he had turned his computer off when he left on vacation (3 RR 64).

Counsel for Baird argued the evidence of child pornography should be suppressed because Killien obtained information about the content of computer while committing the offenses of breach of computer security and

criminal trespass (3 RR 71, 74).   In relation to Baird's TEX. CRIM. PROC. CODE art. 38.23 argument, the State maintained Killien had Baird's consent to go in his bedroom and use his computer (3 RR 79).   The trial court denied the motion to suppress (3 RR 86).

Baird entered pleas of guilty to the first ten counts of the indictment (4 RR 9).   Baird reserved his right to appeal the denial of the motion to suppress (4 RR 7, 13, 7 RR SEX 2).   The pleas were entered as part of a plea agreement which left the punishment decision to the trial court (4 RR 8, 7 RR SEX 2).   The court withheld a finding of guilt pending sentencing (4 RR 13).

Sentencing was before the court (5 RR 8).   Nathan McCune is an investigator with the Brazos County District Attorney's Office (5 RR 13). Baird renewed his objection to any testimony concerning items recovered from the computer seized at his home (5 RR 15).   Child pornography was found on five of the devices seized from Baird's home (5 RR 21).   Baird objected to the admissibility of any evidence concerning adult male bondage and homosexual conduct as violating due process under *Lawrence v. Texas*[1] (5 RR 22).   The trial court overruled the objection and a running objection was granted (5 RR 23).   McCune found some 62,000 images of child pornography on the five devices (5 RR 24).   Baird's objection to the

[1] 539 U.S. 558 (2003).

admissibility of any images depicted him in bondage or sadomasochistic poses was overruled and a running objection granted (5 RR 51, 53).  Over objection, McCune stated he found images of Baird engaged in sadomasochistic conduct with himself and other male adults (5 RR 53-54). Over objection, the trial court admitted chat logs of Baird's sexual proclivities and efforts to arrange sexual liaisons with strangers he met online (5 RR 59).

Michael Sheets was previously employed by the Boy Scouts of America (5 RR 66).  He produced records showing Baird's affiliation with the Boy Scouts both as a youth participant and an adult volunteer (5 RR 69).

Kindale Pittman was previously employed as a patrol officer with the Somerville Police Department (5 RR 84).   On May 12, 2004 at approximately 11:00 pm, he observed a vehicle speed away from Somerville High School (5 RR 86).  The vehicle became stuck in a ditch (5 RR 89). Pittman identified Baird as the driver of the vehicle (5 RR 89).  Baird was arrested for evading detention (5 RR 91).

Baird testified he was ashamed and embarrassed by his activities in downloading child pornography (5 RR 145).  He denied any inappropriate contact with underage youth (5 RR 148).  The trial court overruled Baird's

objection to cross-examination inquiring as to his activities in seeking out adult sexual partners on the internet for consensual sadomasochistic encounters (5 RR 178).   The trial court overruled Baird's due process objection to cross-examination concerning the purchase and utilization of sexual pleasure devices (5 RR 185).

Baird presented character evidence from Thomas Rogers (5 RR 98), James Miller (5 RR 116), Phillip Hathaway (5 RR 124), Larry Miller (5 RR 126), John Rogers (5 RR 135), Kimberly Roese (5 RR 138), Karen Baird (5 RR 204), and John Baird (5 RR 210).

Counsel for Baird sought community supervision (5 RR 226).   The State made specific references to Baird's online sexual chats, ordering sexual devices, acting out his sexual fantasies, consensual adult activities, and seeking sexual liaisons with adult strangers on the internet (5 RR 228, 229, 230, 232, 233, 234).   The State argued community supervision was not warranted (5 RR 234).   The State sought the maximum sentence for each count with the sentences cumulated for a 100 year sentence (5 RR 235, 236).

The trial court found Baird guilty of ten counts of possession of child pornography (6 RR 4).   The court assessed punishment on count one at ten years, the five year sentence on count two was cumulated on the sentence for

count one, a suspended ten years sentence on count three was cumulated on count two, and ten years each on counts four through ten to run concurrently with count one (6 RR 4-5). He was sentenced in open court on July 29, 2010 (6 RR 5).

## Summary of the Argument

The question before the Court concerns the recovery of evidence while a private citizen was committing the offenses of criminal trespass and breach of computer security. Baird sought to suppress evidence discovered while his dog sitter was in violation of the law. Although noting Baird told the dog sitter to keep the door to his bedroom closed, the Court of Appeals found it significant that Baird "did not tell her *not* to go into his bedroom and *not* to use his computer." *Baird*, 2012 WL 89905, at *3 (emphasis in original). While agreeing express consent was not shown, the court nevertheless found the dog sitter had apparent consent to enter Baird's bedroom and access the computer because he had not told her to do neither. *Baird*, 2012 WL 89905, at *4.

Baird maintains the notion of finding apparent consent when express consent is not specifically denied turns the concept of voluntary and intelligent consent on its head and holds the potential for much mischief. The

Court of Appeals failed to set forth any authority for its novel theory that assent in fact from apparent consent is present when express consent is not expressly withheld.

This Court should disabuse the Court of Appeals of the novel and misguided holding that apparent consent is present simply because an owner fails to expressly deny consent. It is undisputed the sitter was told to keep the door to Baird's bedroom closed and she was not given express or apparent consent to access his computer. That should be enough to show, as a matter of law, she did not have Baird's assent in fact to criminally trespass in his bedroom and unlawfully access his computer.

### Question Presented

**Does apparent consent result from an owner's failure to expressly deny consent?**

### A. The Standard of Review

When reviewing a trial judge's ruling on a suppression motion, the applicable standard is abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). The trial judge's determination of facts is afforded almost total deference, provided that those determinations are supported by the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.

App. 1997).  As a general rule, appellate courts view the evidence in the light most favorable to the trial judge's ruling, regardless of whether the judge granted or denied the suppression motion.  *State v. Garcia–Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).  When reviewing mixed questions of law and fact, courts afford great deference to the trial judge's rulings, provided that those rulings depend upon evaluations of credibility and demeanor. *Guzman,* 955 S.W.2d at 89.  When credibility and demeanor were irrelevant, courts conduct a de novo review.  *Kothe v. State,* 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).  All purely legal questions are reviewed de novo.  *Id.*

## B.  The Motion to Suppress

Relying on TEX. CRIM. PROC. CODE art. 38.23, Baird filed a motion to suppress the evidence of child pornography (1 CR 74).  The motion alleged Killien's access of Baird's computer was unlawful and that during her criminal conduct, she obtained evidence which formed the basis of the search warrant obtained by the authorities (1 CR 74).  Focusing on the lack of consent from Baird, counsel for Baird argued the evidence should be suppressed because Killien obtained information about the content of the computer while committing the offenses of breach of computer security and

criminal trespass (2 RR 7, 2 RR 36-38, 3 RR 71, 74).  In relation to Baird's article 38.23 argument, the State maintained Killien had Baird's consent to go in his bedroom and access his computer (3 RR 79).  The trial court denied the motion to suppress (3 RR 86).  Findings of fact and conclusions of law on the issues addressed in the suppression hearing were entered (2 CR 321).

### C.  Challenged Findings of Fact

After denying the motion to suppress, the trial court entered 19 findings of fact (2 CR 321).  Baird challenged eight of the findings in the Court of Appeals arguing they were not supported by the record and therefore entitled to no deference on appeal.  Among others, Baird specifically challenged the following findings:

> 8.   Gregg Baird placed no limits or restrictions on Dawn Killian (sic) access to his home.[2]
>
> 9.   Specifically, Gregg Baird placed no limitations or restrictions on Dawn Killian's access to his bedroom.
>
> 10.   Gregg Baird placed no limitations or restrictions on Dawn Killian's access to his computer.

These findings do not comport with and are contrary to the evidence presented on the motion to suppress.  Killien testified Baird told her to keep

---

[2] Throughout the findings, the trial court spells Killien's name as Killian.  Baird uses the spelling as reflected in the suppression hearing (2 RR 12).

the door to his bedroom closed both when she was gone and when she was in the home (2 RR 41, 43-44).  Baird testified he told Killien to keep the door to his bedroom closed (3 RR 56).  Killien testified that while in the kitchen with Baird, he opened various cabinets showing Killien the location of various food items and told Killien to help herself to anything (2 RR 19-20, 3 RR 63).  Both Killien and Baird testified she was not told she could use the computer in Baird's bedroom (1 RR 37, 3 RR 57).  The computer accessed by Killien was located in Baird's bedroom (2 RR 21).

     13.    Gregg Baird told Dawn Killian to "help herself to anything" or words to that effect.

This finding does not comport with and is contrary to the evidence presented on the motion to suppress and could be construed that Baird gave Killien free rein of his home.  Killien testified that while in the kitchen with Baird, he opened cabinets showing Killien the location of various food items and told Killien to help herself to anything (2 RR 19-20).  Baird denied telling Killien she could have or use whatever she wanted in the home (3 RR 57).  At her request, he had purchased assorted food items for consumption during her stay in his home (3 RR 57).  He told her to help herself to any food she wanted while they were in the kitchen (3 RR 63).

## D.  Challenged Conclusions of Law

After denying the motion to suppress, the trial court entered seven conclusions of law (2 CR 322).  Baird challenged five of the conclusions in the Court of Appeals arguing they were not supportable under either a deferential or de novo standard of review.

> 1.    Dawn Killian committed no criminal offense which led to discovery of evidence against the defendant, Gregg Baird.
>
> 2.    Specifically, Dawn Killian did not commit the offenses of Burglary of a Habitation (30.02 Texas Penal Code), Criminal Trespass (30.05 Texas Penal Code), or Breach of Computer Security (33.02 Texas Penal Code).
>
> 5.    Article 38.23 of the Texas Code of Criminal Procedure does not apply to the facts of this case because no criminal offense was committed by Dawn Killian in accessing Gregg Baird's bedroom or computer.

These conclusions are based on the faulty findings of fact challenged above.  They contain the common element of an erroneous conclusion that Killien committed no criminal offense when she entered Baird's bedroom and accessed his computer.

Killien entered the bedroom after having been told by Baird to keep the door closed.  Baird had not consented to her entry and previously told her to keep the door to the bedroom shut thereby putting her on notice that entry

was forbidden.  Killien's actions constituted the offense of criminal trespass under TEX. PEN. CODE § 30.05(a)(1).[3]  Killien accessed Baird's computer which was located in the bedroom.  She did not have Baird's consent to use the computer.  As such, her actions constituted the offense of breach of computer security under TEX. PEN. CODE § 33.02(a).[4]

Under TEX. CRIM. PROC. CODE art. 38.23(a), evidence unlawfully obtained by a private person in a private capacity is not to be admitted against an accused at trial.  *Jenschke v. State*, 147 S.W.3d 398, 400 (Tex. Crim. App. 2004); *Cobb v. State*, 85 S.W.2d 258, 271 (Tex. Crim. App. 2002); *State v. Johnson*, 939 S.W.2d 586, 588 (Tex. Crim. App. 1996).  Baird asserts the record demonstrates that Killien acquired evidence leading to the search of his home and prosecution as a result of her commission of the criminal offenses of criminal trespass and breach of computer security.

> 3.    Dawn Killian had Gregg Baird's effective consent to access his bedroom and computer.

---

[3]  A person commits the offense of criminal trespass if the person enters or remains on property of another without effective consent and the person had notice that the entry was forbidden.  TEX. PEN. CODE § 33.05(a)(1).

[4]  A person commits the offense of breach of computer security if the person knowingly accesses a computer without the effective consent of the owner.  TEX. PEN. CODE § 33.02(a).

Baird maintains that upon careful examination of the record, this conclusion of law cannot stand.   Consent means assent in fact, whether express or apparent.   TEX. PEN. CODE § 1.07(a)(11).   Both Killien and Baird testified Killien was not told she could use the computer in his bedroom (2 RR 46, 3 RR 57).   Killien testified Baird told her to keep the door to his bedroom closed both when she was gone and when she was in the home (2 RR 41, 43-44).   Baird testified he told Killien to keep the door to his bedroom closed (3 RR 56).   The computer accessed by Killien was located in Baird's bedroom (2 RR 21).

## E.  The Decision of the Court of Appeals

The Court of Appeals rejected Baird's point of error.   Although acknowledging Baird told the dog sitter to keep the door to his bedroom closed and did not give her explicit permission to use his computer, the Court of Appeals found it significant that Baird "did not tell her *not* to go into his bedroom and *not* to use his computer."   *Baird*, 2012 WL 89905, at *3 (emphasis in original).   While agreeing express consent was not shown, the court nevertheless found the dog sitter had apparent consent to enter the bedroom and access the computer because Baird had not told her to do either. *Baird*, 2012 WL 89905, at *4.

Baird maintains the notion of finding apparent consent when express consent is not specifically denied turns the concept of voluntary and intelligent consent on its head and holds the potential for much mischief. The Court of Appeals failed to set forth any authority for its novel theory that assent in fact from apparent consent is present when express consent is not expressly withheld or denied.

Consent means assent in fact, whether express or apparent. TEX. PEN. CODE § 1.07(a)(11). It is elementary that apparent consent is not effective unless, as a factual matter, it is voluntary and intelligent. 1 Charles A. Torcia, Wharton's Criminal Law § 46 at 304 (15th ed. 1993). Baird never voluntarily and intelligently gave the dog sitter apparent or express consent to enter his bedroom and access his computer. This Court has previously rejected a claim of apparent consent put forth by a burglary defendant in relation to an abandoned building with an open door. *See Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. 1980).

The dog sitter's actions constituted the offense of criminal trespass under TEX. PEN. CODE § 30.05(a)(1). *See Valtierra v. State*, 310 S.W.3d 442, 450 (Tex. Crim. App. 2010) (recognizing an owner may limit consent to enter particular portions of property); *Allison v. State*, 113 S.W.3d 476, 478

(Tex. App. – Houston [1st Dist]. 2003, no pet.) (finding consent to enter a habitation does not extend to rooms in which owner has manifested an intent to exclude others).

Professor LaFave explains the common law in the following manner:

The law sought only to keep out intruders, committing a breaking when he so entered.  When the authority granted was restricted to certain portions of the structure or times of the day, there was breaking when the structure was opened in violation of these restrictions.  Thus when a servant entered a section of a house without permission there was a breaking as the master had closed off the section and not invited him in.

3 Wayne R. LaFave, Substantive Criminal Law § 21.1(a) at 207 (2nd ed. 2003).

In like manner, Professor Wharton explains:

Thus, if a servant has permission to enter a dwelling house only during working hours, his use of the key and opening of the door during non-working hours would be trespassory and amount to a break.  Likewise, if the servant has permission to enter only a portion of the dwelling house, his opening of a door in the forbidden portion would be trespassory and amount to a break.

3 Charles A. Torcia, Wharton's Criminal Law § 319 at 237-238 (15th ed. 1993).

The dog sitter accessed Baird's computer which was located in his bedroom.  She did not have Baird's consent to use the computer.  Her actions

- 18 -

constituted the offense of breach of computer security under TEX. PEN. CODE § 33.02(a). *See Muhammed v. State*, 331 S.W.3d 187, 193 (Tex. App. – Houston [14th Dist.] 2011, pet. ref'd) (finding evidence sufficient to support breach of computer security conviction when owner testified he never gave defendant consent to access his college computer e-mail account); *Mitchell v. State*, 12 S.W.3d 158, 159 (Tex. App. – Dallas 2000, no pet.) (finding evidence sufficient to support breach of computer security conviction because city employee had no consent to access work computer in order to alter city records and corrupt computer files).

In determining whether assent in fact was present, it is important to remember the reason Killien was invited into Baird's home. She was there to care for his dog during a ten day vacation by Baird. Killien was given her own room, bathroom, and told to help herself to food in the kitchen. Baird told her to keep the door to his bedroom closed at all times. He never told her she could enter his bedroom or access the computer in the bedroom. In view of the reason he gave her consent to be in the home, there was no basis for the Court of Appeals to conclude Killien had Baird's apparent consent to open the bedroom door, enter the bedroom, and proceed to access Baird's computer. She had no more apparent consent to enter the bedroom and access the computer than if she had been a plumber hired by Baird to fix a

broken garbage disposal in the kitchen. In like manner, had she been a maid hired to clean his house; such duties would not have included apparent consent to access his computer and proceed to review personal files and documents.

If Killien had complied with Baird's directive to keep the door closed, she never would have entered his bedroom. She was only able to enter the bedroom by opening the door, which he had forbidden her to do.

Baird concedes authority exists recognizing apparent consent to access a computer. However, those situations in which consent has been found in relation to the recovery of child pornography are markedly different from the instant cause. *Cf. Brackens v. State*, 312 S.W.3d 831, 839 (Tex. App. – Houston [1st Dist.] 2009, pet. ref'd) (finding no breach of computer security when child pornography discovered by computer technician after defendant gave computer to technician to copy and back up files on computer); *Miller v. State*, 335 S.W.3d 847, 858 (Tex. App. – Austin 2011, no pet.) (rejecting 38.23 challenge after defendant left his thumb drive in a work area accessible to all co-workers and allowed co-workers to access the drive in order to identify whether it belonged to defendant).

This Court should disabuse the Court of Appeals of the novel and misguided holding that apparent consent is present simply because an owner fails to expressly deny consent.  It is undisputed the sitter was told to keep the door to Baird's bedroom closed and she was not given express or apparent consent to access his computer.  That should be enough to show, as a matter of law, she did not have Baird's apparent consent to criminally trespass in his bedroom and unlawfully access his computer.

## Prayer

Wherefore, premises considered, Baird prays this Court will reverse the judgment of the Court of Appeals, remand to the Court of Appeals, or enter any other relief appropriate under the law and the facts.

Respectfully submitted,

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701

(512) 469-7943 – phone
(512) 474-5594 – facsimile

Attorney for Appellant
Gregg Carl Baird

## Certificate of Service

I, Richard E. Wetzel, counsel for appellant, do hereby certify that a true and correct copy of the foregoing document was mailed with pre-paid first class postage to counsel for the State, Jeff Garon, Assistant District Attorney, 300 E. 26th St., Ste. 310, Bryan, Texas, 77803, and the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711, on this the 2nd day of July, 2012.

Richard E. Wetzel
State Bar No. 21236300