

# IN THE
# TENTH COURT OF APPEALS

No. 10-10-00297-CR

GREGG CARL BAIRD,
                                                      Appellant
v.

THE STATE OF TEXAS,
                                                      Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-02494-CRF-272

## ABATEMENT ORDER

In this appeal, Appellant Gregg Baird has raised two issues: (1) the trial court abused its discretion by denying Baird's second amended motion to suppress evidence; and (2) the trial court abused its discretion by overruling objections to the admissibility of constitutionally protected conduct offered by the State as punishment evidence.

A copy of the trial court's certification of defendant's right of appeal is attached to this order. As to Baird's first issue, the certification states that this case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial

and not withdrawn or waived, and the defendant has the right of appeal."

As to Baird's right to appeal the matter raised in his second issue, the Court notes that the certification is defective because it also states that the case "is not a plea-bargain case as to punishment, and the defendant has the right of appeal." The record reflects that, for purposes of Rule of Appellate Procedure 25.2(a)(2), the case is a plea-bargain case—a charge bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); TEX. R. APP. P. 25.2(a)(2); *see also Kennedy v. State*, 297 S.W.3d 338, 341-42 (Tex. Crim. App. 2009). The record reflects that Baird pleaded guilty to ten counts and the State agreed that Penal Code section 12.45 would be applied to the remaining ninety counts.[1]

This defect must be cured by entry of an amended certification within 21 days after the date of this order, and this appeal is abated for that purpose. *Cf.* TEX. R. APP. P. 37.1. A supplemental clerk's record containing the amended certification must be filed within 35 days after the date of this order. If this supplemental record is not filed within 35 days, the appeal will be referred to the Court for appropriate orders. *Id.* 37.1.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Cause abated
Order issued and filed November 16, 2011
Do not publish

---

[1] Based on the trial court's apparent selection of and then scratching out of the certification's third option ("Is a plea bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.") and its handwritten addition ("as to punishment") to the certification's first option, it appears that the trial court likely intended to give Baird permission to appeal from the punishment phase. Nevertheless, because this is a plea-bargain case, the certification is defective and must be amended.

THIS IS TO CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY.

TENTH COURT OF APPEALS
SHARRI ROESSLER, CLERK

BY _____
DEPUTY

CAUSE NO. 09-02494-CRF-272

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 272 DISTRICT COURT |
| | § | ~~COUNTY COURT AT LAW NO. 1/2~~ |
| VS. | § | |
| Gregg Baird | § | |
| | § | OF BRAZOS COUNTY, TEXAS |

FILED
AUG 18 2010
MARC HAMLIN DIST CLERK
Brazos County, Texas
By _____ Deputy

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

☒ Is not a plea-bargain case, *as to punishment* and the defendant has the right of appeal. [or]

☒ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

⬤ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ Is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐ The defendant has waived the right of appeal.

_____   7-28-10
Judge                            Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

Defendant (if not represented by counsel)
Mailing address: _____
_____
Telephone number: _____
Fax number (if any): _____

Defendant's Counsel: Rick Wetzel
State Bar of Texas ID number: 21236300
Mailing address: 1411 West Ave
Austin, TX 78701
Telephone number: 512-469-7543
Fax number (if any): 512-474-5594

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case — that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).