

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0159-12

**GREGG CARL BAIRD, Appellant**

v.

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS BRAZOS COUNTY

**KELLER, P.J., filed a concurring opinion.**

I agree with the Court's analysis of the meaning of "apparent consent" as it pertains to this case.

But the Court says that whether Killian violated the law depends upon whether she had appellant's effective consent. I think that is not quite right. With respect to the offense of trespass, a defendant's intrusion without effective consent is criminal only if he had notice that entry was forbidden or received notice to depart but failed to do so.[1] On this record, the trial court could reasonably conclude that no notice of either type was conveyed to Killian. With respect to the

---

[1] TEX. PENAL CODE § 30.05(a).

BAIRD CONCURRENCE — 2

offense of breach of computer security, whether Killian violated the law can depend upon whether she *believed* that she had appellant's consent.[2] The trial court made no explicit finding of fact regarding whether Killian believed she had consent to access the computer, but the court did find credible her testimony regarding the circumstances of that access. The trial court concluded that she did not violate the law when she accessed his computer, and the record easily supports that conclusion.

      I concur in the Court's judgment.

Filed: May 8, 2013
Publish

---

[2] *See Id.* § 33.02(a)("A person commits an offense if the person *knowingly* accesses a computer, computer network, or computer system without the effective consent of the owner"); *McQueen v. State*, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989) (in a prosecution for unauthorized use of a motor vehicle, culpable mental state applies to the absence of consent). *See also Liparota v. United States*, 471 U.S. 419, 424 & n.7, 425 (1985) (discussing ambiguity that can be created by placement of "knowingly" at the beginning of a statute—"it is not at all clear how far down the sentence the word 'knowingly' is intended to travel"—and holding that the culpable mental state applies to language farther down the sentence "[a]bsent indication of contrary purpose in the language or legislative history of the statute").

**RICHARD E. WETZEL**
ATTORNEY AT LAW
Board Certified in Criminal Law By
The Texas Board of Legal Specialization
1411 West Avenue, Suite 100
Austin, TX 78701
(512)469-7943

E-MAIL: wetzel_law@1411west.com
www.TexasCriminalAppealsLawyer.com

January 18, 2012

Neil Hegefeld
Deputy Clerk
Tenth Court of Appeals
501 Washington Ave., Rm. 415
Waco, TX
76701

      Re: Baird v. State, No. 10-10-00297-CR

Dear Deputy Hegefeld:

    I have complied with TEX. R. APP. P. 48.4 in the above cause. A copy of the return receipt from the letter I mailed to my client is attached. Thank you for your attention to this matter.

    Sincerely,

    Richard E. Wetzel
    Attorney at Law

FILED
TENTH COURT OF APPEALS

JAN 1 9 2012

SHARRI ROESSLER, CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregg Baird
1662122
2893 HWY 6
Marlin, TX 76661

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kamie Wallace   ☒ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Kamie Wallace                   1-17-12

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7011 0470 0001 6170 4601

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7011 0470 0001 6170 4601

Postage   $
Certified Fee   $3.15
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees   $6.73

Sent To   Baird
Street, Apt. No.; or PO Box No.   2893 Hwy 6 Unit
City, State, ZIP+4   Marlin, TX 76661

Postmark 01/18/2012

PS Form 3800, August 2006   See Reverse for Instructions