No. PD-0159-12

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

**GREGG CARL BAIRD, Appellant**

*v.*

**THE STATE OF TEXAS**

ORIGINAL

FILED IN
COURT OF CRIMINAL APPEALS

AUG 29 2012

Louise Pearson, Clerk

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE DECISION BY THE
TENTH COURT OF APPEALS IN CAUSE NO. No. 10-10-00297-CR

**REPLY BRIEF FOR APPELLANT**

SCANNED
(CCA)

AUG 29 2012

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 2 2 2012

Louise Pearson, Clerk

No. PD-0159-12

# IN THE TEXAS COURT OF CRIMINAL APPEALS AT AUSTIN, TEXAS

**GREGG CARL BAIRD, Appellant**

*v.*

**THE STATE OF TEXAS**

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE DECISION BY THE
TENTH COURT OF APPEALS IN CAUSE NO. No. 10-10-00297-CR

## REPLY BRIEF FOR APPELLANT

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

# Table of Contents

|  | Page |
|---|---|
| Table of Contents | ii |
| Index of Authorities | iii |
| Statement of the Case | 1 |
| Baird's Question for Review | 1 |
| Does apparent consent result from an owner's failure to expressly deny consent? | |
| Reply to State's Brief | 1 |
|     A. Help yourself to anything | 1 |
|     B. Keep the door closed | 3 |
|     C. Privacy rights | 4 |
|     D. The roommate's access | 5 |
|     E. A computer is not a blender | 6 |
|     F. Conclusion | 7 |
| Prayer | 8 |
| Certificate of Service | 9 |

# Index of Authorities

Page

**Constitution**

U.S. CONST. amend. IV ....................4, 5

**Cases**

*Baird v. State*, ___ S.W.3d ___, 2012 WL 89905
(Tex. App. – Waco 2012, pet. granted) .................4, 5, 7

*Brackens v. State*, 312 S.W.3d 831
(Tex.App.-Houston [1st Dist.] 2009, pet. ref'd) .....................5

*Granados v. State*, 85 S.W.3d 217
(Tex. Crim. App. 2002) .....................5

*Miles v. State*, 241 S.W.3d 28
(Tex. Crim. App. 2007) .....................5

*United States v. Jacobsen*, 466 U.S. 109
(1984) .....................5

**Statutes**

TEX. CRIM. PROC. CODE art. 38.23 .....................5

TEX. PEN. CODE § 33.01 .....................6

TEX. PEN. CODE § 33.02 .....................6

**Rule**

TEX. R. APP. P. 38.3 .....................1

## Statement of the Case

Baird timely filed his opening brief. The State timely filed a brief. Pursuant to TEX. R. APP. P. 38.3, Baird now files his reply brief. The cause is set for submission on arguments on September 12, 2012.

## Baird's Question for Review

Does apparent consent result from an owner's failure to expressly deny consent?

## Reply to State's Brief

Baird offers the following reply to the arguments presented in the State's brief.

### A. Help yourself to anything

In attempting to defeat Baird's ground for review, the State repeatedly claims Baird invited Killien into his home and gave her free rein to anything in the home without restriction (State's brief at 13, 14, 22, and 26). The following portion of the record demonstrates the State's assertion is not well founded.

On direct examination by the prosecutor, Killien testified as follows:

> Q. Okay. And after you went through the house with Mr. Baird on this particular occasion, just before he left, did he indicate to you that anything was off limits?

> A. He did point out that the spare – there was a roommate and this was the roommate's bedroom and that was the roommate's office. You know, kid of indicating that those were probably places that neither I nor the dog would be going. But, no, he said help yourself to everything.
>
> Q. Okay. And I know you indicated to the police at the time that you reported this, that Mr. Baird told to you help yourself to anything or some words to that effect.
>
> A. Yes.
>
> Q. Do you recall that?
>
> A. Yes.
>
> Q. And did he say that?
>
> A. Yes, you know, he – in the kitchen he was opening cabinets and cupboards to show that the dog leash was underneath the stove and just kind of showing me where things were at (2 RR 19-20).

On cross examination, counsel for Baird asked Killien the following questions:

> Q. And certainly if you had seen a – hundred dollar bill in the house, you would not have thought that you could take that hundred dollar bill and spend it, would you?
>
> A. I don't understand the question.
>
> Q. That's okay. If you had seen a one hundred dollar bill lying there, you would not have thought you could help yourself to that, would you?
>
> A. I believe this is – I don't understand this question, but answer is no.

- 2 -

Q. Okay. Isn't it true that what Greg actually told you was that you could help yourself to anything to eat?

A. Not directly, no.

Q. Well, that was – that was the implication. He was looking in the refrigerator and said, "You can help yourself to anything," while y'all are looking in the refrigerator?

A. That's not the only time he said that (2 RR 43).

Read in context, Baird asserts the record shows he told Killien to help herself to anything she needed in relation to taking care of the dog and feeding herself. She understood that certain parts of the home were off limits. She had her own bedroom and bathroom during the stay in Baird's home. Despite Baird's instructions, she did not comply with Baird's directive to keep the door to his bedroom closed. She violated those directions when she opened the bedroom door and entered the bedroom.

### B. Keep the door closed

Despite having told Killien to keep the bedroom door closed, the State suggests Baird placed no limit on Killien's access to his bedroom and the computer located therein (State's brief at 14). Baird would show that assertion is not supported by the record. Killien testified:

Q. Okay. He gave you a tour of the house; but he told you to keep the door closed, is that right –

A. He said to –

Q. – to his bedroom.

A. Closed when he wasn't there – when I wasn't there.

Q. Did he add that, "When you were there?"

A. He added that. It was part of the statement I believe (2 RR 43-44).

The Court of Appeals agreed the record reflects Baird told Killien to keep his bedroom door shut at all times. *Baird v. State*, ___ S.W.3d ___, 2012 WL 89905, at *3 (Tex. App. – Waco 2012, pet. granted). For the first time in this Court, the State argues Baird's instructions simply told Killien to keep the door to his bedroom closed when she was in the bedroom (State's brief at 14). Baird maintains that argument is not supported by the record or the decision of the Court of Appeals which is before the Court for review.

### C. Privacy rights

The State seeks to defeat the ground of error on the basis Baird failed to exhibit an expectation of privacy in relation to Killien's access to his computer (State's brief at 21-22). Baird would remind the Court the instant ground does not present a standing or Fourth Amendment issue. Rather, Baird complains the evidence supporting his prosecution was unlawfully obtained by a private citizen

- 4 -

and properly gave rise to a motion to suppress under TEX. CRIM. PROC. CODE art. 38.23. As observed by the Court of Appeals below:

> Baird also complains of the trial court's conclusion that Baird had no reasonable expectation of privacy in the contents of his computer. *See Granados v. State,* 85 S.W.3d 217, 222–23 (Tex.Crim.App.2002) (accused has standing to contest search under Fourth Amendment only if he had legitimate expectation of privacy in place that government officials or agents invaded). We need not address this issue because the Fourth Amendment is not implicated with a private actor like Killian. *See Brackens v. State,* 312 S.W.3d 831, 837 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd); *see also U.S. v. Jacobsen,* 466 U.S. 109, 117–18, 104 S.Ct. 1652, 1658–59, 80 L.Ed.2d 85 (1984). *Baird,* 2012 WL 89905, n.7, at *6.

### D. The roommate's access

Citing *Miles v. State*, 241 S.W.3d 28, 39 (Tex. Crim. App. 2007), the State argues Baird's art. 38.23 complaint should fail because Baird allowed his roommate access to the computer in Baird's bedroom (State's brief at 21, n.9). The State argues access by a third party undermines Baird's privacy rights in the computer stored in his bedroom and provides an independent basis for this Court to reject the ground for review. The State concedes the argument was not presented below, was not addressed by the Court of Appeals, and is not part of the consent issue before the Court. Baird would further note the record does not support the State's assertion that the roommate was allowed to store his own files on the

computer (State's brief at 7 and 21). The file containing the roommate's documents was generated by Baird and not his roommate (3 RR 62).

### E. A computer is not a blender

Ignoring TEX. PEN. CODE § 33.02, the State argues a computer is simply a household appliance which Killien was entitled use because Baird told her to help herself to anything (State's brief at 22). The argument ignores the special status the legislature has seen fit to ascribe to a computer and the unauthorized use of a computer. Indeed, § 33.01(4) defines the term computer in the following manner:

> (4) "Computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device that performs logical, arithmetic, or memory functions by the manipulations of electronic or magnetic impulses and includes all input, output, processing, storage, or communication facilities that are connected or related to the device.

As argued above, Baird's invitation for Killien to help herself to anything is not nearly as broad as portrayed by the State. Killien was only able to help herself to the computer in Baird's bedroom only after disregarding Baird's instructions to keep the door closed.

## F. Conclusion

The question before the Court concerns the recovery of evidence while a private citizen was committing the offenses of criminal trespass and breach of computer security. Baird sought to suppress evidence discovered while his dog sitter was in violation of the law. Although noting Baird told the dog sitter to keep the door to his bedroom closed, the Court of Appeals found it significant that Baird "did not tell her *not* to go into his bedroom and *not* to use his computer." *Baird*, 2012 WL 89905, at *3 (emphasis in original). While agreeing express consent was not shown, the court nevertheless found the dog sitter had apparent consent to enter Baird's bedroom and access the computer because he had not told her to do neither. *Baird*, 2012 WL 89905, at *4.

Baird continues to maintain the notion of finding apparent consent when express consent is not specifically denied turns the concept of voluntary and intelligent consent on its head and holds the potential for much mischief. The Court of Appeals failed to set forth any authority for its novel theory that assent in fact from apparent consent is present when express consent is not expressly withheld.

This Court should disabuse the Court of Appeals of the novel and misguided holding that apparent consent is present simply because an owner fails to expressly

deny consent. It is undisputed the sitter was told to keep the door to Baird's bedroom closed and she was not given express or apparent consent to access his computer. That should be enough to show, as a matter of law, she did not have Baird's assent in fact to criminally trespass in his bedroom and unlawfully access his computer.

## Prayer

Wherefore, premises considered, Baird prays this Court will reverse the judgment of the Court of Appeals, remand to the Court of Appeals, or enter any other relief appropriate under the law and the facts.

Respectfully submitted,

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701

(512) 469-7943 – phone
(512) 474-5594 – facsimile
wetzel_law@1411west.com

Attorney for Appellant
Gregg Carl Baird

## Certificate of Service

I, Richard E. Wetzel, counsel for appellant, do hereby certify that a true and correct copy of the foregoing document was mailed with pre-paid first class postage to counsel for the State, Jeff Garon, Assistant District Attorney, 300 E. 26th St., Ste. 310, Bryan, Texas, 77803, and the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711, on this the 22nd day of August, 2012.

*/s/ Richard E. Wetzel*
Richard E. Wetzel
State Bar No. 21236300