ORIGINAL *159-12*

NO. PD-0159-12

IN THE TEXAS COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

---

GREGG CARL BAIRD, Appellant

*v.*

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 09 2012

Louise Pearson, Clerk

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE DECISION BY THE
TENTH COURT OF APPEALS IN CAUSE NO. 10-10-00297-CR**

---

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701

(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 8 - 2012

Louise Pearson, Clerk

NO. PD-0159-12

## IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

---

### GREGG CARL BAIRD, Appellant

*v.*

### THE STATE OF TEXAS

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE DECISION BY THE
## TENTH COURT OF APPEALS IN CAUSE NO. 10-10-00297-CR

---

Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue, Suite 100
Austin, Texas 78701

(512) 469-7943
(512) 474-5594 - facsimile

Attorney for Appellant
Gregg Carl Baird

## Table of Contents

**Page**

Table of Contents . . . . . . . . . . . . . . . .ii

Index of Authorities . . . . . . . . . . . . . . iii

Statement Regarding Oral Argument . . . . . . . . . . . . . . . .1

Statement of the Case . . . . . . . . . . . . . . . .1

Statement of Procedural History . . . . . . . . . . . . . . . .1

First Question and Reasons for Review . . . . . . . . . . . . . . . .2

Does apparent consent result from an owner's failure to expressly deny consent?

Second Question and Reasons for Review . . . . . . . . . . . . . . . .7

Does *Lawrence v. Texas* permit a court to admit and consider evidence of homosexual conduct offered in punishment to demonstrate the defendant's "sexual propensities" and "proclivities?"  (5 RR 23, 51, 53, 59, 178, and 185).

Prayer . . . . . . . . . . . . . . .13

Certificate of Service . . . . . . . . . . . . . . .13

Appendix . . . . . . . . . . . . . . .13

## Index of Authorities

Page

### Constitution

U.S. Const. amend. I . . . . . . . . . . . . . .8, 9

U.S. Const. amend. XIV . . . . . . . .10, 11, 12

### Cases

*Alford v. State*, ___ S.W.3d ___, 2012 WL 385263
(Tex. Crim. App. 2012) . . . . . . . . . . . . . . .9

*Allison v. State*, 113 S.W.3d 476
(Tex. App. – Houston [1st Dist]. 2003, no pet.) . . . . . . . . . . . . . . .5

*Baird v. State*, ___ S.W.3d ___, 2012 WL 89905
(Tex. App. – Waco 2012, pet. filed) . . . . . . . . . . *passim*

*Davis v. State*, 329 S.W.3d 798
(Tex. Crim. App. 2010) . . . . . . . . . . . . . . .9

*Dawson v. Delaware*, 503 U.S. 159
(1992) . . . . . . . . . . . . . . .8

*Ellett v. State*, 607 S.W.2d 545
(Tex. Crim. App. 1980) . . . . . . . . . . . . .5, 7

*Foucha v. Louisiana*, 514 U.S. 71
(1992) . . . . . . . . . . . . . .10

*Karenev v. State*, 281 S.W.3d 428
(Tex. Crim. App. 2009) . . . . . . . . . . . . . .11

*Lawrence v. Texas*, 539 U.S. 558
(2003) . . . . . .7, 10, 11, 12

*Mason v. State*, 905 S.W.2d 570
(Tex. Crim. App. 1995) . . . . . . . . . . . . . . .9

*Muhammed v. State*, 331 S.W.3d 187
(Tex. App. – Houston [14th Dist.] 2011, pet. ref'd) . . . . . . . . . . . . . . .6

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738
(5th Cir. 2008) . . . . . . . . . . . . . .10

*Reno v. Flores*, 507 U.S. 292
(1993) . . . . . . . . . . . . . .11

*Skinner v. State*, 293 S.W.3d 196
(Tex. Crim. App. 2009) . . . . . . . . . . . . . . .9

*Valtierra v. State*, 310 S.W.3d 442
(Tex. Crim. App. 2010) . . . . . . . . . . . . . .5

*Washington v. Glucksberg,* 521 U.S. 702
(1997) . . . . . . . . . . . . . .10

*Whittle v. State*, 2004 WL 102346
(Tex. App. – Fort Worth 2004, pet. ref'd) . . . . . . . . . . . . . . .9

*Woodard v. State*, 170 S.W.3d 726
(Tex. App. – Waco 2005, pet. ref'd) . . . . . . . . . . . . . . .9

**Statutes**

TEX. CRIM. PROC. CODE art. 37.07 § 3(a)(1) . . . . . . . . . . . . . .12

TEX. CRIM. PROC. CODE art. 38.23 . . . . . . . . . . . . . .4

TEX. PEN. CODE § 1.07(a)(11) . . . . . . . . . . . . . .5

TEX. PEN. CODE § 30.05(a)(1) . . . . . . . . . . . . . .5

TEX. PEN. CODE § 33.02(a) . . . . . . . . . . . . . .6

**Rules**

TEX. R. APP. P. 44.2(a) . . . . . . . . . . . . . .12

TEX. R. APP. P. 47.7(a) . . . . . . . . . . . . . .9

TEX. R. APP. P. 66.3(b) . . . . . . . . . . . .7, 12

TEX. R. APP. P. 66.3(c) . . . . . . . . . . . .7, 12

TEX. R. APP. P. 66.3(f) . . . . . . . . . . . .13

TEX. R. APP. P. 77.3 . . . . . . . . . . . . . .9

TEX. R. EVID. 403 . . . . . . . . . . . . . .9

**Secondary Material**

3 Wayne R. LaFave, Substantive Criminal Law § 21.1(a) (2nd ed. 2003) . . . .5

1 Charles A. Torcia, Wharton's Criminal Law § 46 (15th ed. 1993) . . . . . . . .5

3 Charles A. Torcia, Wharton's Criminal Law § 319 (15th ed. 1993) . . . . . . .6

Tribe, *Lawrence v. Texas*: *The "Fundamental Right" That Dare Not Speak Its Name,* 117 Harv. L. Rev. 1893 (2004)    . . . . . . . . . . . . . .11

## Statement Regarding Oral Argument

Argument is requested. Grounds for review of first impression are presented for the Court's consideration on discretionary review. Appellant respectfully suggests argument would aid the Court in the decisional process.

## Statement of the Case

Baird was charged in a multi-count indictment with possession of child pornography (1 CR 1). A motion to suppress the pornography was filed, litigated, and denied (1 CR 74, 3 RR 86). Pursuant to a charge plea bargain, Baird pleaded guilty to ten counts and was found guilty by the court (4 RR 9, 6 RR 4). Punishment was assessed at a cumulative 15 year sentence to be followed by a suspended ten year sentence (6 RR 4-5). The trial court certified Baird's right to appeal the motion to suppress and gave permission to appeal (Supp. CR 7-8).

## Statement of Procedural History

The Court of Appeals affirmed the convictions in a published opinion. *Baird v. State*, ___ S.W.3d ___, 2012 WL 89905 (Tex. App. – Waco 2012, pet. filed). No motion for rehearing was filed. Following the granting of an extension, the petition is due on or before March 12, 2012.

### First Question and Reasons for Review

**Does apparent consent result from an owner's failure to expressly deny consent?**

This ground for review concerns the recovery of evidence while a private citizen was committing the offenses of criminal trespass and breach of computer security. Baird sought to suppress evidence discovered while his dog sitter was in violation of the law. Although noting Baird told the dog sitter to keep the door to his bedroom closed, the Court of Appeals found it significant that Baird "did not tell her *not* to go into his bedroom and *not* to use his computer." *Baird*, 2012 WL 89905, at *3 (emphasis in original). While agreeing express consent was not shown, the court nevertheless found the dog sitter had apparent consent to enter his bedroom and access the computer because he had not told her to do neither. *Baird*, 2012 WL 89905, at *4. Baird maintains the notion of finding apparent consent when express consent is not specifically denied turns the concept of voluntary and intelligent consent on its head and holds the potential for much mischief.

Baird hired a dog sitter to stay in his home and take care of his dog while he was on vacation (2 RR 14). The sitter met with Baird on two occasions before he left on vacation (2 RR 16). He walked the sitter through the house (2 RR 16). He showed her his bedroom which was the master bedroom and connected bath (2 RR 17). He told her to "help yourself to

-2-

everything" while in the kitchen opening cabinets and displaying various food items (2 RR 19, 20).

Before leaving for vacation, Baird told the sitter to keep the door to his bedroom closed because he did not want the dog in his bedroom (2 RR 41, 3 RR 56). The sitter was to keep the door to Baird's bedroom closed both when she was gone and when she was in the home (2 RR 43-44). Baird never told the sitter she could use the computer in his bedroom (2 RR 46, 3 RR 57).

On the second day of her duties, the dog sitter opened the door to Baird's bedroom, entered the bedroom, and accessed his computer (2 RR 21). She "woke up" the computer by shaking the mouse (2 RR 22). She opened the recent documents folder and saw file names suggestive of child pornography (2 RR 23). She opened the recycle bin of the computer and saw thumbnail images of child pornography (2 RR 24). She opened a video stored on the computer which contained images of child pornography (2 RR 26). After first consulting others including counsel, the dog sitter reported what she had seen on Baird's computer to the police (2 RR 29, 47, 7 RR CEX 1). A search warrant for Baird's home was obtained and the child pornography forming the basis of his prosecution was recovered from electronic devices in his bedroom.

Relying on TEX. CRIM. PROC. CODE art. 38.23, Baird filed a motion to suppress evidence arguing the sitter's access of his computer constituted the offense of breach of computer security and her presence in this bedroom was a criminal trespass (1 CR 74). The trial court denied the motion to suppress (3 RR 86). It entered findings of fact and conclusions of law on the issues addressed in the suppression hearing (2 CR 321). The trial court found Baird placed no limits or restriction on the sitter's access to his bedroom or computer (2 CR 321). The trial court concluded the sitter had Baird's effective consent to access his bedroom and computer (2 RR 322).

Baird challenged the trial court's findings and conclusions on appeal. *Baird*, 2012 WL 89905, at *3-4. Although noting Baird told the dog sitter to keep the door to his bedroom closed, the court nevertheless affirmed because he "did not tell her *not* to go into his bedroom and *not* to use his computer." *Baird*, 2012 WL 89905, at *3 (emphasis in original). While agreeing express consent was not shown, the Court nevertheless found the dog sitter had apparent consent to enter the bedroom and access the computer. *Baird*, 2012 WL 89905, at *4

The Court of Appeals failed to set forth any authority for its novel theory that assent in fact from apparent consent is present when express consent is not expressly withheld. Consent means assent in fact, whether

express or apparent. TEX. PEN. CODE § 1.07(a)(11). It is elementary that apparent consent is not effective unless, as a factual matter, it is voluntary and intelligent. 1 Charles A. Torcia, Wharton's Criminal Law § 46 at 304 (15th ed. 1993). Baird never voluntarily and intelligently gave the dog sitter apparent or express consent to enter his bedroom and access his computer. This Court has previously rejected a claim of apparent consent put forth by a burglary defendant in relation to an abandoned building with an open door. *See Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. 1980).

The dog sitter's actions constituted the offense of criminal trespass under TEX. PEN. CODE § 30.05(a)(1). *See Valtierra v. State*, 310 S.W.3d 442, 450 (Tex. Crim. App. 2010) (recognizing an owner may limit consent to enter particular portions of property); *Allison v. State*, 113 S.W.3d 476, 478 (Tex. App. – Houston [1st Dist]. 2003, no pet.) (finding consent to enter a habitation does not extend to rooms in which owner has manifested an intent to exclude others).

Professor LaFave explains the common law in the following manner:

The law sought only to keep out intruders, committing a breaking when he so entered. When the authority granted was restricted to certain portions of the structure or times of the day, there was breaking when the structure was opened in violation of these restrictions. Thus when a servant entered a section of a house without permission there was a breaking as the master had closed off the section and not invited him in.

3 Wayne R. LaFave, Substantive Criminal Law § 21.1(a) at 207 (2nd ed. 2003).

> In like manner, Professor Wharton explains:

> Thus, if a servant has permission to enter a dwelling house only during working hours, his use of the key and opening of the door during non-working hours would be trespassory and amount to a break. Likewise, if the servant has permission to enter only a portion of the dwelling house, his opening of a door in the forbidden portion would be trespassory and amount to a break.

3 Charles A. Torcia, Wharton's Criminal Law § 319 at 237-238 (15th ed. 1993).

The dog sitter accessed Baird's computer which was located in his bedroom. She did not have Baird's consent to use the computer. Her actions constituted the offense of breach of computer security under TEX. PEN. CODE § 33.02(a). *See Muhammed v. State*, 331 S.W.3d 187, 192 (Tex. App. – Houston [14[th] Dist.] 2011, pet. ref'd) (observing that to obtain a conviction under this statute, the State must prove that the defendant knowingly accessed a computer, computer network, or computer system, knowing that this act was without the effective consent of the owner).

This Court should grant review to consider the novel and misguided holding that apparent consent is present simply because an owner fails to expressly deny consent. It is undisputed the sitter was told to keep the door

to Baird's bedroom closed and she was not given consent to access his computer. That should be enough to show, as a matter of law, she did not have Baird's apparent consent to trespass in his bedroom and unlawfully access his computer.

Baird submits the decision below presents an important question of state law which is unsettled and upon which review should be granted. TEX. R. APP. P. 66.3(b). The decision below conflicts with *Ellett,* 607 S.W.2d 545 and review should be granted. TEX. R. APP. P. 66.3(c).

### Second Question and Reasons for Review

**Does *Lawrence v. Texas* permit a court to admit and consider evidence of homosexual conduct offered in punishment to demonstrate the defendant's "sexual propensities" and "proclivities?" (5 RR 23, 51, 53, 59, 178, and 185).**

Sentencing was before the court (5 RR 8). Baird objected to the admissibility of any evidence concerning adult male bondage and homosexual conduct as violating due process under *Lawrence v. Texas*[1] (5 RR 22). The State claimed it was offering the evidence to give the court a complete and full picture of this Baird's "sexual proclivities, the extent to which he will indulge in those sexual proclivities" and "sexual propensities" (5 RR 10, 23). The trial court overruled the objection and a running objection was granted (5 RR 23).

---

[1] 539 U.S. 558 (2003).

The court admitted images of Baird engaged in sadomasochistic conduct with himself and other adults (5 RR 53-54).  Chat logs of Baird's efforts to arrange homosexual liaisons with strangers met online were admitted (5 RR 59).  The State was allowed to cross-examine Baird as to his activities in seeking out adult sexual partners on the internet for consensual homosexual and sadomasochistic encounters (5 RR 178).  The trial court overruled Baird's due process objection to cross-examination concerning the purchase and utilization of sexual gratification devices (5 RR 185).

During argument at sentencing, the State made repeated specific references to Baird's online sexual chats, ordering sexual devices, acting out his sexual fantasies, consensual adult activities, and reaching out on the internet for sexual liaisons with adult strangers (5 RR 228, 229, 230, 232, 233, 234).  Upon sentencing Baird, the trial court made specific reference to one of the online homosexual chats by Baird concerning his sexual urges (6 RR 6).

Citing a series of death penalty cases, the Court of Appeals found no error in the admission of the complained evidence.  *Baird*, 2012 WL 89905, at *6.  Those opinions concern First Amendment challenges to the admissibility of evidence of religion and association.  *See Dawson v. Delaware*, 503 U.S. 159, 167 (1992) (finding First Amendment right violated

by the admission of Aryan Brotherhood evidence which was not shown to have relevance to sentencing proceeding); *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010) (finding evidence of Satanism relevant to the issue of future dangerousness and outside the protection of the First Amendment); and *Mason v. State*, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995) (finding evidence of gang membership relevant to future dangerousness and outside the protection of the First Amendment).

The Court of Appeals additionally relied on *Woodard v. State*, 170 S.W.3d 726 (Tex. App. – Waco 2005, pet. ref'd). *Baird*, 2012 WL 89905, at *6. There, the court rejected a relevancy and TEX. R. EVID. 403 challenge to the admissibility of the defendant's "White Pride" tattoo in a murder prosecution involving a black complainant. *Woodard*, 170 S.W.3d at 729. Finally, the Court relied on *Whittle v. State*, 2004 WL 102346 (Tex. App. – Fort Worth 2004, pet. ref'd)[2] (rejecting relevancy objection to admission of cartoon depicting child pornography).

Baird did not present a First Amendment challenge to the evidence in relation to his third degree felony convictions and maintains the First Amendment analysis by the Court of Appeals does not answer the

---

[2] It is well settled an unpublished opinion in a criminal matter, whether by the Court of Criminal Appeals or a Court of Appeals, has no precedential value and should not be cited by counsel or a court. *Alford v. State*, ___ S.W.3d ___, 2012 WL 385263 at *6 (Tex. Crim. App. 2012); *Skinner v. State*, 293 S.W.3d 196, 202 (Tex. Crim. App. 2009); TEX. R. APP. P. 47.7(a) and 77.3.

substantive due process argument presented on appeal.   Likewise, Baird

presented no relevancy challenge, nor did he claim the evidence was more

prejudicial than probative.   The answers provided by the Court of Appeals

fail to respond to the question presented on appeal.

Consenting adults enjoy a due process right to engage in sexual

practices common to a homosexual lifestyle. *Lawrence*, 539 U.S. 558, 578.

The government cannot intervene in such conduct or make it criminal.  *Id. at*

*578.*  Correspondingly, the government may not burden the due process right

of an individual who wants to legally use a safe sexual device during private

intimate moments alone or with another. *Reliable Consultants, Inc. v. Earle*,

517 F.3d 738, 744 (5th Cir. 2008).

The substantive component of the Due Process Clause of the United

States Constitution provides heightened protection against government

interference with fundamental rights or liberty interests.   *Washington v.*

*Glucksberg,* 521 U.S. 702, 719 (1997).  Substantive due process serves to

prevent the arbitrary and capricious infringement upon a person's

constitutionally protected individual rights. *Foucha v. Louisiana*, 514 U.S.

71, 79-80 (1992).  If an individual right is deemed fundamental, however,

substantive due process precludes the government from infringing upon it at

all, no matter what process is provided, unless the infringement is narrowly

tailored to serve a compelling state interest.   *Reno v. Flores*, 507 U.S. 292, 301-302 (1993).

There is a bedrock American notion that we do not convict and punish people for unconstitutional crimes such as those found to violate due process in *Lawrence*.  *Karenev v. State*, 281 S.W.3d 428, 440 (Tex. Crim. App. 2009) (Cochran, J., concurring).   The Due Process basis of *Lawrence* has been interpreted in the following manner:

> *Lawrence* is a multilayered story. Only on its surface is it a story about removing the sanction of criminal punishment from those who commit sodomy. Given that the criminal laws in this field have notoriously been honored in the breach and, almost from the start, have languished without enforcement, *Lawrence* quickly becomes a story about how the very fact of criminalization, even unaccompanied by any appreciable number of prosecutions, can cast already misunderstood or despised individuals into grossly stereotyped roles, which become the source and justification for treating those individuals less well than others. The outlawed acts-visualized in ways that obscure their similarity to what most sexually active adults themselves routinely do-come to represent human identities, and this reductionist conflation of ostracized identity with outlawed act in turn reinforces the vicious cycle of distancing and stigma that preserves the equilibrium of oppression in one of the several distinct dynamics at play in the legal construction of social hierarchy. *Lawrence* is a story, too, of shifting societal attitudes toward homosexuality, sex, and gender-a story of cultural upheaval that is related to law roughly as the chicken is to the proverbial egg. But, perhaps more than anything else, *Lawrence* is a story of what "substantive due process," that stubborn old oxymoron, has meant in American life and law.

Tribe, *Lawrence v. Texas*: *The "Fundamental Right" That Dare Not Speak Its Name,* 117 Harv. L. Rev. 1893, 1896-97 (2004) (footnotes omitted).

The State conceded at sentencing it was offering the complained of evidence to show Baird's sexual propensities and proclivities. That was not permissible because the conduct is constitutionally protected conduct under the Due Process Clause of the Fourteenth Amendment to the Constitution. It could not play a part in the court's sentencing decision. The evidence did not demonstrate Baird's character or an extraneous offense or bad act for which he could be held criminally responsible. See TEX. CRIM. PROC. CODE art. 37.07 § 3(a)(1). The evidence was offered solely to more harshly punishing Baird for otherwise engaging in constitutionally protected conduct. This Court should find error in the holding by the Court of Appeals and remand for a TEX. R. APP. P. 44.2(a) constitutional harm analysis of the Due Process *Lawrence* error.

Baird submits the decision below presents an important question of both state and federal law which is unsettled and upon which review should be granted. TEX. R. APP. P. 66.3(b). The decision below conflicts with *Lawrence v. Texas* and review should be granted. TEX. R. APP. P. 66.3(c). Finally, the failure by the Court of Appeals to address Baird's substantive

due process arguments calls for an exercise of this Court's power of supervision. TEX. R. APP. P. 66.3(f).

**Prayer**

Wherefore, premises considered, Baird prays this Court will grant his petition for discretionary review and reverse the judgment of the Court of Appeals, remand to the Court of Appeals, or enter any other relief appropriate under the law and the facts.

Respectfully submitted,

Richard E. Wetzel
State Bar No. 21236300
1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 469-7943
(512) 474-5594 - facsimile
Attorney for Appellant
Gregg Carl Baird

**Certificate of Service**

I, Richard E. Wetzel, counsel for appellant, do hereby certify that a true and correct copy of the foregoing document was mailed with pre-paid first class postage to counsel for the State, Jeff Garon, Assistant District Attorney, 300 E. 26th St., Ste. 310, Bryan, Texas, 77803, and the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711, on this the 9th day of March, 2012.

Richard E. Wetzel
State Bar No. 21236300

**Appendix**

Westlaw.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RE-LEASED FOR PUBLICATION IN THE PER-MANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAW-AL.

Court of Appeals of Texas,
Waco.
Gregg Carl BAIRD, Appellant
v.
The STATE of Texas, Appellee.

No. 10–10–00297–CR.
Jan. 11, 2012.

**Background:** Defendant was convicted in the 272nd District Court, Brazos County, of possession of child pornography. Defendant appealed.

**Holdings:** The Court of Appeals, Davis, J., held that:
(1) dog-sitter who found child pornography did not commit criminal trespass or breach of computer se-curity, and
(2) trial court did not abuse its discretion in admit-ting evidence at sentencing of defendant legal sexu-al conduct.

Affirmed.

West Headnotes

[1] Criminal Law 110 ⚖➞1134.49(4)

110 Criminal Law
　110XXIV Review
　　110XXIV(L) Scope of Review in General
　　　110XXIV(L)4 Scope of Inquiry
　　　　110k1134.49 Evidence
　　　　　110k1134.49(4) k. Illegally Ob-tained Evidence. Most Cited Cases

Criminal Law 110 ⚖➞1158.12

110 Criminal Law
　110XXIV Review
　　110XXIV(O) Questions of Fact and Findings
　　　110k1158.8 Evidence
　　　　110k1158.12 k. Evidence Wrongfully Obtained. Most Cited Cases
　　In reviewing a trial court's ruling on a motion to suppress evidence the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony, and therefore, the appellate court gives almost total de-ference to the trial court's rulings on questions of historical fact, and application-of-law-to-fact ques-tions that turn on an evaluation of credibility and demeanor.

[2] Criminal Law 110 ⚖➞1139

110 Criminal Law
　110XXIV Review
　　110XXIV(L) Scope of Review in General
　　　110XXIV(L)13 Review De Novo
　　　　110k1139 k. In General. Most Cited Cases
　　In reviewing a trial court's ruling on a motion to suppress evidence, application-of-law-to-fact questions that do not turn on the credibility and de-meanor of the witnesses are reviewed de novo.

[3] Criminal Law 110 ⚖➞1144.12

110 Criminal Law
　110XXIV Review
　　110XXIV(M) Presumptions
　　　110k1144 Facts or Proceedings Not Shown by Record
　　　　110k1144.12 k. Reception of Evid-ence. Most Cited Cases
　　When reviewing the trial court's ruling on a motion to suppress, the appellate court must view the evidence in the light most favorable to the trial court's ruling.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

**[4] Criminal Law 110 ⬅1144.12**

110 Criminal Law
    110XXIV Review
        110XXIV(M) Presumptions
            110k1144 Facts or Proceedings Not
Shown by Record
                110k1144.12 k. Reception of Evidence. Most Cited Cases

**Criminal Law 110 ⬅1158.12**

110 Criminal Law
    110XXIV Review
        110XXIV(O) Questions of Fact and Findings
            110k1158.8 Evidence
                110k1158.12 k. Evidence Wrongfully
Obtained. Most Cited Cases
    When the trial court makes explicit fact findings in ruling on a motion to suppress evidence, the appellate court must determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.

**[5] Criminal Law 110 ⬅1139**

110 Criminal Law
    110XXIV Review
        110XXIV(L) Scope of Review in General
            110XXIV(L)13 Review De Novo
                110k1139 k. In General. Most Cited
Cases
    When reviewing the trial court's ruling on a motion to suppress, the appellate court reviews the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.

**[6] Criminal Law 110 ⬅392.49(4)**

110 Criminal Law
    110XVII Evidence
        110XVII(I) Competency in General
            110k392.1 Wrongfully Obtained Evidence
                110k392.49 Evidence on Motions
                    110k392.49(3) Weight and Sufficiency

                    110k392.49(4) k. In General.
Most Cited Cases
    Trial court's finding, in ruling on defendant's motion to suppress based on trespass, that defendant placed no limits on dog-sitter's access to his computer where dog-sitter found child pornography was supported by the evidence; both defendant and dog-sitter testified that defendant never told dog-sitter she could not go into his bedroom or use his computer while she was staying at his house.

**[7] Criminal Law 110 ⬅392.9**

110 Criminal Law
    110XVII Evidence
        110XVII(I) Competency in General
            110k392.1 Wrongfully Obtained Evidence
                110k392.9 k. Nature of Misconduct
Warranting Suppression in General. Most Cited Cases

**Criminal Law 110 ⬅392.13(2)**

110 Criminal Law
    110XVII Evidence
        110XVII(I) Competency in General
            110k392.1 Wrongfully Obtained Evidence
                110k392.13 Persons Procuring or
Providing Evidence
                  110k392.13(2) k. Private Persons;
Necessity of State Action. Most Cited Cases
    If a defendant challenges the admissibility of evidence on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law. Vernon's Ann.Texas C.C.P. art. 38.23.

**[8] Criminal Law 110 ⬅392.9**

110 Criminal Law
    110XVII Evidence
        110XVII(I) Competency in General
            110k392.1 Wrongfully Obtained Evidence
                110k392.9 k. Nature of Misconduct
Warranting Suppression in General. Most Cited Cases

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

Cases

Defendant gave dog-sitter effective consent to use his computer, where she found child pornography, and thus dog-sitter did not commit criminal trespass or breach of computer security as would support defendant's motion to suppress evidence found by dog-sitter. Vernon's Ann.Texas C.C.P. art. 38.23; V.T.C.A., Penal Code § 1.07(a)(19).

**[9] Criminal Law 110 ⊷1134.26**

110 Criminal Law
    110XXIV Review
        110XXIV(L) Scope of Review in General
            110XXIV(L)3 Questions Considered in General
                110k1134.26 k. Mootness. Most Cited Cases

The Court of Appeals would not consider defendant's argument that he had a reasonable expectation of privacy in the contents of his computer, because dog-sitter who found child pornography on defendant's computer was not a state actor as would implicate the Fourth Amendment. U.S.C.A. Const.Amend. 4.

**[10] Sentencing and Punishment 350H ⊷308**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General
        350HII(F) Evidence
            350Hk307 Admissibility in General
                350Hk308 k. In General. Most Cited Cases

Evidence is relevant to sentencing, if the evidence is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. Vernon's Ann.Texas C.C.P. art. 37.07 § 3(a).

**[11] Sentencing and Punishment 350H ⊷308**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General
        350HII(F) Evidence
            350Hk307 Admissibility in General

350Hk308 k. In General. Most Cited Cases

Punishment evidence offered at sentencing need not be evidence of an illegal act.

**[12] Sentencing and Punishment 350H ⊷308**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General
        350HII(F) Evidence
            350Hk307 Admissibility in General
                350Hk308 k. In General. Most Cited Cases

The Constitution is not a per se barrier to the admission of evidence at sentencing merely because the evidence involves conduct that is constitutionally protected; such evidence may be admissible if it is shown to be relevant to the issues involved in the case.

**[13] Sentencing and Punishment 350H ⊷313**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General
        350HII(F) Evidence
            350Hk313 k. Other Offenses, Charges, Misconduct. Most Cited Cases

Trial court did not abuse its discretion in admitting, during sentencing for possession of child pornography, evidence of defendant's other sexual conduct, even though that conduct was not illegal. Vernon's Ann.Texas C.C.P. art. 37.07.

Richard E. Wetzel, for Gregg Carl Baird.

Bill R. Turner, Danny W. Smith, for The State of Texas.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

**OPINION**

REX D. DAVIS, Justice.

*1 Appellant Gregg Baird was charged with committing thirteen counts of possession of child

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

pornography. After the trial court denied Baird's motion to suppress, Baird pleaded guilty. Under the plea bargain, Baird pleaded guilty to ten of the counts, the State agreed to dismissal of ninety un-adjudicated offenses (by the application of Penal Code section 12.45), and the parties waived a jury without reaching a punishment agreement. After a punishment hearing, the trial court accepted Baird's guilty plea and assessed a ten-year sentence on count 1, a five-year sentence on count 2 (cumulated on count 1's sentence), and a ten-year sentence on count 3 (suspended for ten years of community supervision). The sentence on each remaining count was assessed at ten years, to be served consecutively with count 1's sentence.

Baird raises two issues: (1) the trial court abused its discretion by denying Baird's second amended motion to suppress evidence; and (2) the trial court abused its discretion by overruling objections to the admissibility of constitutionally protected conduct offered by the State as punishment evidence.

### Suppression

[1][2] We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App.2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Best v. State,* 118 S.W.3d 857, 861 (Tex.App.-Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex.Crim.App.2007); *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000), *modified on other grounds by State v. Cullen,* 195 S.W.3d 696 (Tex.Crim.App.2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on

an evaluation of credibility and demeanor. *Amador,* 221 S.W.3d at 673; *Montanez v. State,* 195 S.W.3d 101, 108–09 (Tex.Crim.App.2006); *Johnson v. State,* 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador,* 221 S.W.3d at 673; *Johnson,* 68 S.W.3d at 652–53.

[3][4][5] When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede,* 214 S.W.3d at 24; *State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App.2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly,* 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 819.

**\*2** The evidence at the suppression hearing shows that Baird hired Dawn Killian, who casually knew Baird through her boss, to stay at his home and to care for his dog while he was on a ten-day vacation to Panama with his parents. She met with Baird twice at his home, first to meet the dog, and second, on the day of Baird's departure, to be shown around the house. In the second meeting, Killian said that Baird walked her through the house and told her to "help yourself to everything," which he also said when he showed her the kitchen. Baird showed her how to operate his television and stereo.

Killian said that Baird also walked her through his bedroom and bathroom and told her to keep his bedroom door closed (both when she was and was not in the home) because he did not want his dog in the bedroom. Killian was to stay in a guest bedroom. Baird had a roommate who had his own bedroom and office, and Baird indicated that those

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

were places that Killian and the dog would not be going in. Killian testified that Baird did not specifically tell her where she could and could not go in the house and that he did not specifically instruct her to not go into his bedroom or that anything was "off limits."

On the evening of May 8, 2009, Killian went into Baird's bedroom to use his computer to try to copy two songs from a music CD to her new phone. Baird had not specifically told her not to use his computer, nor did he specifically tell her that she could use it. The computer was on but in sleep mode, and when she moved the mouse, the computer's desktop came on. A password was not needed to access the computer. After copying the songs to the computer and then realizing it would be more complicated to get them on her phone, Killian decided to delete the songs. She went into the "recent documents" folder to delete the songs and saw file names suggestive of child pornography. She next opened the "recycle bin" and saw thumbnail images of child pornography and then began playing a video that depicted child pornography.

After anonymously consulting with others in an online forum and then discussing it with people she knew, Killian reported what she had seen on Baird's computer to the College Station police. A search warrant was obtained and executed, and child pornography was found on several devices seized from Baird's home.

Baird testified at the suppression hearing. He said that he never gave Killian permission to enter his bedroom or to use his computer, and he disputed that he even showed her his bedroom. But he admitted that, other than telling her to keep the bedroom door closed so that the dog could not go in there, he did not specifically tell her to stay out of his bedroom or to not use his computer. Baird also admitted that his roommate had permission to use, and did use, Baird's computer. Baird thought he had turned off the computer before he left on vacation.

Baird moved to suppress the evidence obtained

in the search under Code of Criminal Procedure article 38.23(a),[FN1] arguing that in entering his bedroom and accessing his computer, Killian committed the offenses of criminal trespass [FN2] and breach of computer security.[FN3]

**\*3** In denying the motion to suppress, the trial court made findings of fact and conclusions of law. When a trial court makes explicit fact findings, we are to determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the fact findings. *Kelly,* 204 S.W.3d at 818. Baird first challenges several of the trial court's findings of fact, complaining that they are not supported by, and are contrary to, the evidence.

[6] The trial court found that Baird placed no limits or restrictions on Killian's access to his home, bedroom, or computer and that Baird told her to "help herself to anything," or words to that effect. Baird emphasizes that both he and Killian testified that Baird did not affirmatively give her explicit permission to go into his bedroom or to use his computer. But, it is undisputed that he did not tell her *not* to go into his bedroom and *not* to use his computer, and it is undisputed that, in telling her to keep his bedroom door shut at all times, it was said in conjunction with his desire to keep the dog out of his bedroom. Killian said that Baird told her more than once—and not just in the kitchen in reference to food and drink—to help herself to anything.[FN4] Because we must view the evidence in the light most favorable to the trial court's ruling, and because the trial court judges the credibility of the witnesses and the weight to be given their testimony, *Wiede,* 214 S.W.3d at 24–25, these findings are supported by the evidence. [FN5]

Baird also complains of the findings that he took no steps to protect the information on his computer through the use of passwords or other such methods (it is not disputed that the computer was not password-protected) and that Killian's access to the bedroom and computer was reasonably foreseeable to Baird. These complaints depend on Baird's interpretation that, by telling Killian to keep the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

bedroom door closed to keep the dog out, he was restricting *her* access to both the bedroom and the computer that was in it. Based on Killian's and Baird's testimony and the trial court's determination of Killian's credibility, we reiterate that these findings are supported by the evidence.[FN6]

[7] If a defendant challenges the admissibility of evidence under article 38.23(a) on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law. *Mayfield v. State,* 124 S.W.3d 377, 378 (Tex.App.-Dallas 2003, pet. ref'd). Baird challenges the trial court's conclusions that, in discovering the evidence on Baird's computer, Killian did not commit any criminal offense and specifically did not commit the offenses of criminal trespass or breach of computer security. A common element of both of these offenses is the absence of effective consent. *See* TEX. PENAL CODE ANN. § 30.05(a); *id.* § 33.02(a). The trial court concluded that Killian had Baird's effective consent to access his bedroom and computer.

*4 Consent means assent in fact, whether express or apparent. TEX. PENAL CODE ANN. § 1.07(a)(11) (West Supp. 2011). Consent is not effective if: (A) induced by force, threat, or fraud; (B) given by a person the actor knows is not legally authorized to act for the owner; (C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable decisions; or (D) given solely to detect the commission of an offense. *Id.* § 1.07 (a)(19).

[8][9] Baird maintains that these conclusions are erroneous because they are based on the above-discussed allegedly faulty findings, which we have upheld. And while we agree that the evidence shows that Baird did not give his express consent to Killian to access his bedroom and computer, the evidence supports a finding of apparent, and thus effective, consent, as discussed above. Because these conclusions are supported by the evidence,

the trial court did not err in concluding that Killian did not commit the offenses of criminal trespass or breach of computer security because she had Baird's effective consent.[FN7] The trial court did not err in denying Baird's motion to suppress. We overrule issue one.

**Punishment Evidence**

Baird's second issue complains of the admission of evidence in the punishment hearing, which was before the trial court.[FN8] The State offered evidence of adult pornographic material obtained from Baird's computer, including Baird's online chats of a sexual nature. The trial court overruled Baird's objections that the use of such evidence violated his due-process rights under *Lawrence v. Texas,* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). The trial court also overruled the same objections to questions to Baird on cross-examination about his seeking out adult sexual partners on the internet for consensual homosexual encounters.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex.Crim.App.2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex.Crim.App.2008).

In its opening statement, the State's prosecutor explained its reasons for offering the evidence at issue:

The only thing that I think will be an issue for the Court or an issue for [defense counsel] is that while we want to give the Court as full a picture as we can of both the child pornography possessed by the Defendant, we also want to give the Court pursuant to what we normally do in the punishment phase as full a picture of the Defendant as we can.

There will be a couple of exhibits that will be

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

offered to show the Defendant, photographs that were taken from the Defendant's computer of himself in, I think, what can be charitably described as deviant sexual contact involving bondage, sadomasochism, that sort of thing.

*5 I do want to make it clear that we are not offering any evidence for the purpose of trying to bias the Court or any person against this Defendant because he may or may not be gay. We are only attempting to give the Court a full picture of this Defendant's sexual proclivities, the extent to which he will go to indulge in those sexual proclivities so the Court can make, I think, a just evaluation of basically redeemability, danger to the community and to ultimately provide a just sentence.

The State then offered the following specific evidence over Baird's objections: photographs of Baird in bondage and sadomasochistic poses similar to poses of children in Baird's child pornography photographs; photographs of nude young men engaging in sexual conduct in camping situations; Baird's nonsexual photographs of actual boy scouts on camping trips (Baird was a scout leader); internet chat sessions regarding sexual activity, including wearing sexual devices, and meeting for sex. None of this evidence pertained to any images or information of Baird having sexual contact with a child.

Baird's second issue specifically asserts that the trial court abused its discretion by overruling his objections to the admissibility of constitutionally protected conduct offered by the State as punishment evidence. The gist of Baird's argument is that evidence of constitutionally protected homosexual conduct was not proper punishment evidence, was offered by the State "solely" to impermissibly obtain a harsher punishment, and could not play a part in the trial court's sentencing decision.

[10][11] Section 3(a) of Article 37.07 of the Code of Criminal Procedure grants trial courts broad discretion to admit evidence during the pun-

ishment phase. The relevant statutory language is:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2011). "[T]he admissibility of evidence at the punishment phase of a non-capital felony offense" trial "is" really "a function of policy rather than relevance." *Rodriguez v. State,* 203 S.W.3d 837, 842 (Tex.Crim.App.2006); *accord Miller–El v. State,* 782 S.W.2d 892, 894–95 (Tex.Crim.App.1990). "Evidence is 'relevant to sentencing,' within the meaning of" Article 37.07, Section 3(a), "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.' " *McGee v. State,* 233 S.W.3d 315, 318 (Tex.Crim.App.2007) (quoting *Rodriguez,* 203 S.W.3d at 842). Punishment evidence need not be evidence of an illegal act. *See Cox v. State,* 931 S.W.2d 349, 357 (Tex.App.-Fort Worth 1996), *pet. dism'd, improvidently granted,* 951 S.W.2d 5 (Tex.Crim.App.1997); *see also Whittle v. State,* No. 02–03–00125–CR, 2004 WL 102346, at *1 (Tex.App.-Fort Worth Jan. 22, 2004, pet. ref'd) (mem. op., not designated for publication).

*6 [12] Baird's complaint is grounded not on the evidence's lack of relevance to punishment, but on the alleged impermissible burden by the State on his constitutionally protected sexual conduct. However, the Constitution is not a *per se* barrier to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

the admission of evidence merely because the evidence involves conduct that is constitutionally protected. *See Davis v. State,* 329 S.W.3d 798, 805 (Tex.Crim.App.2010) ("However, the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing merely because those beliefs and associations are protected by the First Amendment."), *cert. denied,* ⸻ U.S. ⸻, 132 S.Ct. 128, 181 L.Ed.2d 50 (2011); *see also Dawson v. Delaware,* 503 U.S. 159, 165, 112 S.Ct. 1093, 1097, 117 L.Ed.2d 309 (1992); *Mason v. State,* 905 S.W.2d 570, 576 (Tex.Crim.App.1995); *Woodward v. State,* 170 S.W.3d 726, 729 (Tex.App.-Waco 2005, pet. ref'd).[FN9] Such evidence may be admissible if it is shown to be relevant to the issues involved in the case. *Davis,* 329 S.W.3d at 805; *Mason,* 905 S.W.2d at 576–77.

[13] The State argues that this evidence was relevant to Baird's punishment, including his suitability for community supervision, by first pointing out that the evidence, other than Baird's camping photographs of scouts, meets the Penal Code's description of "sexual conduct:" "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals, the anus,...." TEX. PENAL CODE ANN. § 43.25(a)(2) (West 2011); *id.* § 43.26(b)(2) (West Supp. 2011).

From that, the State argues that Baird's photographs were evidence that his "interests extended far beyond electronic voyeurism" and "showed that he maintained an active sexual appetite, exhibiting unsafe sexual practices with strangers, creating photos to mirror poses with the depicted victims, [FN10] and evincing a continuing fixation [on] a variety of sexual activities." Accordingly, the State concludes, this evidence was relevant to the assessment of an appropriate punishment for the offenses of possession of child pornography, including whether the trial court believed Baird's "protestation that he would never act on his contin-

ued attraction to underage boys" and Baird's suitability for community supervision (which Baird did seek).[FN11]

Considering the evidence at issue and the State's arguments for its admissibility, we conclude that it was within the zone of reasonable disagreement for the trial court to admit this evidence.[FN12] *See Davis,* 329 S.W.3d at 805–06; *see also Whittle,* 2004 WL 102346, at *1 (in appeal of child pornography conviction, holding trial court did not abuse its discretion in admitting, during punishment, evidence of cartoons depicting child pornography that were not illegal). Issue two is overruled.

Having overruled both issues, we affirm the trial court's judgment.

FN1. TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005) ("No evidence obtained by an officer or other person in violation of any provisions of the ... laws of the State of Texas ... shall be admitted in evidence against the accused").

FN2. TEX. PENAL CODE ANN. § 30.05 (a)(1) (West Supp.2011); *see Allison v. State,* 113 S.W.3d 476, 478 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (recognizing that effective consent to enter a residence does not extend to rooms in which the owner has manifested intent to exclude others).

FN3. TEX. PENAL CODE ANN. § 33.02 (a) (West Supp.2011); *see e.g., Muhammed v. State,* 331 S.W.3d 187, 192–93 (Tex.App.-Houston [14th Dist.] 2011, pet. ref'd).

FN4. In an attempt to show that he did restrict her access, Baird asserts that the record shows that he communicated to Killian that she was not to enter the roommate's bedroom or office, but her testimony does not support that assertion:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

Q. Okay. And after you went through the house with Mr. Baird on this particular occasion, just before he left, did he indicate to you that anything was off lim- its?

A. He did point out that the spare—there was a roommate and this was the roommate's bedroom and that this was the roommate's office. You know, kind of indicating that those were probably places that neither I or the dog would be going. But, no, he said help yourself to everything.

...

Q.... With respect to the roommate's room and his bathroom or study, I guess, did he specifically tell you not to go in there or just—

A. No, but I would just assume, you know, that they're roommates.

FN5. The trial court specifically found that Killian was credible.

FN6. Baird complains of two other findings, but because we agree with his assertion that they are "meaningless to the controversy at hand," we need not address them.

FN7. Baird also complains of the trial court's conclusion that Baird had no reasonable expectation of privacy in the contents of his computer. *See Granados v. State,* 85 S.W.3d 217, 222–23 (Tex.Crim.App.2002) (accused has standing to contest search under Fourth Amendment only if he had legitimate expectation of privacy in place that government officials or agents invaded). We need not address this issue because the Fourth Amendment is not implicated with a private actor like Killian. *See Brackens v. State,* 312

S.W.3d 831, 837 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd); *see also U.S. v. Jacobsen,* 466 U.S. 109, 117–18, 104 S.Ct. 1652, 1658–59, 80 L.Ed.2d 85 (1984).

FN8. For purposes of Rule of Appellate Procedure 25.2(a)(2), this case is a plea-bargain case-a charge bargain. *See Shankle v. State,* 119 S.W.3d 808, 813 (Tex.Crim.App.2003); TEX.R.APP. P. 25.2(a)(2); *see also Kennedy v. State,* 297 S.W.3d 338, 341–42 (Tex.Crim.App.2009) . The trial court permitted Baird to appeal this issue. *See* TEX.R.APP. P. 25.2(a)(2)(B).

FN9. We see no reason why the reasoning of these cases, which involve First Amendments rights, should not apply to this case. *See Davis,* 329 S.W.3d at 805 n. 4.

FN10. A State's witness testified that Baird had pornographic photographs of children in bondage and sadomasochistic positions and photographs of himself in similar poses.

FN11. Baird admitted that he had a sexual attraction to young boys, said he had been receiving professional help and had made some progress, and said he would continue with that if placed on community supervision.

FN12. In one of the online chats, Baird wrote that his sexual urge at that particular time was a "ticking time bomb." In announcing his sentence, the trial judge referenced this chat and his concern for that bomb "from going off and damaging some child." This piece of evidence and its use by the trial judge in sentencing illustrate its relevance. *See Davis,* 329 S.W.3d at 805 (evidence of constitutionally protected conduct may be admissible if it shown to be relevant to issues involved in case).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)
**(Cite as: 2012 WL 89905 (Tex.App.-Waco))**

Tex.App.--Waco,2012.
Baird v. State
--- S.W.3d ----, 2012 WL 89905 (Tex.App.-Waco)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.