10 - 10 - 00297 - CR

# CLERK'S RECORD

**VOLUME 1 OF 2**
Trial Court Cause No. 09-02494-CRF-272
In the 272ND DISTRICT COURT
of BRAZOS County, Texas-
Honorable TRAVIS BRYAN III, Presiding Judge

THE STATE OF TEXAS
VS.
Gregg Carl Baird

Appealed to the 10TH Court of Appeals
for the 272ND DISTRICT COURT
of Bryan, Texas.

FILED
TENTH COURT OF APPEALS

OCT 1 5 2010

SHARRI ROESSLER, CLERK

Attorney for Appellant(s):
RICHARD E. WETZEL
1411 West Avenue
Austin, Tx 78701
PHONE NO:512-469-7943
FAX NO:512-474-5594
SBOT #: 21236300

Attorney for Appellee:
Danny Smith (Asst. D.A.)
300 E. 26TH ST STE. 310
BRYAN, TEXAS 77803
PHONE NO:(979) 361-4320
FAX NO. (979) 361-4368
SBOT #: 24046867

Delivered to the 10TH Court of Appeals for
the 272ND DISTRICT COURT at ___BRYAN___, Texas on
the __11th__ day of_October_, _2010_ .

Marc Hamlin,
Brazos County District Clerk

*Andria Chavarria*

DEPUTY CLERK

Appellate Court Cause No. _____

Filed in the Court of Appeals for the 10TH District of
Texas, at Houston, Texas on this ____ day of
_____, 2010.

_____, Clerk

By: _____, Deputy

RECEIVED

OCT 1 4 2010

COURT OF APPEALS
WACO, TEXAS

THE STATE OF TEXAS                    §

COUNTY OF BRAZOS                      §


In the 272ND DISTRICT COURT of Brazos County, Texas the Honorable TRAVIS BRYAN III Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause to wit:


Trial Court Cause No. 09-02494-CRF-272


THE STATE OF TEXAS          §     IN THE DISTRICT COURT OF

            VS.             §     BRAZOS COUNTY, TEXAS

Gregg Carl Baird            §     272ND DISTRICT COURT

CAUSE NO. 09-02494-CRF-272

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZOS COUNTY, TEXAS |
| Gregg Carl Baird | § | 272ND DISTRICT COURT |

<div align="center">INDEX</div>
<div align="right">PAGE</div>

| | PAGE |
|---|---|
| • Indictment (Filed Jun. 11, 2009) | 1-2 |
| • Motion to Transfer (Filed Jun. 11, 2009) | 3-4 |
| • Order Transferring Case (Filed Jun. 17, 2009) | 5 |
| • Commitment/Release Order (Filed Jun. 17, 2009) | 6-10 |
| • Defendant's Motion for Court Reporter to Record Proceedings (Filed Jul. 15, 2009) | 11-14 |
| • Motion for Discovery and Inspection (Filed Jul. 15, 2009) | 15-21 |
| • Invocation of the Rule (Filed Jul. 15, 2009) | 22-23 |
| • Motion in Limine (Filed Jul. 15, 2009) | 24-28 |
| • Request for Notice (Filed Jul. 15, 2009) | 29-30 |
| • Request for Expert Witness Notice (Filed Jul. 15, 2009) | 31-32 |
| • Motion for Exculpatory Evidence Production (Filed Jul. 15, 2009) | 33-37 |
| • Motion to Suppress Statements (Filed Jul. 15, 2009) | 38-40 |
| • Motion to Sever (Filed Jul. 15, 2009) | 41-42 |
| • Bond 13x (Filed Jul. 16, 2009) | 43-55 |
| • Application for Probation (Filed Jul. 29, 2009) | 56 |
| • Amended Motion to Suppress Statements (Filed Oct. 6, 2009) | 27-59 |

| | | |
|---|---|---|
| • Notice of Filing Business Recor5ds Accompanied by Affidavit ( Filed Jul. 6, 2010) | ................................ | 101-104 |
| • Second Amended Notice (Filed Jul. 9, 2010) | ................................ | 105-107 |
| • Exhibit Listing (Filed Aug. 2, 2010) | ................................ | 108-109 |
| • Letter (Filed Aug. 3, 2010) | ................................ | 110 |
| • Notice of Appeal (Filed Aug. 3, 2010) | ................................ | 111-112 |
| • Defendant's — Appellant's Designation of Appellate Record (Filed Aug. 3, 2010) | ................................ | 113-115 |
| • Defendant's — Appellant's Request for Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 3, 2010) | ................................ | 116-118 |
| • Defendant's Objection to Finding of Fact and Conclusions of Law (Filed Aug. 10, 2010) | ................................ | 117-120 |
| • Judgment of Conviction by Court – Waiver of Jury Trial Count 1- Count 10 (Filed Aug. 18, 2010) | ................................ | 121-140 |
| • Email (Filed Aug. 18, 2010) | ................................ | 141 |
| • Blank | ................................ | 142 |
| • Commitment/Release Order 3x (Filed Aug. 16, 2010) | ................................ | 143-146 |
| • Trial Court's Certification of Defendant's Right of Appeal (Filed Aug. 16, 2010) | ................................ | 147 |
| • Prosecution Barred (Filed Aug. 18, 2010) | ................................ | 148-149 |
| • Defendant's Objections to State's Proposed Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 23, 2010) | ................................ | 150-158 |
| • Excerpt of Testimony Motion to Suppress (Filed Aug. 23, 2010) | ................................ | 159-232 |
| • Motion to Suppress (Filed Aug. 23, 2010) | ................................ | 233-319 |
| • Letter (Filed Aug. 25, 2010) | ................................ | 320 |

| | | |
|---|---|---|
| • Amended Motion to Suppress Evidence (Filed Oct. 6, 2009) | ................................. | 60-62 |
| • Agreed Motion for Continuance (Filed Nov. 30, 2009) | ................................. | 63-65 |
| • Motion for Continuance (Filed Jan. 15, 2010) | ................................. | 66-68 |
| • Motion for More Definite Statement (Filed Jan. 19, 2010) | ................................. | 69-71 |
| • Order on State's Motion for More Definite Statement (Received Jan. 19, 2010) | | 72 |
| • Order (Filed Jan. 19, 2010) | ................................. | 73 |
| • Second Amended Motion to Suppress Evidence (Filed Feb. 8, 2010) | | 74-76 |
| • Order (Filed Mar. 11, 2010) | ................................. | 77 |
| • Prosecution Barred 2x (Received Mar. 11, 2010) | ................................. | 78-79 |
| • Second Amended Motion to Suppress Statements (Filed Mar. 11, 2010) | ................................. | 80-82 |
| • Supplemental Admonishments for Sex Offender Registration Requirements (Filed Mar. 11, 2010) | ................................. | 83-86 |
| • Plea Agreement (Filed Mar. 11, 2010) | ................................. | 87 |
| • Defendants Plea of Guilty, Waiver, Stipulation and Judicial Confession (Filed Mar. 11, 2010) | ................................. | 88-91 |
| • Order for Continuance (Filed Mar. 31, 2010) | ................................. | 92 |
| • Agreed Motion for Continuance (Filed Mar. 2010) | ................................. | 93-94 |
| • Change of Address (Filed Apr. 12, 2010) | ................................. | 95 |
| • Motion to Alter Bond Conditions (Filed Apr. 16, 2010) | ................................. | 96-97 |
| • Order (Filed May 19, 2010) | ................................. | 98 |
| • Letter (Filed May 24, 2010) | ................................. | 99 |
| • Notice of Intent to Rule Without Hearing (Filed May 27, 2010) | ................................. | 100 |

Monday, March 04, 2013
Re: Case No. AP-76,768
STYLE:  SOLIZ, MARK ANTHONY

The appellant's motion for extension of time within which to file the appellant's brief is granted.  The time for filing the appellant's brief has been extended to **Wednesday, May 22, 2013**.

Abel Acosta, Clerk

JOHN W. STICKELS
STICKELS & ASSOCIATES  P C
P O  BOX 121431
ARLINGTON TX  76012

SCANNED
(CCA)

MAR 0 4 2013

JFB

| | |
|---|---|
| • Notice of Filing Business Recor5ds Accompanied by Affidavit ( Filed Jul. 6, 2010) | 101-104 |
| • Second Amended Notice (Filed Jul. 9, 2010) | 105-107 |
| • Exhibit Listing (Filed Aug. 2, 2010) | 108-109 |
| • Letter (Filed Aug. 3, 2010) | 110 |
| • Notice of Appeal (Filed Aug. 3, 2010) | 111-112 |
| • Defendant's — Appellant's Designation of Appellate Record (Filed Aug. 3, 2010) | 113-115 |
| • Defendant's — Appellant's Request for Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 3, 2010) | 116-118 |
| • Defendant's Objection to Finding of Fact and Conclusions of Law (Filed Aug. 10, 2010) | 117-120 |
| • Judgment of Conviction by Court — Waiver of Jury Trial Count 1- Count 10 (Filed Aug. 18, 2010) | 121-140 |
| • Email (Filed Aug. 18, 2010) | 141 |
| • Blank | 142 |
| • Commitment/Release Order 3x (Filed Aug. 16, 2010) | 143-146 |
| • Trial Court's Certification of Defendant's Right of Appeal (Filed Aug. 16, 2010) | 147 |
| • Prosecution Barred (Filed Aug. 18, 2010) | 148-149 |
| • Defendant's Objections to State's Proposed Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 23, 2010) | 150-158 |
| • Excerpt of Testimony Motion to Suppress (Filed Aug. 23, 2010) | 159-232 |
| • Motion to Suppress (Filed Aug. 23, 2010) | 233-319 |
| • Letter (Filed Aug. 25, 2010) | 320 |

| | |
|---|---|
| • Findings of Fact and Conclusions of Law Concerning Defendant's Amended Motion to Suppress Evidence (Filed May 27, 2010) | 321-322 |
| • Docket | 323-326 |
| • Clerks Certificate | 327 |

THE STATE OF TEXAS          §

COUNTY OF BRAZOS            §


In the 272ND DISTRICT COURT of Brazos County, Texas the Honorable TRAVIS BRYAN III Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause to wit:


Trial Court Cause No. 09-02494-CRF-272


| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZOS COUNTY, TEXAS |
| Gregg Carl Baird | § | 272ND DISTRICT COURT |

CAUSE NO. 09-02494-CRF-272

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | BRAZOS COUNTY, TEXAS |
| Gregg Carl Baird | § | 272ND DISTRICT COURT |

### INDEX                                                                PAGE

| | PAGE |
|---|---|
| • Indictment (Filed Jun. 11, 2009) .................................... | 1-2 |
| • Motion to Transfer (Filed Jun. 11, 2009) .................................... | 3-4 |
| • Order Transferring Case (Filed Jun. 17, 2009) .................................... | 5 |
| • Commitment/Release Order (Filed Jun. 17, 2009) .................................... | 6-10 |
| • Defendant's Motion for Court Reporter to Record Proceedings (Filed Jul. 15, 2009) .................................... | 11-14 |
| • Motion for Discovery and Inspection (Filed Jul. 15, 2009) .................................... | 15-21 |
| • Invocation of the Rule (Filed Jul. 15, 2009) .................................... | 22-23 |
| • Motion in Limine (Filed Jul. 15, 2009) .................................... | 24-28 |
| • Request for Notice (Filed Jul. 15, 2009) .................................... | 29-30 |
| • Request for Expert Witness Notice (Filed Jul. 15, 2009) .................................... | 31-32 |
| • Motion for Exculpatory Evidence Production (Filed Jul. 15, 2009) .................................... | 33-37 |
| • Motion to Suppress Statements (Filed Jul. 15, 2009) .................................... | 38-40 |
| • Motion to Sever (Filed Jul. 15, 2009) .................................... | 41-42 |
| • Bond 13x (Filed Jul. 16, 2009) .................................... | 43-55 |
| • Application for Probation (Filed Jul. 29, 2009) .................................... | 56 |
| • Amended Motion to Suppress Statements (Filed Oct. 6, 2009) .................................... | 27-59 |

| | | |
|---|---|---|
| • Amended Motion to Suppress Evidence (Filed Oct. 6, 2009) | ................................. | 60-62 |
| • Agreed Motion for Continuance (Filed Nov. 30, 2009) | ................................. | 63-65 |
| • Motion for Continuance (Filed Jan. 15, 2010) | ................................. | 66-68 |
| • Motion for More Definite Statement (Filed Jan. 19, 2010) | ................................. | 69-71 |
| • Order on State's Motion for More Definite Statement (Received Jan. 19, 2010) | ................................. | 72 |
| • Order (Filed Jan. 19, 2010) | ................................. | 73 |
| • Second Amended Motion to Suppress Evidence (Filed Feb. 8, 2010) | ................................. | 74-76 |
| • Order (Filed Mar. 11, 2010) | ................................. | 77 |
| • Prosecution Barred 2x (Received Mar. 11, 2010) | ................................. | 78-79 |
| • Second Amended Motion to Suppress Statements (Filed Mar. 11, 2010) | ................................. | 80-82 |
| • Supplemental Admonishments for Sex Offender Registration Requirements (Filed Mar. 11, 2010) | ................................. | 83-86 |
| • Plea Agreement (Filed Mar. 11, 2010) | ................................. | 87 |
| • Defendants Plea of Guilty, Waiver, Stipulation and Judicial Confession (Filed Mar. 11, 2010) | ................................. | 88-91 |
| • Order for Continuance (Filed Mar. 31, 2010) | ................................. | 92 |
| • Agreed Motion for Continuance (Filed Mar. 2010) | ................................. | 93-94 |
| • Change of Address (Filed Apr. 12, 2010) | ................................. | 95 |
| • Motion to Alter Bond Conditions (Filed Apr. 16, 2010) | ................................. | 96-97 |
| • Order (Filed May 19, 2010) | ................................. | 98 |
| • Letter (Filed May 24, 2010) | ................................. | 99 |
| • Notice of Intent to Rule Without Hearing (Filed May 27, 2010) | ................................. | 100 |

| | | |
|---|---|---|
| • Notice of Filing Business Recor5ds Accompanied by Affidavit ( Filed Jul. 6, 2010) | ................................. | 101-104 |
| • Second Amended Notice (Filed Jul. 9, 2010) | ................................. | 105-107 |
| • Exhibit Listing (Filed Aug. 2, 2010) | ................................. | 108-109 |
| • Letter (Filed Aug. 3, 2010) | ................................. | 110 |
| • Notice of Appeal (Filed Aug. 3, 2010) | ................................. | 111-112 |
| • Defendant's – Appellant's Designation of Appellate Record (Filed Aug. 3, 2010) | ................................. | 113-115 |
| • Defendant's – Appellant's Request for Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 3, 2010) | ................................. | 116-118 |
| • Defendant's Objection to Finding of Fact and Conclusions of Law (Filed Aug. 10, 2010) | ................................. | 117-120 |
| • Judgment of Conviction by Court – Waiver of Jury Trial Count 1- Count 10 (Filed Aug. 18, 2010) | ................................. | 121-140 |
| • Email (Filed Aug. 18, 2010) | ................................. | 141 |
| • Blank | ................................. | 142 |
| • Commitment/Release Order 3x (Filed Aug. 16, 2010) | ................................. | 143-146 |
| • Trial Court's Certification of Defendant's Right of Appeal (Filed Aug. 16, 2010) | ................................. | 147 |
| • Prosecution Barred (Filed Aug. 18, 2010) | ................................. | 148-149 |
| • Defendant's Objections to State's Proposed Findings of Fact and Conclusions of Law on Denied Motion to Suppress Evidence (Filed Aug. 23, 2010) | ................................. | 150-158 |
| • Excerpt of Testimony Motion to Suppress (Filed Aug. 23, 2010) | ................................. | 159-232 |
| • Motion to Suppress (Filed Aug. 23, 2010) | ................................. | 233-319 |
| • Letter (Filed Aug. 25, 2010) | ................................. | 320 |

| | | |
|---|---|---|
| • Findings of Fact and Conclusions of Law Concerning Defendant's Amended Motion to Suppress Evidence (Filed May 27, 2010) | ................................. | 321-322 |
| • Docket | ................................. | 323-326 |
| • Clerks Certificate | ................................. | 327 |

FILED
09 10 o'clock A M
JUN 1 1 2009
M'GC HAMLIN, DIST. CLERK
Brazos County, Texas
_____ Deputy

| | |
|---|---|
| Race W | Sex M |
| Age 38 | Dob 02/11/71 |
| Ht 5'9" | Wt 175 |
| Hair Brown | Eyes Green |

THE STATE OF TEXAS

VS.

GREGG BAIRD

PID: 91507
DA Complaint# 09-02970
Book #
Off 37040001 37040001 37040001 37040001
Cause No. 09-02494-CRF-361
Charge: **POSS OF CHILD PORNOGRAPHY X13**
Justice Court No.
Agency CSPD 09-006231

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the April Term, 2009, of the 361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one **GREGG BAIRD** hereinafter referred to as the Defendant, heretofore on or about **May 13, 2009**, did

then and there intentionally and knowingly possess visual material, namely, a video labeled **!2_chico** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT TWO:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **!!boytied** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT THREE:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **(luto) anpemo- 1** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT FOUR:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **(luto) jaco-5_01** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT FIVE:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **(luto) luto 02_b+luto10shower** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT SIX:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **[boy+man] [MB] - Russianblonde Boy P1** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT SEVEN:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **[Luto]_peja-1** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT EIGHT:** and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **[MB] - Maximiliano** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**Page 1**

**COUNT NINE**: and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **000** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT TEN**: and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **Man_and_another_young_un_sharing_something_special_LUTO_3** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT ELEVEN**: and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **mb48** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT TWELVE**: and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **Mikael friend end man** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

**COUNT THIRTEEN**: and it is further presented in and to said Court, that the said GREGG BAIRD, in the County of Brazos and State of Texas on or about the 13th day of May, 2009, did,

then and there intentionally and knowingly possess visual material, namely, a video labeled **tba** that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: deviate sexual intercourse,

AGAINST THE PEACE AND DIGNITY OF THE STATE

Grand Jury Witness:

INDICTMENT – ORIGINAL

Foreman of the Grand Jury

**Page 2**

NO. 09-02494-CRF-361

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| GREGG CARL BAIRD | § | 272ND JUDICIAL DISTRICT |

## **MOTION TO TRANSFER**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant in the above cause and moves this Court to transfer his cause from the 361st District Court to the 272nd District Court and as grounds would show that this case was originally subject to a Writ of Habeas Corpus in Cause No. 09-001346-CV-272nd which randomly landed in the 272nd District Court. Attorney for Defendant has been told that the case was "transferred" to the 361st District Court. Unless there is a reason under the local rules for such transfer the case should be set in the 272nd District Court.

Respectfully submitted,

JAMES, REYNOLDS, & GREENING

BY: _____
JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
TELEPHONE: 979/846-1934
FAX: 979/846-3028
ATTORNEY FOR DEFENDANT

1

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on this _11_ day of _____, 2009, a copy of the foregoing Motion To Transfer was hand delivered to the District Attorney's Office of Bryan, Brazos County, Texas.

JIM W. JAMES

## ORDER

On the _____ day of _____ came on to be heard Defendant's Motion To Transfer and it is hereby (granted) (denied).

JUDGE PRESIDING

2

Cause No.  09-02492-CRF-361; 09-02493-CRF-361; 09-02494-CRF-361;
09-02495-CRF-361; 09-02496-CRF-361; 09-02497-CRF-361; 09-02498-CRF-361

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 361st DISTRICT COURT |
| VS. | § | OF |
| BAIRD, GREGG CARL | § | BRAZOS COUNTY, TEXAS |

### ORDER TRANSFERRING CASE

The Court has determined that the above entitled and numbered cause should be transferred to the 272ND District Court for the following reason(s):

_____   Judge recuses himself

_____   Docket control between the Courts

_____   Mutual agreement of Judges

___X___   Other: Writ was filed in the 272nd District Court

It is therefore ORDERED that the above entitled and numbered cause be transferred to the 272nd District Court.

Signed  this 15th of June, 2009.

_____
Judge Presiding

AGREED/DENIED:

_____
Judge Presiding

Date: 6 - 16 - 2009

No. 09-02494-CRF-272

Counts 1 thru 13

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 272ND DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| BAIRD, GREGG CARL | § | BRAZOS COUNTY, TEXAS |

FILED
DC AM
At ___ o'clock ___ M
JUN 17 2009
MARC HAMLIN, DIST CLERK
BRAZOS COUNTY, TEXAS
By _____ Deputy

## COMMITMENT/RELEASE ORDER

**To:**   **The Sheriff of Brazos County, Texas**

The above named defendant is ordered committed to/released from the custody of the Sheriff of Brazos County, Texas, effective at 12:15 a.m./p.m. on the 16th day of June, 2009 relating to the offense(s) of _____ POSS OF CHILD PORNOGRAPHY _____:

_____ to serve a term of _____ days/months/years:
_____ in the Brazos County Jail
_____ in the Institutional Division of the Texas Department of Criminal Justice
_____ in a State Jail Facility
_____ as a condition of community supervision
_____ with referral to the State Boot Camp
_____ work release is authorized
_____ each SU M T W Th F Sa from _____ m. until _____ m.
_____ according to the schedule _____
_____ to be held in the Brazos County Jail
_____ without bail, until further order of this Court
_____ until transported to a Substance Abuse Felony Punishment Facility
_____ pending appeal from his conviction of a felony
_____ until sufficient bail is posted in the amount of $1,400.00 on each Count
_____ in cash or surety bond form
_____ in personal bond form
_____ upon the attached conditions;   _____ without conditions
_____ to be released from custody on the above charge(s)
_____ CREDIT FOR TIME SERVED
_____ **UPON RELEASE**, Defendant is to report to the Brazos County District Clerk (Collections) to
      pay court costs of $_____
_____ lay-out court costs of $_____
_____ TO RUN CONCURRENT WITH _____

_____ SPECIAL INSTRUCTIONS: _____

SIGNED this the 16th day of June, 2009.

_____
Presiding Judge

| |
|---|
| This Court Order was received on |
| _____ |
| _____ |
| Brazos County Sheriff's Office |

**Page 6**

09-02496- CRF- 272        Cts 1-20
09-02495- CRF- 272        Cts 1-20
NO. 09-02494-CRF-272      Cts 1-13

THE STATE OF TEXAS                    )(    IN THE  272nd Judicial District

VS.                                   )(    OF

Gregg Carl Baird                      )(    BRAZOS COUNTY, TEXAS

## CONDITIONS OF BOND

Pursuant to Chapter 17 of the *Texas Code of Criminal Procedure*, you have been placed on bond supervision for a period not to exceed two years and/or until there is a disposition of your case, the bond is revoked, or as otherwise ordered by the Court, for the offense of POSS. OF Child Pornography_____. It is the order of the Court that you comply with the following conditions of supervision:

(1) Commit no offense against the laws of this State or any other State or of the United States or of any governmental entity, and report to the community supervision officer/aide within 48 hours of any arrest or if questioned by a law enforcement officer.

(2) Effective immediately, report to the supervision officer/aide as directed by the Court or a supervision officer/aide, and continue reporting as directed until discharged from bond supervision. Reporting may be required multiple times weekly to once every third month, and will be based on risk to the community, individual needs, and progress under supervision. Obey rules and regulations of the community supervision and corrections department (CSCD), including refraining from disorderly conduct, abusive language, and disturbing the peace while at the department or associated facilities. The defendant will report PERSON. He will not be placed on mail-in status.
(3) Refrain from using alcoholic beverages to intoxication, and abstain from the use of any controlled substance, dangerous drug, and/or abuse of any abusable volatile chemical in any form — except as prescribed by a licensed physician for legitimate medical purposes. Provide proof of any drugs prescribed or taken prior to any drug/alcohol testing. Do not ingest, use, or consume any substances or use any devices that will alter or adulterate any drug test results. At the request of a supervision officer/aide, freely cooperate, immediately pay for, and voluntarily submit to medical and/or chemical tests and examinations or confirmation tests for disputed results for determining the use of alcohol or any type of drugs. Submit a specimen of your breath, blood, or urine upon the request of any peace officer and/or any community supervision officer/aide. This includes, but is not limited to, a request made during or incidental to arrest or questioning regarding driving while intoxicated or a related offense.

(4) Permit a supervision officer/aide to visit at home or elsewhere; report to your supervision officer any change of address or marital status 48 hours prior to any changes; and remain within Texas (_____) unless you have first received the written permission of a supervision officer/aide to leave the state. Extradition is waived to the State of Texas from any jurisdiction in or outside of the United States where you may be found. Further, you will not contest in any manner any effort by the State of Texas, or any state or jurisdiction, to return you to the State of Texas.

(5) Work faithfully at lawful employment and notify your supervision officer/aide within 48 hours of any change in said employment. Provide proof of wages and report the sources and amounts of all income or money received and all debts and expenditures to the supervision officer/aide as directed. Participate in any employment program as referred by a supervision officer/aide during periods of unemployment. Support current dependents and any additional dependents added during the term of this community supervision. Provide proof by April 15 of each year of having filed a federal income tax return as required by federal law or proof of having filed an extension, with proof of completion of the process by the extension deadline.

(6) Avoid knowingly associating with persons who have a criminal history, (specifically,_____
_____ ,)
other than family members or significant others, unless this is done with permission of the supervision officer/aide or the Court, or being present at any location where a criminal act is being committed. Do not enter into any agreement to act as "informer" or special agent for any law enforcement agency without the consent of the Court.

(7) Pay to the Brazos County CSCD a supervision fee of $50.00 per month, every month of the bond supervision term for a period not to exceed two years, payable on the first day of every month, beginning in the month next following entry of this Order.

(8) Submit to risk/need assessments required by the Brazos County CSCD or any other supervising agency over your case, and submit to a ( ) substance abuse evaluation, ( ) psychological assessment or evaluation, ( ) psychiatric evaluation, ( ) anger management evaluation, ( ) sex offender evaluation, or ( ) other evaluation:_____ to determine the course of action that will assist in overcoming obstacles to successful completion of the supervision term. Referrals/treatment based on the above may include but are not limited to substance abuse treatment, cognitive intervention classes, psychological or mental health treatment, sex offender treatment, anger management treatment, and psychiatric treatment. Participate in and pay the costs of treatment, and do not attempt to terminate said treatment without the written consent of the treatment team in charge of your case.

Page 1 of 2

**Page 7**

09-02497-CRF-272 Cts 1-20
09-02496-CRF-272 Cts 1-20
09-02495-CRF-272 Cts 1-20
NO. 09-02494-CRF-272 Cts 1-13

Furthermore, during the term of this bond supervision you shall follow all terms and conditions that are marked below:

X (9) Abstain from the use or possession of alcoholic beverages in any form, and do not go on any premises or be employed by any business where the sale of alcoholic beverages serves as its main source of revenue, such as a bar, lounge, or nightclub. Exemption: _____

__ (10) Within 30 days of the date driving privileges are restored or you otherwise begin operating a motor vehicle, have an alcohol specific ignition interlock system installed in any vehicle you operate for a period of _____ months/ years, at your own expense. Any vehicle operated through this date: _____ must have an alcohol specific ignition interlock system, unless driving a company owned vehicle with the conviction known to and verified in writing by the employer. Follow all equipment use instructions from the manufacturer, the supervision officer and/or the Court. Until a required ignition interlock device is installed, operating any motor vehicle is strictly prohibited.

__ (11) Do not initiate nor attempt to initiate any communications with the victim(s) of this offense (or _____
_____) nor any family members, friends, associates, and/or co-workers (exception: _____) through phone, mail, computer, another person, in person, or through other means not enumerated. Should there be inadvertent contact with said person(s), immediately leave and not threaten, assault, nor verbally abuse the person(s), and report any such contact to the supervising officer / aide within 48 hours.

__ (12) During the term of bond supervision, do not use nor be a signatory to a checking account.

__ (13) Submit to a curfew and be home by _____ and remain until _____ home within 30 minutes of the end of treatment or the beginning or ending of your employment where the shift change or the start or ending of the period of work is within the hours of the curfew limits, whichever is later. Landline telephone service must be in operation at your home at all times, paid for by you, and the phone will have no call forwarding features. Pay for technology used for verification of curfew compliance. This condition is satisfied and is no longer in effect for no less than _____ months/years and no more than _____ months/years as determined by the supervision officer/aide, depending on curfew compliance.

__ (14) Within 10 days of the date of this Order, have the Secure Continuous Remote Alcohol Monitor (SCRAM) ankle-monitoring device installed for a period of no less than _____ months and no more than _____ months at your own expense. Follow all equipment use instructions from the manufacturer, the supervision officer and/or the Court, and show the monitor and/or unit to a supervision officer / aide upon request. Do not tamper with or obstruct the monitor. Do not miss any communication times set out in the participation agreement. Abide by all rules in the participant agreement provided by the SCRAM provider.

X (15) The defendant will not own a cell phone with electronic messaging capabilities.

6-16-09
_____
Date                                          Presiding Judge, Travis Bryan III

I have received a copy of my conditions of bond supervision. I understand these conditions and agree to abide by them.

_____
Date

Defendant

Community Supervision Officer

09 - 02497 - CRF-272  cts 1-20
09 - 02496 - CRF-272  cts 1-20
09 - 02495- CRF-272  cts 1-20
NO. 09- 02494- CRF-272  cts 1-18

THE STATE OF TEXAS                    )(   IN THE   272nd Judicial District

VS.                                   )(   OF

Gregg Carl Baird                      )(   BRAZOS COUNTY, TEXAS

## ADDITIONAL CONDITIONS OF BOND SUPERVISION

It is the order of the Court that you comply with these additional conditions of community supervision:

___ (26) Effective immediately for a period not to exceed 18 months, participate in and successfully complete the Brazos County Drug Court Program, to include screening, evaluation, treatment, supervision meetings, court appearances, and any other program considered essential by the Drug Court Team. This may include but not be limited to: daily substance dependency treatment, frequent urinalysis / other tests to determine alcohol/other drug use, meeting with a supervision officer at the CSCD, your home, place of employment, and/or other collateral sites weekly or more frequently if necessary, as well as weekly court appearances.

___ (27) As an alternative to incarceration, you are placed in the Intensive Probation Program, and because of ( ) the nature of the offense and/or a documented history of substance abuse or dependency and/or the offense was committed while under the influence of or to obtain alcohol or other drugs or ( ) seriousness of the current offense and/or behavior in serious conflict with the conditions of supervision or _____, you are placed on ( ) the SAFPPF specialized caseload or ( ) Intensive Supervision Probation or ( ) _____, effective immediately for a period not to exceed two years.

___ (28) Serve a term of confinement and treatment in a substance abuse felony punishment facility established under Section 493.009, Government Code, abiding by all rules and regulations of said program for a term of not less than 90 days or more than 1 year. Upon successful completion of the program, participate in a drug or alcohol abuse continuum of care treatment plan as per Article 42.12 of the Code of Criminal Procedure, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program with the concurrence of the Brazos County SAFPPF Coordinator.

___ (29) As an alternative to incarceration and effective immediately upon your release from SAFPF, for a period not to exceed two years, you will be on a SAFPF caseload, which is part of the Intensive Probation Program.

___ (30) Per the Health and Safety Code, pay to the BCCSCD a $5.00 fee per month, every month of the community supervision term, payable on the first day of every month, beginning in the month next following entry of this order.

___ (31) Register with the appropriate law enforcement authority in the municipality (incorporated town or city) or county where you reside or intend to reside for more than seven days. Registration must be made within seven days following that arrival, or within ten days of arrival in another state that has registration requirements, and proof must be provided to the supervision officer/aide within 30 days after the required registration date.

___ (32) Within 30 days of the date of this order, begin attendance at psychological counseling sessions for sex offenders with an individual or organization providing sex offender treatment or counseling as specified or approved by the supervision officer/aide. Do not attempt to terminate said treatment without the written consent of the treatment team in charge of your case. The community supervision officer is authorized to share the contents of the pre-sentence report in this case with the service provider.

___ (33) Pay all reasonable costs incurred up to 365 days from the date of this order by or on the behalf of the victim for psychological counseling made necessary by this offense.

___ (34) Within 30 days of the date or this order, pay the actual cost of publication of the offense, your age, gender, municipality, street name, and zip code.

_X_ (35) Do not go in, on, or within 1000 feet of a premises where persons 17 years of age or younger commonly gather, including but not limited to, a school, day care facility, playground, park, public or private youth center, public swimming pool, or video arcade. A sample, but not necessarily all-inclusive, list of said facilities is available from the supervision officer/aide.

_X_ (36) Do not attend, supervise, or participate in parties, activities, or functions that have as their primary focus children, including any program that regularly provides athletic, civic, or cultural activities to persons 17 years of age or younger.

_X_ (37) Do not associate with any person 17 years of age or younger unless in the presence of another adult at all times, or as follows: _____

_X_ (38) Do not seek or gain employment, or perform any volunteer work, with any firm or business whose function includes the provision of services to persons 17 years of age or younger (exception: _____)

___ (39) Within 60 days of the date of this order, and at the direction of the supervision officer/aide, submit a blood sample or other specimen to the Department of Public Safety for DNA typing, and pay all costs of said test.

09 - 02406 - CRF - 272  Cts 1-20
09 - 02495 CRF - 272  Cts1-20
NO. 09 - 02494 - CRF - 272  Cts1-13

*Additional Conds. of Bond Supervision*

___ (40) Submit to polygraph testing at your expense at the direction of and within 30 days of said request by the supervising officer/aide, to assist in determining compliance with the conditions of supervision, and/or facilitating mental health treatment.

X (41) Do not possess, access, create, transmit, download, or view any journalistic, photographic, video, electronic, disc, Internet/World Wide Web, or computer based material that is sexually oriented and/or portrays the nudity of a child or an adult in any format. Permit a supervision officer/aide a reasonable review of any journalistic, photographic, video or computer-based material in the home as requested. Provide upon request a computer-generated list of any Internet/World Wide Web sites visited. Do not have a personal electronic address on the Internet or on any other computer service (exception / time frame: _____

_____ communication, including in person, via another person, telephone, letters, e-mail, Internet, "chat rooms," or faxes with any person 17 years of age or younger.

X (42) Submit to electronic monitoring, global positioning technology, or similar technology to monitor your movements for a term not to exceed *the pendency of* days / months. During this term, remain in your home between the hours of ___ and ___ except as authorized to participate in community programs. Further, maintain landline telephone service to your home, pay for the service and any required monitoring, have no call forwarding features on the phone, and comply with all rules, regulations, and procedures of said service.

X (43) The defendant will surrender his passport to the BC-CSCD.

___ (44) _____

Date   6 - 16 - 09                    _____
                                      Presiding Judge   *Travis Bryan III*

I received a copy of, understand, and agree to abide by these additional conditions of community supervision, which are a continuation of the Conditions of Community Supervision.

Date   _____

Defendant   _____        Community Supervision Officer   _____

page 2 of 2

**Page 10**

NO. 09-02494-CRF-361

FILED
JUL 15 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR COURT REPORTER TO RECORD PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause and submits the following:

I.

The Defendant respectfully requests this Court to instruct the Court reporter of this Court to take down in shorthand or by any other method to record all proceedings held in this cause including but not limited to the following:

a. All testimony and evidence adduced at all pretrial hearings in this cause.

b. The entire voir dire examination of the jury panel during the trial of this cause on the merits.

c. All opening statements by counsel for the prosecution counsel for the Defendant during the hearing on guilt/innocence, all objections made thereto and the of the Court hereof.

d. All testimony of any and all witnesses during the guilt/innocence hearing and the punishment hearing, if any.

e. The contents of all recordings which are played during the trial of this cause before the jury and/or the judge.



1

f.  The contents of all exhibits which are read by any witness or by counsel, to the jury and/or to the Court.

g.  All testimony adduced at hearings held outside the presence of the jury during the guilty innocence hearing and the punishment hearing, if any.

h.  All communications between the Court and the Jury during the guilt/innocence hearing and the punishment hearing, if any.

i.  All arguments made to the jury by counsel for the prosecution and counsel for the Defendant during the guilt/innocence hearing and the punishment hearing, if any.

j.  All objections made by defense counsel and the District Attorney, and all rulings of the Court thereon, during the pretrial hearings, the hearing to determine the guilt/innocence, and the punishment hearing, if any.

k.  All objections to the charge of the Court made by defense counsel and the County Attorney, during the guilt/innocence hearing and the punishment hearing, if any, and all rulings of the Court with respect thereto.

l.  All bills of exception, evidence and testimony introduced thereon and the ruling of the Court.

m.  All conferences at the bench held between the Judge and the Attorney.

II.

In support of the Defendant's motion, the Defendant submits that Article 40.09(4) C.C.P. is a mandatory statute and it requires that whenever a request for a Court Reporter is made, the refusal to furnish the Court Reporter and require a transcription of the foregoing proceedings is per se prejudicial; harm need not be shown.  Soto v. State, 671 S.W.2d 43 (Tex. Cr. App. 1984).

2

**Page 12**

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will order the Court Reporter to record all proceedings requested herein.

Respectfully submitted,

JAMES, REYNOLDS & GREENING

BY:_____

JIM W. JAMES
P.O. Box 1146
Bryan, Texas 77806
Telephone:  979/846-1934
Facsimile:  979/846-3028
SBOT # 10554250
ATTORNEY FOR DEFENDANT

3

## ORDER

On this the _____ day of _____, 2009, came to be heard the

Defendant's Motion For Court Reporter To Record Proceedings, and it appears to

the Court that the motion is (granted)(denied).


_____

JUDGE PRESIDING

### CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on

this _____ day of _____, 2009, a copy of the foregoing

Motion For Court Reporter To Record Proceedings was hand delivered to the

District Attorney's Office of Bryan, Brazos County, Texas.


_____

JIM W. JAMES

4

NO. 09-02494-CRF-361

FILED
At 3:11 o'clock P M
JUL 1 5 2009
MARC ____, DIST CLERK
Brazos County, Texas
By ____, Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now defendant in the above-entitled and numbered cause, and moves the Court to order the Prosecutor to permit defense counsel to inspect and copy or photograph the following items which are in the possession, custody, or control of the State or any of its agencies:

I.

1. The name, addresses, and correct telephone numbers of all witnesses the State will call in its case in chief;

2. The names, addresses and correct telephone numbers of all witnesses the State will call or anticipates calling as rebuttal witnesses; this would include but not be limited to witnesses as to the Defendant's bad reputation for truth and veracity and extraneous offense witnesses. See Young vs. State, 547 S.W.2d 23 (Tex. Crim. App. 1977);

3. The names, addresses and correct telephone numbers of all witnesses the State will call in any punishment phase of the trial;

1

**Page 15**

4.  The names, addresses and telephone numbers of all witnesses to the alleged crime.

5.  A list of "bad acts" which the state intends to use in cross examining any defense reputation witnesses;

6.  Any extraneous offenses of the Defendant which the State will use in the case pursuant to Rule 404(b) of the Texas Rules of Evidence;

7.  Any extraneous offenses of the Defendant which the State will use in this cause pursuant to Art. 37.07 of the Penal Code;

8.  A list of all police officers to whom the alleged victim spoke about the offense;

9.  A list of all police officers who investigated the instant offense;

10.  Reports of any scientific tests done in connection with this case and the name, address and telephone number of the person performing the exam and all persons involved in the gathering and chain of custody.  Such tests include but are not limited to fingerprint exams, chemical exams, serology, polygraphs, medical tests or exams, blood analyses, chemical analyses, tireprint comparisons, and cast or camera comparisons;

11.  All written statements made by the Defendant to law enforcement which the state intends to introduce into evidence as direct evidence or rebuttal;

12.  All oral statements made by the Defendant to law enforcement which

2

**Page 16**

the State intends to introduce into evidence as direct evidence or rebuttal evidence;
**Cruz v. State**, 645 S.W.2d 498 (Tex.App. - San Antonio 1982).

13.  Any and all photo lineups used in conjunction with this case and shown to any potential witness in this case;

14.  The names, addresses and correct phone numbers of all persons present at any photo lineup or personal lineup or show up   in this case;

15.  All statements made by the defendant.

16.  All documents and photos and physical evidence held by the State in connection with this case, including but not limited to prior judgments of conviction, undeveloped photos and unidentified latent fingerprints;

17.  The names, addresses and correct phone numbers of all persons who testified before any grand jury concerning this case;

18.  The existence of any electronic surveillance;

19.  The existence of any tape recording the state intends to offer into evidence in this case;

20.  The prior criminal record of the Defendant who is a potential witness. See Rule 609 of the Rules;

21.  The name, address and telephone number of any informants in this case unless the State can show such information to be privileged;

22.  All statements, written or oral made by the complainant to law

3

enforcement officers;

23. A copy of all grand jury statements and testimony made in conjunction with the presentation of the case;

24. All documents and books and drawings and items of physical evidence which the State intends to introduce in this cause.

25. All objects and tangible property taken by the State during the course of its investigation of the offense with which the Defendant is herein charged and alleged to belong to the Defendant;

26. All weapons alleged by the State to have been used by the Defendant, his co-defendants and his co-conspirators in the commission of the alleged offense with which the Defendant is herein indicted;

27. The written waiver alleged by the State to have been signed by the Defendant concerning the Defendant's right to counsel prior to the making of any written and/or oral statement while the Defendant was under arrest;

28. Any search or arrest warrant issued in this case and the underlying affidavit;

29. All photographs of the Defendant which were used in conjunction with the investigation of this case, including any photograph which may have been shown by any law enforcement officer to any potential witness in this case;

30. Any and all alleged statements, confessions, or admissions made by any

4

co-defendants herein, whether written or otherwise recorded and made while

co-defendant was in custody or under indictment by the State of Texas;

31.  Any and all records which the State intends to offer into evidence, or

offer verbal testimony from, under the "Business Records Act", Article 3731b,

Revised Civil Statutes of Texas; under the "Official Written Instruments Act",

Article 3731a, Revised Civil Statutes of Texas; concerning Certified Copies of

Heads of Departments; or Article 3737e, Revised Civil Statutes of Texas,

concerning Memorandum or Records of Acts, Events, or Conditions; or Rule 803

or 804 of the Texas Rules of Criminal Evidence;

32.  Any bad acts, including convictions, which the State intends to

introduce at punishment, including the county of occurrence, date of occurrence

and victim.

33.  All medical reports from all hospitals and doctors.

II.

In support of this motion the Defendant in good faith and nor for the

purpose of delay states that the requested items are material in that they are

necessary for the preparation of the defense to insure that the Defendant is

provided with the right to adequately investigate, cross-examine, confront, and

impeach prosecution witnesses and to guarantee the effective assistance of

counsel.  The Defendant is not able to obtain the requested items through the

5

**Page 19**

exercise of due diligence except by Court order.

WHEREFORE, the Defendant prays the Court grant this motion and order the District Attorney to permit the defense counsel to inspect and copy or photograph the above-mentioned items which are material to matters involved in the above-entitled and numbered cause.

Respectfully submitted,

JAMES, REYNOLDS, & GREENING

BY:_____

JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
Telephone:  979/846-1934
Facsimile:  979/846-3028
ATTORNEY FOR DEFENDANT

6

**Page 20**

## ORDER

On this the _____ day of _____, 2009, came to be heard the

Defendant's Motion For Discovery and Inspection, and it appears to the Court that:

The following portions of the above motion are granted _____

_____.

The following portions of the above motion are denied _____

_____.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on

this _____ day of _____, 2009, a copy of the foregoing Motion

For Discovery And Inspection was hand delivered to the District Attorney's Office

of Bryan, Brazos County, Texas.

_____
JIM W. JAMES

7

**Page 21**

NO. 09-02494-CRF-361

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## INVOCATION OF THE RULE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above-entitled and numbered cause and hereby moves this Court to invoke the rule in this cause pursuant to Rule 613 of Texas Rules of Criminal Procedure. The Defendant moves this Court to instruct the attorney for the State and witnesses for the State not to communicate with prospective witnesses as to what testimony has been adduced so as not to defeat the purpose of the rule.

Respectfully submitted,
JAMES, REYNOLDS & GREENING

BY:_____

JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
Telephone: 979/846-1934
Facsimile: 979/846-3028
ATTORNEY FOR DEFENDANT

1

**Page 22**

## ORDER

The above Invocation Of The Rule is (granted) (denied).

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on this _____ day of _____, 2009, a copy of the foregoing Invocation Of The Rule was hand delivered to the District Attorney's Office of Bryan, Brazos County, Texas.

_____
JIM W. JAMES

2

FILED
JUL 15 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By_____ Deputy

NO. 09-02494-CRF-361

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## **MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant, by and through his attorney of record, and respectfully requests the Court to require the County Attorney to instruct its witnesses that certain matters should not be mentioned, alluded to, or attempted to be introduced into evidence before a jury in this cause without first establishing the admissibility of such evidence outside the presence of the jury and prior to alluding to, mentioning, or attempting to introduce such evidence as follows:

A. Any booking records of the Defendant from the Jail or any other penal institutions;

B. Any hearsay information that this Defendant was involved in any other offenses at all, and in particular to any offenses other than that charged;

C. Any statements, facts, allegations, rumors, conclusions, or inferences purportedly made either by the Defendant or any other person as to any other charges or convictions that either had been, might have been, or may be in the future, filed or prosecuted against this Defendant;

D. Any evidence of extraneous offenses or acts of misconduct for which the Defendant is not on trial;

E. Any opinion evidence of Defendant's reputation in the community for being peaceful and law abiding, sober, or truthful;

1

F. Any evidence of a prior conviction;

G. That neither the County Attorney nor any member of his staff request that the Defendant or Defendant's attorney stipulate to any testimony, whether it be the qualification of an expert or otherwise, as such could only serve to prejudice the Defendant before the jury if Defendant or Defendant's attorney refuses to stipulate as requested, thus allowing prejudicial error to get before the jury, which no subsequent instruction can cure;

H. Any reputation evidence concerning the accused in this cause until it is first determined outside the presence and hearing of the jury whether the witness testifying to the reputation evidence has had adequate opportunity to know the reputation of the Defendant and has had adequate information available to him to permit his testifying, since to allow such testimony and cross-examination in the presence of the jury can only serve to allow prejudicial testimony to get before the jury, causing error which no subsequent instruction can cure;

I. That the County Attorney and all the members of his staff be instructed not to elicit from any witness any oral or written statement allegedly made by the Defendant as a result of the transaction in question without first taking the matter up outside the presence of the jury to as whether or not such statement is admissible and meets the constitutional test set out in Miranda and in the laws of the State of Texas;

J. That the State's attorney not imply or suggest in any manner whatsoever that the Defendant should be convicted in order to support the decision of the law enforcement officers;

K. That the State's attorney, and through said attorney each of the State's witnesses, not imply, suggest, state, or in any manner indicate that the Defendant or any of Defendant's witnesses have been or may have been involved in other extraneous offenses or possible offenses, until after a proper predicate is offered and introduced into evidence or the testimony or writing has first been presented to or approved by the Court outside the presence and hearing of the jury impaneled to decide the cause;

L. Defendant requests the Court to instruct the County Attorney and his assistants not to engage in any name calling of the Defendant, but rather to

2

**Page 25**

26     refer to the Defendant by Defendant's Christian and surname, the "Defendant", or the "The Accused". Movant would show that the use of any other name could only be for the purpose of attaching derogatory and satirically flattering labels to the Defendant and same would be prejudicial and likely to create bias against the Defendant before the jury which would prevent Defendant's obtaining a fair trial;

M. That the State of Texas cannot appeal a case in the event of any acquittal;

N. That the members of the jury or jury panel are an arm of the prosecution of any law enforcement agency of the State of Texas, or words to that effect;

O. That the prosecutor represents the people of the State of Texas <u>and</u> that as such he represents the members of the jury panel, or words to that effect;

P. That public opinion in the community, or public opinion in general, requires that the jury convict the Defendant in this cause, or words to that effect;

Q. To instruct the County Attorney that he, co-counsel, and all of the State's witnesses are included within the scope of this motion and that he be instructed to advise them fully and adequately prior to their testimony;

WHEREAS, PREMISES CONSIDERED, Defendant prays the Court to require the County Attorney to instruct its witnesses, or for the Court to instruct the witnesses in this cause, not to mention, allude to or attempt to introduce any evidence before the jury, as to the above stated matters, without first establishing the admissibility of such evidence outside the presence of the jury; and to prohibit the prosecutor from mentioning or alluding to by comment or question any such matter; and for such other and further relief to which the Defendant may show himself to be justly entitled, either at law or in equity.

3

Respectfully submitted,

JAMES, REYNOLDS & GREENING

BY:_____

JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
Telephone:  979/846-1934
Facsimile:  979/846-3028
ATTORNEY FOR DEFENDANT

4

## ORDER

Be it remembered that the foregoing motion was presented to the Court on

the _____ day of _____, 2009, and that the following portions are

hereby granted _____, and the following

portions are hereby denied _____.

SIGNED and ENTERED on the date set forth above.

_____

JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on

this _____ day of _____, 2009, a copy of the foregoing Motion In

Limine was hand delivered to the District Attorney's Office of Bryan, Brazos

County, Texas.

_____

JIM W. JAMES

5

NO. 09-02494-CRF-361

DC FILED
At 3:11 o'clock P M

JUL 15 2009

MARC HAMLIN, DIST CLERK
Brazos County, Texas
_____ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## REQUEST FOR NOTICE

TO THE HONORABLE PROSECUTOR OF SAID COURT:

Comes Now the defendant in the above styled and numbered cause, by and through his attorney of record, and pursuant to the Texas Rules of Criminal Evidence and the Texas Code of Criminal Procedure requests the attorney for the State of Texas to give, in proper form, to Defendant timely notice of the proposed use of evidence, specifically:

1. Pursuant to Rule 404(b), notice, in a timely fashion, by the State of its intent to introduce evidence in its case in chief of any other crime, wrongs, or acts allegedly committed by Defendant, other than those alleged in the Indictment or Information in this cause.

2. Prior written notice, with complete copies, in a timely fashion, of any records, documents, reports or other evidence which the State intends to introduce into evidence pursuant to any provision of Rule 803, Rule 804, or Rule 902 so that he may have a reasonable opportunity to investigate whether the preparation or sources of the information, or any other circumstances concerning the proposed evidence indicate a

1

**Page 29**

lack of trustworthiness.

3.  Pursuant to Article 37.07(g), of the Code of Criminal Procedure written reasonable notice, in a timely fashion of intent to introduce evidence of extraneous crimes or bad acts as provided for in Article 37.07(3)(a) of the Code of Criminal Procedure.

4.  Pursuant to Rule 609(f) of the Texas Rules of Evidence, evidence of any impeaching convictions of the defendant.

5.  Pursuant to Article 38.37 V.A.C.C.P., other acts or crimes committed by the defendant.

The requested notice and opportunity to investigate this type of proposed evidence is essential to the Defendant's right to a fair trial, effective representation by counsel, and due process pursuant to provisions of Article I, Section 10 and 19 of the Constitution of the State of Texas, and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

<div style="margin-left:40%">

Respectfully submitted,
JAMES, REYNOLDS & GREENING


BY: _____
JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
Telephone:  979/846-1934
Facsimile:  979/846-3028
ATTORNEY FOR DEFENDANT

</div>

2

**Page 30**

272

NO. 09-02494-CRF-361

FILED
JUL 15 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## REQUEST FOR EXPERT WITNESS NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above-entitled and numbered cause and moves this Court to require the State to give adequate notice of any and all witnesses the State may have testify or give evidence under Rules 702,703 or 705 of the Texas Rules of Evidence 20 days before trial pursuant to Art. 39.14.

Respectfully submitted,

JAMES, REYNOLDS & GREENING

BY: _____

JIM W. JAMES
SBOT #10554250
P.O. Box 1146
Bryan, Texas 77806
TELEPHONE: 979/846-1934
FACSIMILE: 979/846-3028
ATTORNEY FOR DEFENDANT

## ORDER

The above Request For Expert Witness Notice is (granted) (denied).

_____

JUDGE PRESIDING

## CERTIFICATE OF SERVICE

    I, the undersigned attorney of record for defendant, do hereby certify that on this _____ day of _____, 2009, a copy of the foregoing Request For Expert Witness Notice was hand delivered to the District Attorney's Office of Bryan, Brazos County, Texas.

_____

JIM W. JAMES

**Page 32**

FILED
At 3:11 o'clock P M
JUL 1 5 2009
MARC _____, DIST CLERK
Brazos County, Texas
By _____, Deputy

NO. 09-02494-CRF-361

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## MOTION FOR EXCULPATORY EVIDENCE PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and moves this Court to order the State (known to the prosecution or law enforcement, see **Ex Parte Adams**, 768 S.W.2d 281 (Tex.App.-1989) to disclose to the Court and Defendant any exculpatory evidence tending to be inconsistent with the guilt of the Defendant including:

1. The name, address and phone number of any other suspects in this case who were ever questioned or sought for questioning about this case.

2. Any statements made by the victim or witness to be called in this case inconsistent with the guilt of the Defendant. Such statements might include, though would not be limited to, statements that the crime did not occur or identification of another person as the perpetrator of the offense or an inability or hesitancy in identifying this Defendant as the perpetrator or a description of the perpetrator that is not consistent with that of the Defendant. See **Ridyolph v. State**, 503 S.W.2d 276 (Tex.Crim.App.-1973); **McNeil v. State**, 642 S.W.2d 526

1

**Page 33**

(Tex.App. - Houston 1982).

    3.  Any indication or evidence the search was improper or illegal.

    4.  The prior criminal record of any potential state witness.  **U.S. v. Agurs**, 427 U.S. 97 (1976); **Reed v. State**, 644 S.W.2d 494 (Tex.App. - Corpus Christi 1982).

    5.  Any currently pending criminal case involving any State witnesses, **State v. Harris**, 642 S.W.2d 471 (Tex. Crim.App. 1982).

    6.  Any "deals" or "agreements", express or implied, made between the State and any witness, **Giglio v. U.S.**, 405 U.S. 150 (1972).

    7.  The results of any scientific test which is inconsistent with the guilt of the Defendant.

    8.  The existence name, address and telephone number of any material witness whose testimony would tend to exculpate this Defendant.

    9.  Any information that would tend to mitigate the Defendants punishment should he be convicted.

    10.  Any information possessed by the State that tends to indicate that any prior conviction of the Defendant is void or voidable or may be successfully challenged via habeas corpus.

    11.  Any information obtained from any informant or snitch that someone other than the Defendant committed the offense.

12. Any other information inconsistent with the alleged guilt of the Defendant.

13. Any offers by the state of leniency or immunity offered anyone if they would testify against the Defendant or cooperate in investigating the Defendant.

14. Any statements made by any witnesses interviewed by the State in connection with this cause which statements incriminated said witness with possible criminal liability.

15. Any evidence or indication that the stop, detention or search was illegal or in violation of Article 38.23 V.A.C.C.P.

16. Any evidence known to the State which casts doubt on the veracity of any State witness. See *Keeter v. State* ___ S.W.3d ___, 2003 WL 68456 (Tex.App.-Waco 2003).

17. To ensure compliance with the above requests, the Defendant would ask that before trial the Court conduct an in camera examination of the State's file to determine the existence of any exculpatory evidence.

WHEREFORE, the Defendant prays the Court grant this Motion for Exculpatory Evidence in the above-numbered and entitled cause.

3

Respectfully submitted,

JAMES, REYNOLDS & GREENING

BY:_____

JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
Telephone:  979/846-1934
Facsimile:  979/846-3028
ATTORNEY FOR DEFENDANT

## ORDER

On this the _____ day of _____, 2009, came to be heard the

Defendant's Motion For Exculpatory Evidence, and it appears to the Court that:

The following portions of the above motion are granted _____

_____.

The following portions of the above motion are denied _____

_____.


_____

JUDGE PRESIDING

4

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, hereby certify that on

this _____ day of _____, 2009, a copy of the foregoing Motion

for Exculpatory Evidence Production was hand delivered to the District Attorney's

Office of Bryan, Brazos County, Texas.

_____
JIM W. JAMES

5

NO. 09-02494-CRF-361

FILED
DC
At 3:11 o'clock P M
JUL 15 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By_____, Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 361ST DISTRICT COURT |
| | § | |
| GREGG BAIRD | § | BRAZOS COUNTY, TEXAS |

## MOTION TO SUPPRESS STATEMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above-entitled and numbered cause and hereby moves this Honorable Court to suppress any statements that were the result of custodial interrogation made by the Defendant after the Defendant was in custody to any law enforcement officer and as grounds would show:

I.

Prior to any such statements the Defendant had not been given the required warnings as required by the Fifth and Fourteenth Amendments to the United States Constitution, Art. 1 Section 9 and 10 of the Texas Constitution and Section 38.22 and 38.23 V.A.C.C.P.

II.

The initial stop and subsequent arrest of the Defendant was without legal justification or reasonable suspicion and without valid warrant and any statement resulting thereof is a fruit of the illegal stop and arrest.

1

III.

An attorney was requested and denied a request to terminate was denied.

IV.

Any oral statements made are not admissible pursuant to Art. 38.22 and 38.23 V.A.C.C.P.

V.

Any statement was not voluntary.

VI.

For such other reasons as may be shown at the hearing.

WHEREFORE, PREMISES CONSIDERED, the Defendant moves this Court pursuant to Art. 38.22 V.A.C.C.P., Art. 38.23 V.A.C.C.P., the 4th, 5th, 6th and 14th Amendments to the United States Constitution, Art. 1 Section 9 and 10 of the Texas Constitution to suppress any statements made by the Defendant to law enforcement officers after the Defendant was in custody.

Respectfully submitted,
JAMES, REYNOLDS & GREENING

BY: _____
JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
979/846-1934
FAX: 979/846-3028
ATTORNEY FOR DEFENDANT

2

**Page 39**

## ORDER

The above Motion To Suppress Statements is (granted) (denied).

_____

JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant, do hereby certify that on

this _____ day of _____, 2009, a copy of the foregoing

Motion to Suppress Statements was hand delivered to the District Attorney's

Office of Bryan, Brazos County, Texas.

_____

JIM W. JAMES

3

**Page 40**

**FILED**

JUL 1 5 2009

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By J. Mox , Deputy

NO. 09-02494-CRF-361

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| | § | 361ST DISTRICT COURT |
| VS. | § | |
| | § | BRAZOS COUNTY, TEXAS |
| GREGG BAIRD | § | |

## MOTION TO SEVER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the defendant in the above-entitled and numbered cause and moves this Court, pursuant to § 3.04 of the Texas Penal Code to sever the thirteen counts alleged in the same indictment.

Respectfully submitted,

JAMES, REYNOLDS & GREENING

BY: _____

JIM W. JAMES
SBOT # 10554250
P.O. Box 1146
Bryan, Texas 77806
TELEPHONE: 979/846-1934
FAX: 979/846-3028
ATTORNEY FOR DEFENDANT

1

**Page 41**

## ORDER

On this the _____ day of _____, 2009, came to be heard

the Defendant's Motion To Sever and it is hereby (granted) (denied).

_____

JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for defendant do hereby certify that on

this ___13___ day of ___July___, 2009, a copy of the foregoing Motion To

Sever was hand delivered to the District Attorney's Office of Bryan, Brazos

County, Texas.

_____

JIM W. JAMES

2

**Page 42**

**FELONY**     **BAIL BOND**     CRIMINAL

Bond ID #   09-35355
Jail ID#     201098
Date:    06/18/2009

The State of Texas
County of **BRAZOS**

**KNOW ALL MEN BY THESE PRESENTS**

THAT WE, **BAIRD, GREGG CARL** as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto the State of Texas in the penal sum of $ **1,400.00** dollars. And in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment with sum or sums, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY** in the **District** Court of **BRAZOS** County, Texas, with a **FELONY** offense, to wit: POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the **District** Court, of **BRAZOS** County, Texas. At it's present term, if now in session, or at its next regular term, if now in vacation, to be held at the Court House, of said County of **BRAZOS** in the City of **BRYAN** Texas, and further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs, executors and administrators, jointly and severally in addition to the principal amount specified in this bond for the payment of all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found, and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this **18th** day of **June, 2009**

| | | |
|---|---|---|
| Principal | 2009 RAVENSTONE, College Station, TX 77845 | 979-777-5577 |
| BAIRD, GREGG CARL | Address | Telephone |
| Surety ALLEGHENY CASUALTY CO. | 219 #A E. WM J BRYAN PKWY, BRYAN, TX 77803 | 979-775-9773 |
| | Address | Telephone |
| Surety | Address | Telephone |

Approved this **18th** day of **June,2009**

**Christopher C. Kirk**
Sheriff                         Deputy

DC **FILED** At __ o'clock __ M

JUL 16 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS        **OATH OF SURETIES**

I do swear that I am worth in my own right, at least the sum of $ **1,400.00** dollars after deducting from my property all that which is exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me, and that I reside in the county of Brazos and have property in Texas liable to execution worth said amount or more to wit the sum of $ **2800.00** dollars.

Signed this **18th** day of **June, 2009**

Surety                                           Surety

Subscribed and sworn to before me this 15 day of June 2009

MARK EDWARD MYERS
Notary Public, State of Texas
My Commission Expires
May 01, 2011   N/A

Notary Public, Brazos County, Texas

**WAIVER OF MAGISTRATE'S WARNING**

I, _____ having been charged with the _____ offense of N/A do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this **18th** day of **June, 2009**

28907

_____
Principal

**Page 43**

ORIGINAL

**FELONY**          **BAIL BOND**

Bond ID #    09-35356

Jail ID#    201098

Date:    06/18/2009

The State of Texas
County of **BRAZOS**

### KNOW ALL MEN BY THESE PRESENTS

·THAT WE, **BAIRD, GREGG CARL**                     as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto
the State of Texas in the penal sum of $ **1,400.00**        dollars. And in addition thereto, we are bound for the payment of all fees and
expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment which sum or sums, well
and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY**
in the  **District**      Court of   **BRAZOS**                      County, Texas, with a   **FELONY**            offense, to wit:
**POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272**

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the
**District**      Court, of    **BRAZOS**              County, Texas. At it's present term, if now in session, or at its next regular term, if
now in vacation, to be held at the Court House, of said County of **BRAZOS**                in the City of **BRYAN**                       Texas, and
further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all
subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from
day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this
obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs,
executors and administrators, jointly and severally, in addition to the principal amount specified in this bond for the payment of all necessary and
reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found,
and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this  **18th**  day of  **June, 2009**

Principal    **BAIRD, GREGG CARL**        **2009 RAVENSTONE, College Station, TX 77845**        979-777-5577

                                          Address                                     Telephone

Surety    **ALLEGHENY CASUALTY CO.**        **219 #A E. WM J BRYAN PKWY, BRYAN, TX  77803**      979-775-8774

                                          Address                                     Telephone

Surety                                    Address                                     Telephone

Approved this  **18th**  day of    **June, 2009**

**Christopher C. Kirk**
Sheriff                                                                   Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS          **OATH OF SURETIES**

DC **FILED**
At        o'clock      M

**JUL 1 6 2009**

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By                      Deputy

I do swear that I am worth in my own right, at least the sum of $  **1,400.00**      dollars after deducting from my property all that which is
exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or
security debts, and after satisfying all encumbrances upon my property which are known to me; and that I reside in the county of Brazos and have
property in Texas liable to execution worth said amount or more to wit the sum of $        **2800.00**           dollars.

Signed this  **18th**  day of    **June, 2009**

Surety

Surety

Subscribed                            5   day of  June 2009

MARK EDWARD MYERS
Notary Public, State of Texas
My Commission Expires
May 01, 2011

Notary Public, Brazos County, Texas

### WAIVER OF MAGISTRATE'S WARNING

I,                                        , having been charged with the             offense of    N/A
do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this  **18th**  day of   **June, 2009**

28909

Principal

**Page 44**

**FELONY**     **BAIL BOND**     ORIGINAL

Bond ID #   09-35357
Jail ID#   201098
Date:   06/18/2009

The State of Texas
County of **BRAZOS**

## KNOW ALL MEN BY THESE PRESENTS

THAT WE, **BAIRD, GREGG CARL** as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto the State of Texas in the penal sum of $ **1,400.00** dollars. And in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment which sum or sums, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY** in the **District** Court of **BRAZOS** County, Texas, with a **FELONY** offense, to wit: POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the **District** Court, of **BRAZOS** County, Texas. At it's present term, if now in session, or at its next regular term, if now in vacation, to be held at the Court House, of said County of **BRAZOS** in the City of **BRYAN** Texas, and further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs, executors and administrators, jointly and severally in addition to the principal amount specified in this bond for the payment of all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found, and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this **18th** day of **June, 2009**

| | | |
|---|---|---|
| Principal BAIRD, GREGG CARL | 2009 RAVENSTONE, College Station, TX 77845 | 979-777-5577 |
| | Address | Telephone |
| Surety ALLEGHENY CASUALTY CO. | 219 #A E. WM J BRYAN PKWY, BRYAN, TX 77803 | 979-775-8773 |
| | Address | Telephone |
| Surety | Address | Telephone |

Approved this **18th** day of **June,2009**

**Christopher C. Kirk**
Sheriff

D. Lindley   Deputy

DC **FILED** At _10_ o'clock _A_ M

**JUL 1 6 2009**

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS

## OATH OF SURETIES

I do swear that I am worth in my own right, at least the sum of $ **1,400.00** dollars after deducting from my property all that which is exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; and that I reside in the county of Brazos and have property in Texas liable to execution worth said amount or more to wit the sum of $ **2800.00** dollars.

Signed this **18th** day of **June, 2009**
Surety

Surety

Subscribed and sworn to before me this **15** day of **June 2009**

MARK EDWARD MYERS
Notary Public, State of Texas
My Commission Expires
May 01, 2011

Notary Public, Brazos County, Texas

## WAIVER OF MAGISTRATE'S WARNING

_____, having been charged with the offense of _____ do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this **18th** day of **June, 2009**

Principal

28908

**Page 45**

**FELONY**          **BAIL BOND**          ORIGINAL          Bond ID #   09-35358
                                                             Jail ID#    201098
The State of Texas                                           Date:       06/18/2009
County of **BRAZOS**

**KNOW ALL MEN BY THESE PRESENTS**

THAT WE,  **BAIRD, GREGG CARL**          as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto
the State of Texas in the penal sum of $  **1,400.00**   dollars. And in addition thereto, we are bound for the payment of all fees and
expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment which sum or sums, well
and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY**
in the **District** Court of **BRAZOS** County, Texas, with a **FELONY** offense, to wit:
**POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272**

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the
**District** Court, of **BRAZOS** County, Texas. At it's present term, if now in session, or at its next regular term, if
now in vacation, to be held at the Court House, of said County of **BRAZOS** in the City of **BRYAN** Texas, and
further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all
subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from
day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this
obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs,
executors and administrators, jointly and severally, in addition to the principal amount specified in this bond for the payment of all necessary and
reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found,
and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this **18th** day of **June, 2009**

Principal _____  **2009 RAVENSTONE, College Station, TX 77845**   979-777-5577
BAIRD, GREGG CARL            Address                                 Telephone

Surety _____  **219 #A E. WM J BRYAN PKWY, BRYAN, TX  77803**   979-772-8774
ALLEGHENY CASUALTY CO.          Address                                 Telephone

Surety _____        Address                                 Telephone

Approved this **18th** day of **June,2009**

**Christopher C. Kirk** _____        D.Lindley
Sheriff                                              Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS          **OATH OF SURETIES**

```
            DC  FILED
         AL    o'clock    M
              JUL 16 2009
        MARC HANLIN, DIST CLERK
           Brazos County, Texas
        By                  Deputy
```

I do swear that I am worth in my own right, at least the sum of $  **1,400.00**   dollars after deducting from my property all that which is
exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or
security debts, and after satisfying all encumbrances upon my property which are known to me; and that I reside in the county of Brazos and have
property in Texas liable to execution worth said amount or more to wit the sum of $  **2800.00**   dollars.

Signed this **18th** day of **June, 2009**

Surety _____                        Surety _____

Subscribed and sworn to before me this _____ day of _____

```
   MARK EDWARD MYERS
   Notary Public, State of Texas
   My Commission Expires
   May 01, 2011
```
                                          Notary Public, Brazos County, Texas

**WAIVER OF MAGISTRATE'S WARNING**
                                having been charged with the _____ offense of **N/A**
do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this **18th** day of **June, 2009**

                                          **28910**

_____
Principal

**Page 46**

**FELONY**  **BAIL BOND**  ORIGINAL

Bond ID #  09-35359
Jail ID#  201098
Date:  06/18/2009

The State of Texas
County of **BRAZOS**

## KNOW ALL MEN BY THESE PRESENTS

THAT WE, **BAIRD, GREGG CARL** as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto the State of Texas in the penal sum of $ **1,400.00** dollars. And in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment which sum or sums, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY** in the **District** Court of **BRAZOS** County, Texas, with a **FELONY** offense, to wit: **POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272**

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the **District** Court, of **BRAZOS** County, Texas. At it's present term, if now in session, or at its next regular term, if now in vacation, to be held at the Court House, of said County of **BRAZOS** in the City of **BRYAN** Texas, and further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs, executors and administrators, jointly and severally in addition to the principal amount specified in this bond for the payment of all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found, and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this **18th** day of **June, 2009**

Principal — **BAIRD, GREGG CARL**  2009 RAVENSTONE, College Station, TX 77845  979-777-5577
Address  Telephone

Surety — **ALLEGHENY CASUALTY CO.**  219 #A E. WM J Bryan Pkwy, BRYAN, TX 77803  979-775-8774
Address  Telephone

Surety  Address  Telephone

Approved this **18th** day of **June,2009**

**Christopher C. Kirk**  Deputy  *P. Lindsey*
Sheriff

FILED
DC
At 10 o'clock M
JUL 16 2009
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS  **OATH OF SURETIES**

I do swear that I am worth in my own right, at least the sum of $ **1,400.00** dollars after deducting from my property all that which is exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me, and that I reside in the county of Brazos and have property in Texas liable to execution worth said amount or more to wit the sum of $ **2800.00** dollars.

Signed this **18th** day of **June, 2009**

Surety

Surety

Subscribed and sworn to before me this **18** day of **June 2009**

MARK EDWARD MYERS
Notary Public, State of Texas
My Commission Expires
May 01, 2011

Notary Public, Brazos County, Texas

## WAIVER OF MAGISTRATE'S WARNING

I, **N/A** , having been charged with the offense of **N/A** do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this **18th** day of **June, 2009**

28911

Principal

**Page 47**

**FELONY**

**BAIL BOND**     ~~ORIGINAL~~

| | Bond ID # | 09-35360 |
|---|---|---|
| | Jail ID# | 201098 |
| | Date: | 06/18/2009 |

The State of Texas
County of **BRAZOS**

### KNOW ALL MEN BY THESE PRESENTS

THAT WE, BAIRD, GREGG CARL

the State of Texas in the penal sum of $ **1,400.00** as principal and the other signers hereof as Sureties, if any, are held and firmly bound unto dollars. And in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by peace officers in the event the conditions of this bond are violated. For the payment which sum or sums, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The Conditions of the Above Obligation are Such that whereas the above named principal stands charged with a **FELONY**

in the **District** Court of **POSS OF CHILD PORNOGRAPHY 09-02494-CRF-272** County, Texas, with a **FELONY** offense, to wit:

Now if the said principal upon notice by the proper authority, shall well and truly make his personal appearance before the **District** Court, of **BRAZOS** County, Texas. At it's present term, if now in session, or at its next regular term, if now in vacation, to be held at the Court House, of said County of **BRAZOS** in the City of **BRYAN** Texas, and further shall well and truly make his personal appearance before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to the said charges in the course of criminal action based on said charge, and these remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect.

Now, in the event the Principal fails to appear before the said Court at the time above stated, we bind ourselves, and each one of us, our heirs, executors and administrators, jointly and severally, in addition to the principal amount specified in this bond for the payment of all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the Principal.

The principal does hereby waive extradition to the State of Texas from any jurisdiction in or outside the United States where he may be found, and also agrees not to contest any effort by any jurisdiction to return him to the State of Texas.

Signed this **18th** day of **June, 2009**

| | 2009 RAVENSTONE, College Station, TX 77845 | 979-777-5577 |
|---|---|---|
| Principal BAIRD, GREGG CARL | Address | Telephone |
| Surety ALLEGHENY CASUALTY CO. | 219 #A E WMS J BRYAN PKWY, BRYAN, TX 77803 | 979-775-8774 |
| Surety | Address | Telephone |

Approved this **18th** day of **June, 2009**

**Christopher C. Kirk**
Sheriff                                          O. Lindley
Deputy

| | |
|---|---|
| DC **FILED** | JUL 16 2009 |

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

**THE STATE OF TEXAS**
**COUNTY OF BRAZOS**       **OATH OF SURETIES**

I do swear that I am worth in my own right, at least the sum of $ **1,400.00** dollars after deducting from my property all that which is exempt by the constitution and laws of Texas from forced sale, and after payment of all my debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known **28,0000** and that I reside in the county of Brazos and have property in Texas liable to execution worth said amount or more to wit the sum of $ dollars.

Signed this **18th** day of **June, 2009**

Surety

Surety

Subscribed and sworn to before me this **18** day of **June 2009**

| MARK EDWARD MYERS |
|---|
| Notary Public, State of Texas |
| My Commission Expires |
| May 01, 2011 |
| N/A |

Notary Public, Brazos County, Texas

### WAIVER OF MAGISTRATE'S WARNING                    N/A

_____, having been charged with the _____ offense of do hereby waive my right to a Magistrate's Warning as provided by article 15.17, Texas Code of Criminal Procedures.

Signed this **18th** day of **June, 2009**

**28912**

Principal

**Page 48**