# 10 - 10 - 00297 - CR

## SUPPLEMENTAL
## CLERK'S RECORD

VOLUME 1 OF 1
Trial Court Cause No. 09-02494-CRF-272
In the 272ND DISTRICT COURT
of BRAZOS County, Texas-
Honorable TRAVIS BRYAN III, Presiding Judge

THE STATE OF TEXAS
VS.
Gregg Carl Baird

Appealed to the 10TH Court of Appeals
for the 272ND DISTRICT COURT
of Bryan, Texas.

Attorney for Appellant(s):
RICHARD E. WETZEL
1411 West Avenue
Austin, Tx 78701
PHONE NO: (512) 469-7943
FAX NO: (512) 474-5594
SBOT #: 21236300

Attorney for Appellee:
Doug Howell III (Asst. D.A.)
300 E. 26TH ST STE. 310
BRYAN, TEXAS 77803
PHONE NO:(979) 361-4320
FAX NO. (979) 361-4368
SBOT #: 10098100

Delivered to the 10TH Court of Appeals for
the 272ND DISTRICT COURT at _____BRYAN_____, Texas on
the _29th_ day of_November_, _2011_.

Marc Hamlin,
Brazos County District Clerk
Ashley Morgan
DEPUTY CLERK

Appellate Court Cause No. _____

FILED
TENTH COURT OF APPEALS

DEC 0 5 2011

Filed in the Court of Appeals for the 10TH District of
Texas, at Houston, Texas on this _____ day of
_____, 2011.

SHARRI ROESSLER, CLERK

_____, Clerk

By: _____, Deputy

RECEIVED
DEC 0 2 2011
COURT OF APPEALS
WACO, TEXAS

THE STATE OF TEXAS            §

COUNTY OF BRAZOS             §


In the 272ND DISTRICT COURT of Brazos County, Texas the Honorable TRAVIS BRYAN III Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause to wit:

Trial Court Cause No. 09-02494-CRF-272

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | BRAZOS COUNTY, TEXAS |
| Gregg Carl Baird | § | 272ND DISTRICT COURT |

CAUSE NO. 09-02494-CRF-272

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZOS COUNTY, TEXAS |
| Gregg Carl Baird | § | 272ND DISTRICT COURT |

INDEX PAGE

| | | PAGE |
|---|---|---|
| • STATE'S REPLY TO ABATEMENT ORDER (FILED NOV. 29, 2011) | ......................................... | 1-6 |
| • TRIAL COURT'S AMENDED CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL (FILED NOV. 29, 2011) | ......................................... | 7-8 |
| • ORDER (FILED NOV. 29, 2011) | ......................................... | 9 |
| • LETTER (FILED NOV. 29, 2011) | ......................................... | 10-11 |
| • DOCKET SHEET | ......................................... | 12-15 |
| • CLERK'S CERTIFICATE | ......................................... | 16 |

FILED
At 9:45 o'clock A M
NOV 2 1 2011
MARC HAMLIN, DIST CLERK
By _____ , Brazos County, Texas Deputy

NO. 09-02494-CRF-272

| | | |
|---|---|---|
| GREGG CARL BAIRD, | § | IN THE 272TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| STATE OF TEXAS | § | BRAZOS COUNTY, TEXAS |

FILED
At 4 o'clock 2 M
NOV 2 9 2011
MARC HAMLIN, DIST CLERK
By _____ , Brazos County, Texas Deputy

## STATE'S REPLY TO ABATEMENT ORDER

**COMES NOW** the State of Texas by and through Bill Turner, District Attorney of Brazos County, Texas, and moves this Court to consider the following in addressing the issue in the Court of Appeals November 16, 2011 abatement order to resolve the scope of its permission to appeal. Specifically, the Court of Appeals requested determination of whether this Court granted permission to appeal any issue arising from the punishment phase of the trial or only intended to allow appeal of the ruling on the motion to suppress. The following background provides context to the issue:

### I.

Gregg Carl Baird ("Appellant") was charged with committing thirteen counts of possession of child pornography. After this Court denied his pretrial motion to suppress, he entered a plea of guilty pursuant to an agreement in which he pled guilty to ten of the counts, the State agreed to dismissal of ninety unadjudicated offenses, and the parties waived a jury without reaching a specific punishment agreement. *See* State's Exhibit Nos. 2-4. The parties and this Court were all aware that Appellant intended to appeal this Court's ruling on the motion to suppress.

**Page 1**

## II.

After Appellant entered his plea, this Court recessed before considering punishment.   At the conclusion of the punishment hearing, this Court accepted Appellant's guilty plea.  It assessed a sentence of ten years imprisonment in count 1, a five year sentence in count 2, cumulated on count one, a ten year suspended sentence in count 3, and the remaining sentences at confinement for ten years running concurrent to count one. Upon assessing punishment, this Court admonished Appellant of his appellate rights.  It did not specify whether it was granting Appellant permission to appeal all issues arising from the punishment hearing or it only intended Appellant to appeal the ruling on the motion to suppress.

## III.

As the Court of Appeals noted, this is case involving a plea bargain, in which Appellant and the State reached a charge bargain.  While Appellant had a statutory right to appeal the motion to suppress issue, it required this Court's permission to appeal other issues after the entry of the plea bargain.  As a consequence, the Court of Appeals requires a certification of appeal that more accurately reflects its intention at the time it certified Appellant's right to appeal.

## IV.

In this case, the record does not reflect the Court's intentions.  This Court may have personal recollection.  Discussions of Appellant's appellate rights occur in the Court Reporter's Record in volume 4, pages 6-7 and pages 13-14.  After punishment, the Court's admonishments as to Appellant's right to appeal are in the Court Reporter's

Record in volume 6, page 6. Alternatively, testimony from the attorneys who reached the plea agreement may assist this Court's recollection.

V.

If this Court did not grant Appellant permission to appeal issues other than the motion to suppress at the time Appellant could have requested such, Appellant has no jurisdiction to appeal additional issues. *See Luera v. State*, 71 S.W.3d 408, 416 (Tex. App.–Waco 2001, pet. ref'd) (dismissing an appeal because the record contained nothing to indicate that the trial court granted permission to appeal). Because a trial court's certification of right to appeal must be consistent with the record, this Court can only appropriately certify that it granted Appellant permission to appeal if it did so at the time Appellant filed notice of appeal. *See Dears v. State*, 154 S.W.3d 610, 613-15 (Tex. Crim. App. 2005); *see also Carender v. State*, 155 S.W.3d 929 (Tex. App. – Dallas 2005, no pet.) (noting that the trial court's certification of right to appeal does not control if it is not supported by the record). Accordingly, the State requests this Court to certify the appropriate right to appeal consistent with what occurred at the time of trial.

**WHEREFORE, PREMISES CONSIDERED**, the State requests that this Court enter an order and docket entry noting the scope of its intentions with regard the Appellant's right to appeal and certify Appellant's right to appeal, indicating whether only the second paragraph or whether both the second and third paragraphs reflect its intent. Alternatively, the State prays that this Court set this case be set for a hearing in

NO. 09-02494-CRF-272

| | | |
|---|---|---|
| GREGG CARL BAIRD, | § | IN THE 272TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| STATE OF TEXAS | § | BRAZOS COUNTY, TEXAS |

TRIAL COURT'S AMENDED
CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

[ ] is not a plea-bargain case, and the defendant has the right of appeal. [or ]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or ]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or ]

[ ] is a plea-bargain case, and the defendant has NO right of appeal. [or ]

[ ] the defendant has waived the right of appeal.

_____          _____
Judge                                     Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my

**Page 5**

appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

| | |
|---|---|
| Gregg Carl Baird | Richard E. Wetzel |
| 01662122 | State Bar No. 21236300 |
| Marlin Unit | 1411 West Avenue |
| 2893 HWY 6 | Suite 100 |
| Marlin, TX, 76661 | Austin, TX, 78701 |
| | |
| | (512) 469-7943 |
| | (512) 474-5594 – fax |
| | |
| | Attorney for Appellant |
| | Gregg Carl Baird |

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2)

No. 09-02494-CRF-272

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | OF BRAZOS COUNTY |
| | § | |
| GREGG CARL BAIRD | § | 272nd JUDICIAL DISTRICT |

TRIAL COURT'S AMENDED
CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

[] is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

[X] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

[X] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [ *or* ]

[] is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

[] the defendant has waived the right of appeal.

_____          11-21-11
Judge                                      Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate

**Page 7**

attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

Gregg Baird w/permission
 gcw

Gregg Carl Baird
01662122
Marlin Unit
2893 HWY 6
Marlin, TX
76661

Richard E. Wetzel
State Bar No. 21236300
1411 West Avenue
Suite 100
Austin, TX
78701

(512) 469-7943
(512) 474-5594 – fax

Attorney for Appellant
Gregg Carl Baird

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2).

NO. 09-02494-CRF-272

| | | |
|---|---|---|
| GREGG CARL BAIRD, | § | IN THE 272TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| STATE OF TEXAS | § | BRAZOS COUNTY, TEXAS |

**ORDER**

On this day came to be heard the Court of Appeals November 16, 2011 abatement

order. After considering the issue, this Court had determined that it:

    ✓    DID

    ___    DID NOT

grant Appellant permission to appeal issues other than the written motion to suppress

considered before trial in this case when it certified Appellant's right to appeal.

SIGNED this 21 day of November, 2011.

_____
**JUDGE PRESIDING**

**Page 9**

RICHARD E. WETZEL
ATTORNEY AT LAW
Board Certified in Criminal Law By
The Texas Board of Legal Specialization
1411 West Avenue, Suite 100
Austin, TX 78701
(512)469-7943

E-MAIL: wetzel_law@1411west.com
www.TexasCriminalAppealsLawyer.com

November 21, 2011



Hon. Travis Bryan, III
Presiding Judge
272nd District Court
300 E. 26th Street, Suite 207
Bryan, TX 77803

Re: State of Texas v. Gregg Baird, No. 09-02494-CRF-272, in the 272nd
District Court of Brazos County and Baird v. State, No. 10-10-00297-CR in
the Tenth Court of Appeals

Dear Judge Bryan:

The Court of Appeals abated the above cause to your court last week due to a
defective certification of the right to appeal which was entered at sentencing on July 28,
2010. The defect stems from confusion at the time of sentencing as to whether the
agreement in Mr. Baird's case was a plea bargain. That question has now been answered
by the Court of Appeals. His agreement with the State was a charge plea bargain.

Two points are presented on appeal. The first point concerns the denial of a
motion to suppress. The second point concerns the admission of homosexual conduct
during sentencing. At the conclusion of sentencing, you assured Mr. Baird of his right to
appeal. No limitation was placed on his ability to appeal. As you recall, I was present at
sentencing. Both Jim James and I had the sense you intended to allow him to appeal any
matter which might be meritorious on appeal. Indeed, the abatement order notes you
likely intended to allow an appeal of matters occurring during sentencing.

I have prepared an amended certification which is included with this letter. The
amended certification will allow Mr. Baird's appeal to go forward and the Court of
Appeals to address the points he presents on appeal. There is no prohibition on checking
more than one box on the form as long as the selections are legally consistent.

I apologize for this confusion and inconvenience. Signing the amended
certification is the easiest was to correct this situation. Thank you for your attention and
cooperation in this matter.

Letter to Hon. Travis Bryan
November 21, 2011
Page Two

Sincerely,

Richard E. Wetzel
Attorney at Law

cc: Jeff Garon
    District Clerk

# CRIMINAL DOCKET - CAUSE NO. 09-02494-CRF-361

| NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|
| THE STATE OF TEXAS<br><br>VS<br><br>BAIRD, GREGG CARL | SMITH, DANNY WALLACE JR.<br><br><br>DEFENSE | POSS OF CHILD PORNOGRAPHY | 06/11/09 | CHARGING INSTRUMENT<br><br>Indictment |

| DATE OF ORDERS<br>Month/Day/Year | ORDERS OF THE COURT |
|---|---|
| 7 15 09 | Defendant appears ___ Counsel.<br>waiver ___ arraignment is ___ tered<br>plea of not guilty<br>Signed Agreed Discovery Order. |
|  | See ALSO Docket |
|  | Sheet for Cause No. |
|  | 09-02498-CRF-272 |
| 3 1 10 | Order (Denying) on Motion to Suppress Evidence |
| 3 26 10 | Order (pleads open to Ct on Cts 1 - 10. Found |
|  | guilty. Other Cts 11.45 barred for prosecution) |
|  | on counts one is withdrawn. Finding of |
|  | guilt entered but later w/d to allow d |
|  | to defer to remain open as an option for court. |

# CRIMINAL DOCKET - CAUSE NO. 09-02498-CRF-361

| NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| THE STATE OF TEXAS | SMITH, DANNY WALLACE JR. | POSS OF CHILD PORNOGRAPHY | 06/11/09 |
| VS | Shane Phelps | | CHARGING INSTRUMENT |
| BAIRD, GREGG CARL | Ray Thorness | | Indictment |
| | DEFENSE | | |
| | Jim James | | |

| DATE OF ORDERS | | ORDERS OF THE COURT |
|---|---|---|
| Month/Day/Year | | |
| 7 | 15 | 09 | Design. Attorney: W ___ pro. ___; Defendant's name... Signed Agreed Discovery Order. |
| 8 | 10 | 09 | Set Plea (on (4)25 Dc/JT 11-20/12-1  1-29 / 2.2 (Pref.) |
| 9 | 8 | 09 | (Reset plea cont to 10/1. all trial settings remain |
| 10 | 13 | 09 | Case removed from settings on 11-20/12-1, and reset for hearing on Motion to Suppress (12/17). Case remains pref. set for 1-29/2-2 |
| 12 | 1 | 09 | Contd w/case Granted. Suppression Hearing reset to 16 |
| 12 | 16 | 09 | Amended Setting removed 1/4 setting, reset to 16 |
| 1 | 19 | 10 | Cont. Granted (filed by Def no objection from State) Case-reset hearing on 1/25 to State's Motion for More Definite. Stns removed suppression hearing from 1/25 removed DE/Prof JT 1-29/2.2 |
| 1 | 25 | 10 | James appears. R broadly agrees w/ Phelps ___ that he will make his motion more specific (under 38.23). If Phelps not satisfied he will beer on 8:30 Am docket. |

Page 13

CRIMINAL DOCKET - CAUSE NO. 09-02498-CRF-272

| NAMES OF PARTIES | | OFFENSE | DATE OF FILING |
|---|---|---|---|
| THE STATE OF TEXAS | ATTORNEYS | POSS OF CHILD PORNOGRAPHY, F3 | 06/11/09 |
| | Smith, Danny Wallace Jr. | Offense Date: 05/13/09 | |
| VS. | | Arrest Date: | |
| GREGG CARL BAIRD W/M 02/11/71 | DEFENSE JAMES, JIM W. III | Bond Amt: 1,400.00 Bond Co.: ALLEGHENY CASUALTY CO. | CHARGING INSTRUMENT: Indictment |

| DATE OF ORDERS | | | ORDERS OF THE COURT |
|---|---|---|---|
| Month | Day | Year | |
| 2 | 26 | 10 | Set suppression hearing 2/23. Def Prof JT 4/26 & 3/2 Cf finalizes w/ suppress & Bair it. |

THE STATE OF TEXAS
COUNTY OF <u>Brazos</u>

I, <u>Marc Hamlin</u>, Clerk of the <u>272ND DISTRICT COURT</u> of <u>Brazos</u> County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at my office

in Brazos County, Texas, this the <u>29th</u> day of <u>November,</u>2011.



**Marc Hamlin, District Clerk**
**Brazos County, Bryan Texas**

*Ashley Morgan*

**Deputy Clerk**