



# KOINOS

## ÜBER JUNGS · FEATURES ON BOYS

14

1997#2

**VICTIM WITHOUT A CRIME**

**SCHULDIG BEI VERDACHT**

STATE'S EXHIBIT
25

Foto-portfolio
Buchbesprechungen & Fiktion

Photo-portfolio
Book reviews & Fiction

STATE'S
EXHIBIT
26

PENGAD 800-631-6989







```
Report #:    PLIS309D.RDF v6.04        Sam Houston Area Council
Date:        01/27/2010
Time:        12:01:58                         Person Listing
-----------------------------------------------------------------------------------
  -- Selected Options ---
 .erson ID:        2291818
  Person Name:     Gregg C Baird
  Effective Date:  01/27/2010
-----------------------------------------------------------------------------------
  Name:            Gregg C Baird                Primary Phone:    (979) 260-9605
  Common Name:                                  Additional Phones:
  Address:         PO Box 10735                   Work:    (979)696-1440
                   College Station, TX 77842-0735
  Additional Addresses:                         Primary Internet:
     NESA                                       Additional Internet:
       1 Hidden Pond Pl                         Notes:
       The Woodlands TX, 77381
```

Personal Affiliations:
   Affiliation

Organizational Affiliations:
```
   Effective   Expire      Affiliation
   04/01/2006               Aggieland Credit Union
   09/30/2002  03/31/2004   St Michael Academy
   04/01/2002               St Michael Academy
   09/30/2002  03/31/2004   St Michael Academy
```

BSA Registrations:
```
   Expire      Position, BSA Org
   12/31/1998  District Member-at-Large, Arrowmoon
   12/31/1999  District Member-at-Large, Arrowmoon
   12/31/2000  District Member-at-Large, Arrowmoon
   12/31/2002  District Member-at-Large, Arrowmoon
```

Unit Registrations:
```
   Expire      Position, Program - Unit
   01/31/2000  Committee Member, Crew 0001
   01/31/2001  Committee Member, Crew 0001
   01/31/2002  Committee Member, Crew 0001
   03/31/2003  Chartered Organization Rep., Crew 0001
   03/31/2003  Executive Officer, Crew 0001
   03/31/2003  Institutional Head, Crew 0001
   03/31/2004  Chartered Organization Rep., Crew 0001
   03/31/2004  Executive Officer, Crew 0001
   03/31/2004  Institutional Head, Crew 0001
   03/31/2005  Venturing Crew Assoc. Advisor, Crew 0001
   03/31/2006  Venturing Crew Assoc. Advisor, Crew 0001
   03/31/2007  Venturing Crew Assoc. Advisor, Crew 0001
   03/31/2008  Venturing Crew Assoc. Advisor, Crew 0001
   03/30/2009  Venturing Crew Assoc. Advisor, Crew 0001
```

Honors / Awards:
   Award Date  Award Type      Award

Ranks:
```
   Rank Date   Rank
   02/08/1989  Eagle
```

Training:
```
   Train. Date Training Course
   01/01/1911  Adult Explorer Leader Basic Trainin
```

STATE'S
EXHIBIT
19
PENGAD 800-631-6989

# CRIMINAL INDICTMENT

THE STATE OF TEXAS
VS.
GREGG CARL BAIRD

WITNESSES:

Kindale Pittman

CAUSE NO. 12,856
21st Judicial District Court
of Burleson County, Texas

Agency Case No. 2004-085(SPD)

OFFENSE:   Evading Arrest - Vehicle

BOND: _____

Filed: _July 8, 2004_
_David H. Brewer_____ District Clerk
By _____, Deputy

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

   The Grand Jurors for the County of Burleson, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the May Term, A.D. 2004, of the Twenty-First Judicial District Court of said County, upon their oaths present in and to said Court, that GREGG CARL BAIRD, on or about the 12th day of May, A. D. 2004, and before the presentment of this indictment, in said County and State, did then and there, while using a vehicle, intentionally flee from Kindale Pittman, a person the defendant knew was a peace officer who was attempting lawfully to detain the defendant,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Larry Don Hon_
Foreman of the Grand Jury

STATE'S
EXHIBIT
32

NO. 12,856

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE 21ST DISTRICT COURT |
| VS. | )( | OF |
| GREGG CARL BAIRD | )( | BURLESON COUNTY, TEXAS |

Change of Venue From: N/A

### JUDGMENT-ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL - DEFERRED ADJUDICATION

Judge Presiding:   Terry Flenniken          Date of Deferring Judgment:   November 22, 2004

Attorney for State: District Attorney Renee Ann Mueller
Attorney for Defendant:   Louis A. Gimbert

Offense:   Evading Arrest - Vehicle
Texas Penal Code Section: 38.04
Degree of Offense:   State Jail Felony
Date Offense Committed:   May 12, 2004

Charging Instrument: Indictment
Plea: Guilty

Terms of Plea Bargain (In Detail) :
Two (2) years deferred adjudication probation, $1,000.00 fine (to be paid by February 28, 2005), court cost (to be paid by February 28, 2005) and 200 hours of Community Service Restitution

Plea to Enhancement Paragraph(s): N/A          Findings on Enhancement(s): N/A

Findings on Use of Deadly Weapon: N/A

Date Placed on Deferred Probation/Community Supervision:   November 22, 2004

Costs:   $198.00                          Total Amount of Restitution: $-0-

<u>CONCURRENT UNLESS OTHERWISE SPECIFIED.</u>

On this the 22nd day of November, A.D. 2004, this cause was called for trial.   The Defendant, GREGG CARL BAIRD, personally appeared represented by the aforesaid attorney; the State personally appeared represented by her District Attorney. In open Court, the Defendant waived the reading of the indictment;  and the Defendant entered a plea of guilty to the offense of: Evading Arrest - Vehicle. The Court informed the Defendant that before the plea could be accepted, he must be admonished and was admonished of the following:

(    ) FIRST DEGREE FELONY          Life or any term not more than 99 years nor less than 5 years in TDCJ-ID and in addition, a fine not to exceed $10,000.00

(    ) SECOND DEGREE FELONY          Not more than 20 years or less than 2 years in TDCJ-ID, and in addition a fine not to exceed $10,000.00

(    ) THIRD DEGREE FELONY          Not more than 10 years or less than 2 years in TDCJ-ID, and in addition, a fine not to exceed $10,000.00

VOL M-90 PAGE 520


STATE'S EXHIBIT 31



## STATE V. GREGG BAIRD

### STATE'S EXHIBIT # 2

Cause/Count pleaded Guilty and image/video subject of each count:

| Cause 09-02494-CRF-272 | # on CD | location | date downloaded |
|---|---|---|---|
| Count 1 | 8 | Mattor One Touch EXT HDD/PROGRAM FILES/V/V1 | 10/16/07 |
| Count 2 | 9 | same | 5/20/07 |
| Count 3 | 10 | same | 2/12/06 |
| Count 4 | 11 | same | 2/24/06 |
| Count 5 | 12 | same | 6/08/06 |
| Count 6 | 13 | same | 11/28/08 |
| Count 7 | 14 | same | 9/06/06 |
| Count 8 | 15 | same | 5/06/08 |
| Count 9 | 16 | same | 5/31/08 |
| Count 10 | 17 | same | 9/16/06 |

Cause/Count admitted guilt (12.45) and image/video subject of each count:

Cause 09-02494-CRF-272
| Count 11 | 18 |
|---|---|
| Count 12 | 19 |
| Count 13 | 20 |

Cause 09-02492-CRF-272
| Count 1 | 1 |
|---|---|
| Count 2 | 2 |
| Count 3 | 3 |
| Count 4 | 4 |

Cause 09-02493-CRF-272
| Count 1 | 5 |
|---|---|
| Count 2 | 6 |
| Count 3 | 7 |

Cause 09-02495-CRF-272
| Count 1 | 21 |
|---|---|
| Count 2 | 22 |
| Count 3 | 23 |
| Count 4 | 24 |
| Count 5 | 25 |
| Count 6 | 26 |
| Count 7 | 27 |
| Count 8 | 28 |
| Count 9 | 29 |
| Count 10 | 30 |


DEFENDANT'S EXHIBIT

1





COLLEGE STATION MEDICAL CENTER
1604 ROCK PRAIRIE ROAD
COLLEGE STATION, TEXAS  77842

CONSULTATION REPORT

PATIENT NAME:            GREGG C BAIRD
MEDICAL RECORD NUMBER:   V00143826
ACCOUNT NUMBER:          V025536167
ATTENDING PHYSICIAN:     Feroze A Hussain, MD
CONSULTING PHYSICIAN:    Ricardo Lemos, MD
ROOM #:                  V.257-1
DATE OF ADMISSION:       09/06/09

REFERRING PHYSICIAN:  Feroze Hussain, MD

REASON FOR CONSULTATION:  Hypoxemia and fever in the setting of
recent diagnosis of Pneumocystis pneumonia and HIV infection.

HISTORY OF PRESENT ILLNESS:  A 38-year-old who I had seen recently
in August for chronic pneumonitis and newly diagnosed HIV
infection.  At the time, patient had DAL with transbronchial
biopsy.  The pathology of the biopsy showed positive for
pneumocystis, no malignancy, no AFB or other fungal pathogens
except for Candida albicans, CMV and other respiratory viral
cultures were negative.  The patient was treated with Bactrim and
Medrol and then prednisone with rapid improvement.  Genotype was
submitted.  His viral load was 100,000 and CD4 cell count in the
50s.  Patient was discharged on Bactrim and azithromycin, as well
as Diflucan to complete a 21-day course in the outpatient setting.
Patient developed persistent dyspnea that he was concerned with,
as well as recurrence of fever.  He also developed diarrhea.  He
contacted a friend a that works at Texas A and M Student Clinic
and came to the emergency room.  He was readmitted.

On physical examination, vital signs on initial evaluation
demonstrated temperature 97, blood pressure 114/63, his pulse
oximetry was 99% on 3 L nasal cannula.

LABORATORY DATA:  Initial lab work demonstrated a white cell count
of 3.1 with hemoglobin 12.5, platelet count 113,000 and 77%
segmented neutrophils, 14% bands, 6% lymphocytes.  Metabolic panel
with a sodium of 126, potassium 3.1, glucose 121, albumin 1.8, AST
50, ALT 78, alkaline phosphatase 89.  Arterial blood gas pH 7.45,
pCO2 32, pO2 86 with nasal cannula at 6 L, and hepatitis A and B
screens were negative.  Two sets of blood cultures are negative so
far.  Repeat CBC with white cell count 1.9.  Platelet count
105,000 with 25% bands.

A chest x-ray demonstrated again the interstitial infiltrates with
more prominence in the left side.  Technique is somewhat
different, but the appearance is very similar to previous
findings.

REVIEW OF SYSTEMS:
GENERAL:  Currently he is quite tachypneic at rest, but he feels
better than what he did than when he came in the first time
around.
HEENT:  No headaches.  No visual symptoms, sore throat,

DEFENDANT'S
EXHIBIT

3    BM

5-53-09

THE STATE OF TEXAS

COUNTY OF BRAZOS

THE UNDERSIGNED AFFIANT, BEING A PEACE OFFICER UNDER THE LAWS OF TEXAS AND BEING DULY SWORN, ON OATH MAKES THE FOLLOWING STATEMENTS AND ACCUSATIONS:

1.  THERE IS IN BRAZOS COUNTY, TEXAS A SUSPECTED PLACE DESCRIBED AND LOCATED AS FOLLOWS:

    - 2009 Ravenstone Loop, College Station, Brazos County, Texas further described as:
        - o  Said suspected place is a single family dwelling. The exterior of the house includes red brick, orange stone, white trim. The roof on the residence is made of composite shingles. The front door to the said suspected place is brown and faces in a southeastern direction. The driveway to the suspected place is composed of washed concrete. The mailbox to the suspected place is composed of red brick and situated to the left of the driveway at the street. The suspected place contains a wooden privacy fence. The suspected place contains an alarm sign positioned in the front flower bed with the word "Tipping" on the sign. The numbers "2009" are affixed to the left of the front door in black with a white background.

    - Said suspected place to also include all outbuildings, storage sheds and curtilage of said suspected party.

2.  SAID SUSPECTED PLACES ARE IN THE CHARGE OF AND CONTROLLED BY THE FOLLOWING NAMED PARTIES, HEREAFTER CALLED "SUSPECTED PARTY" WHETHER ONE OR MORE:

Baird, Gregg, white male, DOB 02-11-71, Texas DL# 05696364

3.  IT IS THE BELIEF OF AFFIANT , AND HE HEREBY CHARGES AND ACCUSES, THAT SAID SUSPECTED PARTY HAS POSSESSION OF AND IS CONCEALING AT SAID SUSPECTED PLACE THE FOLLOWING DESCRIBED PROPERTY, WHICH CONSTITUTES EVIDENCE OF THE OFFENSE HEREIN CHARGED:

    - To take evidentiary photographs of the interior and exterior of the locations described herein above;

    - Any and all information whether stored electronically as computer data or on paper and all data including text discussing, referring to, or otherwise regarding

Court's
1

the exchange of pornography images including images by the names stated above and otherwise, regarding the manufacture of child pornography, or the sexual abuse of children.

- Telephone books, address books, diaries, or other writings tending to identify other child victims.

- To view and seize any videotapes and viewing and recording equipment to determine if they depict children engaged in nude or sexually explicit conduct.

- Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct.

- Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

- Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

- Condoms, lubricants, sex aids, pornographic materials, and devices used for sexual stimulation.

- Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipod's, MP3 players, Video IPods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

- Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

- Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

- Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

4. IT IS THE BELIEF OF THE AFFIANT AND HE HEREBY CHARGES AND ACCUSES THAT IN BRAZOS COUNTY TEXAS: said suspected party committed the offense of Possession of Child Pornography.

> then and there intentionally and knowingly possess visual material that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: actual deviate sexual intercourse.

5. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING REASON OF THE FOLLOWING FACTS, TO-WIT:

Your Affiant is currently employed as a Detective with the College Station Police Department. Your Affiant has been assigned to College Station Police Department Criminal Investigations Division since 2007, and has investigated numerous types of crimes. Your affiant is a certified Texas Peace Officer with TCLEOSE with a Master Certification. Your affiant has been a peace officer in the State of Texas for over nine years.

Affiant has spoken with other federal agents, peace officers, and investigators with other law enforcement agencies who are knowledgeable regarding the methods and means used by individuals who buy, sell, trade, send, and/or receive child pornography via the Internet and have related their personal knowledge and provided affiant with insights as to the manner evidence of these crimes are obtained and kept. Affiant has personally been involved in numerous investigations into this area of crime.

On May 11, 2009, College Station Police Department Crime Analyst Cabrina Scott received information from Dawn Killian, that she observed child pornography on a computer that she had access to, while "pet sitting" at a residence in College Station. She informed Scott that while on the computer belonging to the person that she was "pet sitting" for, she discovered several images of child pornography. Scott then informed Affiant and Detective David Fallwell of what Killian had reported to her. At the time that Killian first notified Scott of the child pornography that she discovered, she wished to remain anonymous, but wanted to report her findings.

Killian later contacted Affiant by telephone and briefly discussed this case. At the time, Killian was requested to gather additional descriptive information about her findings from what she was able to recall from when she originally found the images. Killian also expressed that she was going to research the possibility of reporting this incident to the Federal Bureau of Investigation, in an attempt to keep her identity anonymous.

On May 13, 2009, Killian met with Detective Fallwell and discussed this case more thoroughly with him. Killian reported that she was house sitting (pet sitting) for Gregg Baird at his residence located at 2009 Ravenstone Loop, in College Station, Texas, while Baird was out of the country. Prior to house sitting for Baird, Killian reported that she had only met Baird twice before. Killian was to house sit for Baird from May 7, 2009 to

May 17, 2009, staying at the house during the period of time that Baird was away. Killian reported that she was told that while she was house sitting, she could "help herself to anything" in the house.

Killian reported that she stayed at the house on May 7, 2009 and May 8, 2009. Killian reported that she did not stay at the residence on May 9, 2009 or May 10, 2009, because the roommate, Andrew Martin, had come home. Killian then again stayed at the residence on May 11, 2009, May 12, 2009, and will be staying at the residence on May 13, 2009. Killian reported that she stayed at the residence on those dates, because Martin again had left the residence. Killian also reported that Martin was scheduled to return to the residence on May 14, 2009.

Killian reported that on May 8, 2009, at approximately 20:30, she got onto the computer in the master bedroom of the residence, which Baird reported to be his room. Killian described the computer as a Dell home tower that is silver/gray in color, and on the floor to the right of the desk that is located in that bedroom. She reported that a thumb drive and external hard drive was also plugged into the computer. At the time that Killian got onto the computer, the computer was in sleep mode. At the time Killian "woke" the computer up, because she was going to download two songs that were on CD's, onto her iPhone.

After Killian accessed the computer to load the two songs onto her iPhone, she realized that she had to log onto her iTunes account. ITunes was already logged onto, and Killian did not want to log off the account that was logged into, so she decided to delete the songs that she had already moved to the desktop of the computer. In the process of deleting the songs, Killian accessed the "recent documents" folder of the computer in order to delete the songs from that folder. While accessing the "recent documents" folder, she observed an estimated eight to ten titles in the "recent documents" folder that had "bad" names. Of the names that she could recall being in the "recent documents" folder, she could recall the names "Emo boy sub," and "younger guy sucks older man."

Killian then access the recycle bin on the computer, so she could finish deleting the songs from the computer. When she accessed the recycle bin, she observed an estimated twenty-four to sixty one inch thumbnail images, some of which she believed contained images of child pornography. Killian described a total of four images that she was able to recall seeing. The first image was described as containing a white male, believed to be approximately thirty to fifty years of age, with salt and pepper colored hair and balding. That male was described as being completely naked, lying down with two boys, possibly Asian, between his legs. The boys were also reported to be completely naked. The two boys were believed to be less than ten years of age because they were estimated to be one fourth the size of the older male, and had no pubic hair.
Killian described the second image as having an adult performing oral sex on a boy. In that image, Killian believed that the boy was a child because of the size of the adults hands compared to the size of the child's hips. In the image, the size of the child's hips were small compared to the size of the adult's hands.

Killian described the size of the third image as an image of a male lying down, holding a child above him, licking the child's anus. The fourth image was described as a child laying on his back, holding his feet up and exposing the child's anus. That image may have also included an arm in the image that was believed to have belonged to a man.

After seeing the images on the computer, Killian left the computer alone. She became concerned about the images that she had seen, and believed that the images were child pornography. She later returned to the computer to look up definitions of child pornography, so she could confirm whether or not the images that she observed were actually child pornography. She reported that while on the computer, she again accessed "recent documents" and opened an image that she did not know the title of. When she opened that image, which was a video, she reported that she observed a person believed to be middle school or high school age, under covers. As the video continued, the covers were thrown off of the person, revealing the person that she believed was a child underneath. Killian reported that that person was naked, and was possibly shaved. After seeing a portion of the video file, she was not able to determine the age of the person in the video file.

Affiant knows from his training and experience that the images such as those described by Killian can easily be transferred to other media such as a CD, memory stick, or flash drive, and such can be transported in an easy fashion. Affiant also knows from training and experience that people who possess sexually explicit materials often possess sexually explicit materials consisting of photographs, magazines, motion pictures, videotapes, books, diskettes, and slides depicting children.

Affiant knows from his training and experience that Child Pornography is visual material of individuals under the age of 18, that depict those individuals engaging in sexual conduct, including but not limited to lewd exhibition of the breasts or genitals, actual sexual intercourse, simulated sexual intercourse, or deviate sexual intercourse.

Affiant has spoken with experts in the field of forensic computer examinations. Because of the large volume of information stored on a computer, it is almost always necessary to examine the computer off-site. A comprehensive forensic examination of a computer may take days or even weeks. Affiant has also learned that experts in the field of computer forensics are able to recover data that has been deleted from a computer hard drive, as well as storage media (floppy disks, compact disks, Zip drives, Pen drives, Thumb drives, tapes, etc.). Affiant also knows from his training and experience that digital material has the capability of remaining on devices designed to store them for an indefinite period of time including weeks, months, and years. Unlike drugs, Child Pornography is not consumed by the user; rather they are stored and kept for an indefinite period of time. The affiant also knows from his training and experience, that it is possible to retrieve items that have been deleted by the user through the use of a forensic recovery of the storage device.

Based on affiant's training and experience, in order to completely and accurately retrieve data maintained in computer hardware or on computer software, to ensure accuracy and completeness of such data, and to prevent the loss of the data either from accidental or

programmed destruction, it is often necessary that computer hard drives be copied and examined by a qualified computer specialist.

Affiant is therefore requesting that a forensic examination of any computer and computer-related media found at the above locations be conducted for evidence of criminal activity, specifically Possession or Promotion of child pornography, and identification of other child victims of sexual exploitation.

If authorized to search the above-described computer(s) hard drive, the forensic analyst will conduct the search within approved forensic guidelines that will safeguard the integrity of the original data stored on the hard drive.

Affiant knows that based on my training and experience that computers store the names of the people the operating system is registered to, as well as the name of the person to whom the programs are registered. Written documents are also often found that bear the name of the person that wrote them. The above information is used for indicia of ownership to establish the identity of person (s) in control of the computer(s).

WHEREFORE, AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE THE SEARCH OF SAID SUSPECTED PLACE FOR SAID PROPERTY AND SEIZE THE SAME.

_____
AFFIANT

SUBSCRIBED AND SWORN TO ME BY SAID AFFIANT ON THIS THE _13_ DAY OF _May_, AD, 2009

_____
PRESIDING JUDGE

S- 53-09

THE STATE OF TEXAS

COUNTY OF BRAZOS

THE STATE OF TEXAS to the Sheriff or any Peace Officer of Brazos County, Texas or any Peace Officer of the State of Texas, GREETINGS:
WHEREAS, the Affiant whose name appears on the Affidavit filed in application of this search warrant is a Peace Officer under the laws of Texas, I find that the verified facts stated by Affiant in said Affidavit show that Affiant has probable cause and did heretofore this day subscribe and swear to said Affidavit before me, and whereas cause for the belief he expresses therein and establishes existence of proper grounds for issuance of this Warrant; now, therefore, you are commanded to search the Suspected Place, located and described as follows:

- 2009 Ravenstone Loop, College Station, Brazos County, Texas further described as:
  - Said suspected place is a single family dwelling. The exterior of the house includes red brick, orange stone, white trim. The roof on the residence is made of composite shingles. The front door to the said suspected place is brown and faces in a southeastern direction. The driveway to the suspected place is composed of washed concrete. The mailbox to the suspected place is composed of red brick and situated to the left of the driveway at the street. The suspected place contains a wooden privacy fence. The suspected place contains an alarm sign positioned in the front flower bed with the word "Tipping" on the sign. The numbers "2009" are affixed to the left of the front door in black with a white background.

- Said suspected place to also include all outbuildings, storage sheds and curtilage of said suspected party

For the following property:

- To take evidentiary photographs of the interior and exterior of the locations described herein above;

- Any and all information whether stored electronically as computer data or on paper and all data including text discussing, referring to, or otherwise regarding the exchange of pornography images including images by the names stated above and otherwise, regarding the manufacture of child pornography, or the sexual abuse of children.

- Telephone books, address books, diaries, or other writings tending to identify other child victims.



- To view and seize any videotapes and viewing and recording equipment to determine if they depict children engaged in nude or sexually explicit conduct.

- Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct.

- Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

- Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

- Condoms, lubricants, sex aids, pornographic materials, and devices used for sexual stimulation.

- Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipod's, MP3 players, Video IPods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

- Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

- Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

- Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

And to seized same and bring it before me.

Further, you are ORDERED, pursuant to the provisions of Texas Code of Criminal Procedure Article 18.10, to retain custody of any property seized pursuant to this Warrant, until further order of this Court or until any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. The Court grants you leave and authority to remove such seized property from this county, if and

only if such removal is necessary for the safekeeping of such seized property by you, or if such removal is otherwise authorized by the provisions of Article 18.10. You are further ORDERED to give notice to this Court, as part of the inventory to be filed subsequent to the execution of the Warrant, and as required by Article 18.10 of the place where the property seized hereunder is kept, stored and held.

HEREIN FAIL NOT, you shall execute this Warrant within three days, exclusive of the day of issuance and exclusive of the day of its execution, with our return thereon, showing how you have executed the same.
ISSUED this the _13_ day of ___May___, A.D., _2009_, at _8:15_ o'clock _P._ M., to certify which witness my hand this day.

_Ed Spillane_
PRESIDING JUDGE

S-53-09

RETURN

STATE OF TEXAS

COUNTY OF BRAZOS

The undersigned Affiant, being a peace Officer under the laws of Texas and being
duly sworn, on oath certifies that the foregoing Warrant came to hand on the day it
was issued and that it was executed on the 13th day of May, A.D.,2009, by making
the search directed therein and by seizing during such search the following described
property:

1. USB WIRELESS LINK
2. WD EXTERNAL HARD DRIVES-(3)
3. DELL COMPUTER / MONITOR / KEYBOARD
4. ASSORTED CABLES / MOUSE
5. HP INKJET PRINTER
6. YAMAHA SPEAKERS (3)
7. MAXTOR EXTERNAL HARDDRIVE
8. BARRACUDA HARDDRIVE
9. 2-Blue Thumbdrives
10. MEMORY STICK CARRYING CASE W/4 MEMORY STICKS
11. FujiFilm IRD -Picture Card w/case
12. 3-Dell Reinstallation CDI
13. 8- misc. CDS/DVDS
14. Four magazines
15. 9 Books
16. Black sex gear
17. 2 butt plugs
18. 1 vibrating butt plug

19. male nudes book (100)
20. condoms
21. nude living CD
22. 2 movies
23. Lubricant
24. three memory devices
25. Sony Notebook w/ Black case

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME by the said Affiant whose name is
signed above on this the 15 day of May, A.D., 2009.

ED Spillane
JUDGE, COUNTY
College Station Municipal Court.

Page 10 of 10

NO. 09-02494-CRF-272
COUNT ONE

THE STATE OF TEXAS                          X        IN THE 272ND DISTRICT COURT

VS.                                         X        OF

Gregg Baird                                 X        BRAZOS COUNTY, TEXAS

DC5 RECEIVED
At 3          o'clock        M
MAR 1 1 2010
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By                    Deputy

## REQUEST TO CONSIDER UNADJUDICATED OFFENSES

I, the undersigned defendant hereby admit my guilt to the following unadjudicated offenses:

| CAUSE # | COURT | COUNTY | CHARGE | PROSECUTOR'S APPROVAL |
|---------|-------|--------|--------|----------------------|
| 1. 09-02492-CRF-272 Cts. 1-4 | | Brazos | Poss. Child Porn. x 4 | SPP |
| 2. 09-02493-CRF-272 Cts. 1-3 | | Brazos | Poss. Child Porn. x 3 | |
| 3. 09-02494-CRF-272 Cts. 11-13 | | Brazos | Poss. Child Porn. x 3 | |
| 4. 09-02495-CRF-272 Cts. 1-20 | | Brazos | Poss. Child Porn. x 20 | |
| 5. 09-02496-CRF-272 Cts. 1-20 | | Brazos | Poss. Child Porn. x 20 | |

and request that the court take into account the offenses in determining sentence in the above entitled and numbered cause.

DATE: 3/1/10

DEFENDANT

APPROVED BY:

ASST./DISTRICT ATTORNEY                     DEFENDANT'S ATTORNEY

DC FILED
At          o'clock        M
AUG 1 8 2010
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By                    Deputy

## ORDER BARRING PROSECUTION AND RELEASE FROM CHARGES

On this day, the court having heard the above named defendant admit his guilt to the unadjudicated offenses set forth in the Request to Consider Unadjudicated Offenses and the prosecuting attorney having consented thereto by his signature affixed thereto;

It is hereby ordered, adjudged and decreed that prosecution of the above named defendant for the offenses set forth in the said request is hereby barred in accordance with 12.45 T.P.C. and the defendant is ordered released from the charges enumerated above.

Signed this 29 day of July , 20 10 .

State's Ex No 3

JUDGE, 272ND DISTRICT COURT

WHITE-CLERK
YELLOW-DISTRICT ATTORNEY
PINK-VICTIM
GOLDENROD-JAIL
COPY TO EACH COURT IN WHICH CASE IS ENUMERATED

Defendant's Right Thumb, Date: 07-29-10
(in court)
Def's signature:

ST. EX. #3

NO. 09-02494-CRF-272
COUNT ONE

THE STATE OF TEXAS            X   IN THE  272ND  DISTRICT COURT

VS.                           X   OF

Gregg Baird                   X   BRAZOS COUNTY, TEXAS

DC ~ RECEIVED
At 3 o'clock P M
MAR 11 2010
MARC HAMLIN, DIST. CLERK
Brazos County, Texas
By _____ Deputy

### REQUEST TO CONSIDER UNADJUDICATED OFFENSES

I, the undersigned defendant hereby admit my guilt to the following unadjudicated offenses:

| CAUSE # | COURT | COUNTY | CHARGE | PROSECUTOR'S APPROVAL |
|---|---|---|---|---|
| 1. 09-02497-CRF-272 | Cts. 1-20 | Brazos | Poss. Child Porn. x20 | SPP |
| 2. 09-02498-CRF-272 | Cts. 1-20 | Brazos | Poss. Child Porn. x20 | SPP |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

and request that the court take into account the offenses in determining sentence in the above entitled and numbered cause.

DATE: 3/1/10 _____

DEFENDANT _____

DEFENDANT'S ATTORNEY _____

FILED
At _____ o'clock _____ M
AUG 18 2010
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

APPROVED BY: _____

ASST./DISTRICT ATTORNEY

### ORDER BARRING PROSECUTION AND RELEASE FROM CHARGES

On this day, the court having heard the above named defendant admit his guilt to the unadjudicated offenses set forth in the Request to Consider Unadjudicated Offenses and the prosecuting attorney having consented thereto by his signature affixed thereto;

It is hereby ordered, adjudged and decreed that prosecution of the above named defendant for the offenses set forth in the said request is hereby barred in accordance with 12.45 T.P.C. and the defendant is ordered released from the charges enumerated above.

Signed this 29 day of July , 20 10 .

State's Ex No 3 A

JUDGE, 272ND DISTRICT COURT

WHITE-CLERK
YELLOW-DISTRICT ATTORNEY
PINK-VICTIM
GOLDENROD-JAIL
COPY TO EACH COURT IN WHICH CASE IS ENUMERATED

ST. EX. # 4

Defendant's Right Thumb. Date: 07-29-10
(in court)
Def's signature: _____