IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGG CARL BAIRD | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2259 |
| | § | |
| STUART JENKINS, *et al.*, | § | |
|    Respondents. | § | |

**RESPONDENT JOHN MCGUIRE'S MOTION FOR SUMMARY
JUDGMENT WITH BRIEF IN SUPPORT**

This a federal habeas corpus case brought by Petitioner Gregg Carl Baird pursuant to 28 U.S.C. §§2241 and 2254. Pursuant to an agreement, Baird pled guilty to ten counts of possession of child pornography, and the State agreed to dismissal of ninety unadjudicated offenses. Thereafter, the parties waived a jury trial without reaching a specific punishment agreement – as Baird sought community supervision from the trial court. During the punishment hearing, a State's witness testified that Baird had downloaded pornographic photographs of children in bondage and sadomasochistic positions; those photographs were similar to photographs of Baird in similar poses. Baird objected citing *Lawrence v. Texas*, 539 U.S. 558, 578 (2003), which invalidated a Texas statute criminalizing "deviate sexual intercourse" between individuals of the same gender. Respondent McGuire adopts Director Jenkins's response found in his Motion for Summary Judgment and reiterates that *Lawrence* has not been extended to the punishment stage of trial;

1

nor has Baird shown that it has been so extended. In the alternative, Respondent McGuire further argues that the evidence was relevant to the trial court's determination of the appropriate punishment to be assessed in this case, including his suitability for community supervision. Consequently, this Court should grant the Respondent's motion for summary judgment and dismiss Baird's petition with prejudice.

## JURISDICTION

Baird's judgments arise out of Brazos County, Texas, within the jurisdiction of this Court. *See* 28 U.S.C. § 124(b)(2); 28 U.S.C. §§ 2241(d), 2254(a). (West 2014).[1]

## PETITIONER'S ALLEGATION

Baird raises one ground for relief, namely:

> Whether the state court decision that the admission of evidence of constitutionally protected sexual conduct at the punishment stage did not violate due process was contrary to or an unreasonable application of Supreme Court precedent.

(Fed. Pet. at 2).

## GENERAL DENIAL

Respondent McGuire denies all of Baird's assertions of fact except those supported by the record or specifically admitted herein.

---

[1] Respondent McGuire acknowledges that Baird is currently being supervised by his department – the Brazos County Community Supervision and Corrections Department.

## STATEMENT OF THE CASE

**I. Procedural History.**

Baird was charged with committing thirteen counts of possession of child pornography. (1 CR 1-2); *see* TEX. PENAL CODE § 43.26(a) (West 2011). After the trial court denied a pretrial motion to suppress, Baird entered a plea of guilty. (3 RR 86; 6 RR 4). Pursuant to an agreement, Baird pled guilty to ten of the counts, the State agreed to dismissal of ninety unadjudicated offenses, and the parties waived a jury without reaching a specific punishment agreement. (1 CR 87; State's Exhibit Nos. 2-4; *see also* 4 RR 8-9). After considering punishment evidence, the trial court accepted Baird's guilty plea and assessed a sentence of ten years imprisonment in count 1. (6 RR 4-5). The trial court assessed a five-year sentence in count 2, cumulated on count one, and it ordered a ten-year sentence in count 3, suspending its imposition for a period of ten years of community supervision. (6 RR 5). The trial court ordered the remaining sentences at confinement for ten years running concurrent to count one. (6 RR 5).

The judgment of the trial court was affirmed. *See Baird v. State*, 379 S.W.3d 353 (Tex. App.—Waco 2012), *aff'd*, 398 S.W.3d 220 (Tex. Crim. App. 2013).[2]

---

[2] The Texas Court of Criminal Appeals granted review on a separate issue – whether the trial court erred in denying Baird's pre-trial motion to suppress evidence. The Texas Court of Criminal Appeals affirmed and held that the trial court did not err in denying Baird's pre-trial motion to suppress evidence. *See Baird v. State*, 398 S.W.3d 220 (Tex. Crim. App. 2013).

Specifically, Baird's issue, presented in the instant petition, was overruled on appeal – where the Tenth Court of Appeals held that the trial court did not abuse its discretion in admitting, during sentencing for possession of child pornography, evidence of Baird's other sexual conduct, even though that conduct was not illegal. *See Baird v. State*, 379 S.W.3d at 360.

## STATEMENT OF FACTS

Baird left the country to vacation with his parents, and he obtained an acquaintance to take care of his dog in his home. (2 RR 14-15; 3 RR 55-56). When she decided to download songs from a compact disc in his home using his computer, she was shocked to find images of young male children engaged in pornographic poses. (2 RR 21-24, 26-27, 49-50, 53-54). She ultimately called the police, who after obtaining a search warrant verifying that the pornography depicted children, seized the computer and arrested Baird. (2 RR 61-63, 73-78).

After the trial court denied Baird's motion to suppress evidence obtained from the search, he entered pleas of guilty to ten of the charged counts. (3 RR 86; 6 RR 4).

At punishment, Nathan McCune, an investigator with the Brazos County District Attorney's Office described the evidence recovered from Baird's computer and other memory devices. (5 RR 13-20). Baird had stored child pornography on

five of the devices at his home, which included 62,000 images of suspected child pornography. (5 RR 21, 23-28, 34; 96-97).

The presence of the images required independent action by the computer user to download and did not appear as a result of an accident or incidental to some other action. (5 RR 29-31, 35-36). The files had been acquired over a period of over five years. (5 RR 35). The State introduced the photographs from the original one hundred counts with which Baird had been charged. (5 RR 36-41). McCune described the bookmarks to pornographic related websites on Baird's computer. (5 RR 42-51). He also discussed other photographs of Baird personally engaging in bondage, sadomasochistic behavior, or other adult homosexual activity – some of which mimicked poses in the child pornography. (5 RR 51-55, 63). The computer also contained non-pornographic scouting pictures and chat logs with graphic discussion of sex and arrangements for sexual liaisons with strangers. (5 RR 55-61). [3] No photographs depicted Baird personally involved in sexual acts with children. (5 RR 62-64).

Michael Sheets, a former leader of the Counsel of the Boy Scouts of America, discussed Baird's affiliation with scouting and the Venture Crew and

---

[3] State's Exhibits 14 though 17 were admitted. (5 RR 54). Exhibit 14 contained depictions of Baird engaged in "sadomasochistic positions." Exhibit 15 showed "contrasting photographs of the Defendant in sadomasochistic poses with some of the photographs taken off the Defendant's computer of children in similar poses." (5 RR 54-55). Exhibit 16 contained Baird's online chats. (5 RR 60-61). Exhibit 17 contained pornographic images of a "Boy scout troup." (5 RR 56).

High Adventure Program.  (5 RR 66-72, 80-81). He described the Venture Crew and High Adventure Program as a program which took extreme and lengthier trips for kids aged thirteen to twenty-one. (5 RR 76-77). Sheets testified that it was a Category 1 charge for someone to possess or download child pornography; such a person could not be a Scout member. (5 RR 80). Baird later testified that he was downloading child pornography during his time with the Venture Crew. (5 RR 193).

Evidence was also admitted that Baird had previously pled guilty and received deferred adjudication probation for an evading arrest incident at Somerville High School in 2004. (5 RR 85, 91-92, 187-88).  Baird later admitted, during the punishment hearing, that he did not tell the Boy Scouts that he had been on felony deferred adjudication probation. (5 RR 188). In 2008, the Scouts initiated criminal background checks on all leaders, and Baird was no longer eligible to register as a member with them. (5 RR 78-80).

Baird testified. (5 RR 141). He discussed how being raped by two older male Scouts impacted him, a secret he kept within himself until he was thirty-eight years old.  (5 RR 142-43, 152-55, 174). He acknowledged possessing all of the child pornography, including extremely graphic photos of five and six year olds being violated by adults and gratifying himself to the images, but he denied ever having sexual contact with an underage child or having sexual thoughts toward the Scouts

when camping with the boys. (5 RR 144-45, 148, 158, 164, 169-74, 199). Baird also acknowledged engaging in sexual explicit chats over the internet and arranging meetings with strangers for sexual liaisons. (5 RR 178-85, 190-93). In this regard, he admitted that he engaged in sadomasochism and acted out the bondage he saw in the child pornography:

> Q. [by the prosecutor]: And you did have a number of – downloaded a number of images of young boys in bondage, did you not?
>
> A. I believe so, yes.
>
> Q. And then you went through the exact same thing that they did, right?
>
> A. Correct.
>
> Q. Okay. Some of the same things the Court has looked at in these pictures of these young boys undergoing sadomasochistic, I guess, well, conduct is the same stuff you were acting out with your friends at whatever place this was; is that right?
>
> A. Correct.
>
> Q. So now, you're not just looking at it. You're actually acting out on some of those fantasies.
>
> Would you agree with that?
>
> A. Not with children.

> Q. Not with children, but the stuff that you're looking at with children -- I mean, that bondage stuff we're talking about with these children tied up with paperclips -- or clothes pins on their body parts, being violated anally, tied up, that sort of thing, that's the same kind of stuff you were doing with your friends in this undisclosed location, right?
>
> A. Correct.

(5 RR 180-181).

Baird admitted that he was sexually attracted to young boys at times, and that he did "[n]ot necessarily" have control over his sexual attraction. (5 RR 166; 5 RR 170, 172). However, he promised the trial court to continue to work on fighting his attraction to underage boys if he were released on probation. (5 RR 202).

## RECORDS

Respondent McGuire relies on Director Jenkins's statement – that he will provide any and all records necessary to the disposition of this case. *See* Director's Motion for Summary Judgment, p. 7.

## RULE 5 STATEMENT

Respondent McGuire adopts Director Jenkins's Rule 5 statement for all purposes. *See* Director's Motion for Summary Judgment, p. 7.

**MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

**I.    Baird is not entitled to federal habeas relief where he has not proven that *Lawrence v. Texas* has been extended to the punishment stage of trial.**

Again, Respondent McGuire adopts Director Jenkins's response found in his Motion for Summary Judgment – that *Lawrence v. Texas*, 539 U.S. 558, 578 (2003) has not been extended to the punishment stage of trial and that Baird is not entitled to federal habeas relief, because he has failed to so prove. In this regard, Respondent McGuire adopts, for all purposes, the following portions of the Director's Motion for Summary Judgment:

- I. AEDPA Summary Judgment Standard of Review; *See* Director's Motion for Summary Judgment, p. 8.

- II. AEDPA Standard of Review; *See* Director's Motion for Summary Judgment, pp. 9-12.

- III. Baird's Claims Are Without Merit; *See* Director's Motion for Summary Judgment, pp. 12-18.

**II.   The evidence in question was properly admitted because it was relevant to the trial court's determination of the appropriate punishment to be assessed in this case.**

In the alternative, Respondent McGuire further argues that the evidence was properly admitted because it was relevant to the trial court's determination of the

9

appropriate punishment to be assessed in this case, including his suitability for community supervision.

### A. Applicable law.

Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure provides that:

> evidence may be offered by the state and the defendant as to **any matter the court deems relevant to sentencing**, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible.

TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1) (Vernon Supp. 2004)(emphasis added).

As also noted by the Tenth Court of Appeals in *Baird v. State*:

> …the Constitution is not a *per se* barrier to the admission of evidence merely because the evidence involves conduct that is constitutionally protected. *See Davis v. State,* 329 S.W.3d 798, 805 (Tex.Crim.App.2010) ("However, the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing merely because those beliefs and associations are protected by the First Amendment."), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 128, 181 L.Ed.2d 50 (2011); *see also Dawson v. Delaware,* 503 U.S. 159, 165, 112 S.Ct. 1093, 1097, 117 L.Ed.2d 309 (1992); *Mason v. State,* 905 S.W.2d 570, 576 (Tex.Crim.App.1995); *Woodward v. State,* 170 S.W.3d 726, 729 (Tex.App.-Waco 2005, pet. ref'd). Such evidence may be admissible if it is shown to be relevant to the issues involved in the case. *Davis,* 329 S.W.3d at 805; *Mason,* 905 S.W.2d at 576–77.

*Baird v. State*, 379 S.W.3d at 359 -360. (footnotes omitted).

**B. Discussion.**

Before the punishment hearing began, Baird filed his application for community supervision. (1 CR 56). During the hearing, Baird acknowledged that:

- He had downloaded pornographic photographs of children in bondage and sadomasochistic positions. (5 RR 180).

- He downloaded the images for purposes of sexual gratification. (5 RR 160).

- He fantasized about having sex with boys. (5 RR 172).

- He arranged for sexual liaisons with strangers.  (5 RR 55-61, 179).

- During the sexual liaisons, he acted out what was in the photographs of children in bondage, in photographs of himself in similar poses. (5 RR 180-181).

- He had a problem with being sexually attracted to young boys. (5 RR 172-173).

- He did "[n]ot necessarily" have control over his sexual attraction. (5 RR 166; 5 RR 170, 172).

During closing argument, defense counsel argued that "one question is: Where is going to be the **best control** for Gregg? If he's on probation, we've got polygraphs. We've got electronic monitor." (5 RR 220)(emphasis added). In response, the trial court sentenced Baird as follows:

> Mr. Baird, by your own admission, you have knowingly participated, although indirectly, in the sexual abuse of hundreds of children shown in these 64,000 images. This sentence hopefully sends a message to this community that this will not be tolerated in Brazos County, but it is also tempered with enough mercy where you will have some of your life in the free world left to live if you do what you're suppose to in prison and do what you are suppose to on probation. We have an excellent sex offender treatment program here in Brazos County, and I know they will assist you as well as the psychologist that conducts the sexual treatment.
>
> As you said in your testimony – and I agree with you – God can change hearts; and I believe that He'll do that. He can do that for anybody that will fully yield his heart up and not continue to gratify himself as you have done in the past.
>
> In one of the chats that you wrote, you mentioned that the sexual urge at the particular time was a ticking time bomb. I just hope that you will do what you need to do; and hopefully, I have done what I needed to do to keep that ticking time bomb from going off and damaging some child.

(6 RR 5-6).

The above shows that the trial court did not consider the details of Baird's adult sexual preferences in deciding punishment; instead, the trial court was only concerned that Baird may act on his admitted attraction/urge to have sex with young boys. Consequently, the evidence in question was relevant to the trial court's decision. *See Baird v. State*, 379 S.W.3d at 360 ("This piece of evidence and its use by the trial judge in sentencing illustrate its relevance.").

## CONCLUSION

Respondent McGuire adopts Director Jenkins's conclusion for all purposes. *See* Director's Motion for Summary Judgment, pp. 18-19.

Respectfully submitted,

/s/  Douglas Howell, III
Douglas Howell, III
Assistant District Attorney
Brazos County, Texas
State Bar No. 10098100
Southern District Bar No. 2406668

Brazos County District Attorney's Office
300 East 26th Street, Suite 310
Bryan, Texas 77803
(979) 361-4320
(979) 361-4368 (Fax)
dhowell@brazoscountytx.gov
Attorney for Respondent John McGuire

## NOTICE OF SUBMISSION

TO: Petitioner, Gregg Baird, you are hereby notified that the undersigned attorney will bring the foregoing pleading before the Court as soon as the business of the Court will permit.

/s/ Douglas Howell, III
Douglas Howell, III
Assistant District Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that on the 3rd day of November, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following: Josh Schaffer, 1301 McKinney, Suite 3100, Houston, Texas 77010; josh@joshschafferlaw.com.

/s/ Douglas Howell, III
Douglas Howell, III
Assistant District Attorney
