UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGG CARL BAIRD,<br>　　Petitioner<br><br>VS.<br><br>STUART JENKINS,<br>DIRECTOR, TEXAS DEPARTMENT<br>OF CRIMINAL JUSTICE,<br>PAROLE DIVISION, and<br><br>JOHN McGUIRE,<br>DIRECTOR, BRAZOS COUNTY<br>COMMUNITY SUPERVISION AND<br>CORRECTIONS DEPARTMENT,<br>　　Respondents | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL NO. 4:14-CV-02259 |

## PETITIONER'S RESPONSE TO RESPONDENTS' MOTIONS FOR SUMMARY JUDGMENT

TO UNITED STATES DISTRICT JUDGE KEITH P. ELLISON:

Gregg Carl Baird files Petitioner's Response To Respondents' Motions For Summary Judgment, and would show as follows:

I.

## THIS CASE AROSE IN BRAZOS COUNTY, NOT HARRIS COUNTY

Respondent Jenkins incorrectly asserts that petitioner's judgment arises out of Harris County (Doc. 8 at 2). Petitioner was convicted out of the 272nd District Court of Brazos County (1 C.R. 87-91), which respondent McGuire recognizes (Doc. 11 at 2). Either way, the parties agree that this Court has jurisdiction.

II.

## *LAWRENCE v. TEXAS* APPLIES TO THE PUNISHMENT STAGE

Petitioner alleges that the admission of evidence of constitutionally protected sexual conduct at the punishment stage of his criminal trial violated his federal constitutional right to due process and was contrary to or involved an unreasonable application of Lawrence v. Texas, 539 U.S. 558, 578 (2003); Zant v. Stephens, 462 U.S. 862, 885 (1983); and Dawson v. Delaware, 503 U.S. 159, 166-69 (1992) (Doc. 1 at 7, 12, 16-18, 20-24).

In Lawrence, the Supreme Court held unconstitutional the Texas penal statute prohibiting and penalizing sodomoy. The Court also announced a broader scope of substantive due process as it relates to private sexual behavior and instructed States not to infringe on such conduct unless it injures a person or abuses an institution that the law protects. 539 U.S. at 567. Although Lawrence certainly did not sanction all sexual conduct, it clearly established, as a matter of federal constitutional law, that most consensual sexual conduct among adults— even if outside the scope of what society deems normal, including homosexual conduct—enjoys a protected liberty interest free from governmental intrusion *and* criminal punishment.

The respondents disagree with petitioner's application of Lawrence. Jenkins asserts that Lawrence "has never been extended to the punishment stage of trial"

(Doc. 8 at 1, 12).[1]  However, petitioner does not seek an "extension" of Lawrence to the punishment stage.  To the contrary, the holding of Lawrence already applies to the punishment stage, and it would be absurd to conclude otherwise.  Petitioner cannot envision the case that "extends" Lawrence to the punishment stage where the Supreme Court has held that a person cannot even be *prosecuted* for engaging in homosexual conduct.  If one cannot be convicted of committing a homosexual act, then *ipso facto* he cannot be punished for same.  No case would reach the Supreme Court in the procedural posture of presenting this question.

Lawrence already applies to the punishment stage based on the holdings of Zant v. Stephens and Dawson v. Delaware (Doc. 1 at 16-18, 20-24).  Specifically, the Supreme Court has clearly established, as matters of federal law, that a sentence must be vacated where a court takes constitutionally impermissible factors into account as a basis to impose the sentence, Zant, 462 U.S. at 885; and that the First Amendment prevents a State from "employing evidence of a defendant's abstract beliefs at a sentencing hearing when those beliefs have no bearing on the issue being tried."  Dawson, 503 U.S. at 168.  The collective holdings of Zant and Dawson clearly establish that a person cannot be punished for constitutionally protected conduct that is unrelated to the offense of conviction.  A federal habeas petitioner may rely on any Supreme Court decision that certain

---

[1] Respondent McGuire adopts Jenkins's arguments on this point (Doc. 11 at 9).

conduct is constitutionally protected, and then ask that a state court sentence be vacated where the sentencer considered such conduct when assessing punishment. Under the AEDPA framework, this Court must ask whether the state court decision was contrary to or involved an unreasonable application of Lawrence, Zant, and Dawson, considered collectively.

Jenkins wants this Court to excuse the state court's failure to apply this federal law to petitioner's case (Doc. 8 at 14). Jenkins weakly contends that the state court "did, in fact, cite Dawson." However, the extent of the state court's acknowledgment of Dawson was in a string citation. See Baird v. State, 379 S.W.3d 353, 359-60 (Tex. App.—Waco 2012, pet. granted). The state court focused only on the limitation of the holding of Dawson—that "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment." 503 U.S. at 165. But the state court totally ignored the general rule of Dawson—that the First Amendment prevents a State from using evidence of a defendant's constitutionally protected beliefs at the punishment stage when those beliefs are unrelated to the offense of conviction. And the state court neither cited nor discussed Zant, even though petitioner relied on it in his brief on direct appeal.

Jenkins wants this Court to excuse these glaring omissions by the state court.

4

The best argument that he can make is a conclusory one, that the state court was "aware of" the applicable federal law:

> In short, the Baird court was aware of both Lawrence and Dawson. It cannot be faulted to [sic] for failing to extend Lawrence[,] nor can it be faulted for failing to apply Dawson.

(Doc. 8 at 14). Being "aware of" clearly established federal law falls well short of the AEDPA mandate that the state court reasonably apply such law. Here, the state court decision involved an unreasonable application of Lawrence, Zant, and Dawson. That trilogy collectively held that a sentence must be vacated where the sentencer considered, as a basis to impose the sentence, the defendant's constitutionally protected homosexual conduct, which was unrelated to the offense of conviction. The state court utterly failed to apply that federal law.

Furthermore, because these three cases clearly established this proposition years ago, petitioner is not asking for a new rule of constitutional law. Jenkins contends that the requested relief is barred by Teague v. Lane, 489 U.S. 288 (1989) (Doc. 8 at 15). However, Teague does not apply because petitioner does not ask this Court to break any new ground, impose any new obligation on the States or federal government, or issue a decision that was not dictated by precedent existing when his conviction became final. Zant was decided in 1983, Dawson in 1992, and Lawrence in 2003. Petitioner's conviction became final in 2013. Accordingly, the collective effect of those decisions had been clearly established federal law for

5

a decade when his conviction became final. He merely asks that this established law be applied to a set of facts different from those which gave birth to these principles. Such a request does not seek a "new rule." See Butler v. McKellar, 494 U.S. 407, 415 (1990). Thus, Teague has nothing to do with this case.

III.

**PETITIONER WAS HARMED BY THE ERROR**

Jenkins contends that it is "nearly impossible" for petitioner to show that he was harmed by any constitutional error because a judge decided the punishment instead of a jury (Doc. 8 at 17). He relies exclusively on a case in which a defendant challenged the admission of evidence at the *guilt-innocence stage* of a bench trial. See United States v. Cardenas, 9 F.3d 1139, 1156 (5th Cir. 1993). The Fifth Circuit observed that a judge presiding over a bench trial presumably considers only evidence that was admitted and not that was excluded, and that any error in the admission of evidence is harmless if other admissible evidence is sufficient to support the conviction.

Cardenas is inapposite to petitioner's case for two reasons. First, the court admitted the evidence over objection, so this is not a scenario where a defendant complains that a judge in a bench trial considered evidence that was excluded. In overruling all of petitioner's many objections to the evidence of his lawful sexual conduct, the court clearly demonstrated that it was not only admitting the evidence

6

but also considering it in its assessment of punishment.  Had the court sustained petitioner's objections and excluded the evidence, then Cardenas (as well as basic logic) would prevent him from raising this issue now.  But that is not what happened.  The court overruled the objections and admitted the evidence.  The court did not thereafter state on the record that it was not considering the evidence of petitioner's lawful sexual conduct in its assessment of punishment.

Respondent McGuire cites a passage of the record from the pronouncement of sentence and then baldly asserts that it "shows that the trial court did not consider the details of [petitioner's] adult sexual preferences in deciding punishment" (Doc. 11 at 12).  That record citation does no such thing.  That the court did not emphasize petitioner's lawful sexual conduct when it pronounced sentence does not mean that it did not consider that evidence when it assessed punishment.  A court that assesses punishment does not have to verbalize the evidence that it considered in reaching its decision, so the absence of such verbalization does not mean that the court did not consider any particular evidence.  Instead, the legal assumption is that the court considered all of the evidence that it admitted, especially where it did so over numerous objections.

The second reason that Cardenas is inapposite to petitioner's case is that the harmless error rule announced there does not apply to the erroneous admission of evidence at the punishment stage.  In Cardenas, any erroneously admitted evidence

was harmless where the otherwise admissible evidence was legally sufficient to sustain the defendant's conviction. 9 F.3d at 1156. Here, petitioner pled guilty, so there is no question regarding the sufficiency of the evidence to sustain his conviction. Rather, the error occurred at the punishment stage, so any question of harm is different from what the court considered in <u>Cardenas</u>.

Jenkins wildly asserts without any citation to authority that petitioner can show harm only "if the trial court punished [him] or increased his sentence *solely* because of his homosexuality or legal sexual practices rather than valid punishment considerations" (Doc. 8 at 17) (emphasis added). It should be sufficient that the erroneously admitted evidence was a factor in the sentencing decision. Neither respondent Jenkins nor McGuire addresses for what harmless purpose the State offered and the court admitted the evidence of petitioner's homosexuality and lawful sexual conduct. Indeed, there could have been none.

Jenkins suggests that the quantity of child pornography "justifies the maximum sentences" that petitioner received and "certainly counsels against probation" (Doc. 8 at 18). But the court did not impose maximum sentences on every count. It assessed punishment at five years imprisonment on count two, to be served consecutively to count one, and ten years probation on count three, to be served consecutively to count two (1 C.R. 121-40; 6 R.R. 4-5). That the court did not impose the maximum sentence on every count demonstrates that the offense of

8

conviction did not justify such punishment. The court's mixed sentencing decision is strong evidence that there is a reasonable probability that the sentences would have been different had the punishment stage been conducted properly. In short, but for the erroneously admitted evidence of petitioner's homosexuality and lawful sexual conduct, the court probably would have assessed less than 10 years imprisonment on the other counts or, alternatively, would not have stacked the sentence in count two on the sentence in count one or the probated sentence in count three on the sentence in count two.

The respondents have neither accepted nor met their burden to prove the error to be harmless. See O'Neal v. McAninch, 513 U.S. 432, 439 (1995). This Court must have grave doubts that the federal constitutional error had a substantial and injurious effect or influence in determining the sentence. Accordingly, petitioner was harmed.

## IV.

Petitioner requests that the Court grant habeas corpus relief in the form of a new punishment hearing.

Respectfully submitted,

/S/ Josh Schaffer
Josh Schaffer
State Bar No. 24037439
Federal ID No. 33073

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Attorney for Petitioner
GREGG CARL BAIRD

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document on December 1, 2014, with the United States District Clerk, Southern District of Texas, using the electronic case filing system of the Court, and that the electronic case filing system served a copy of this document on Jon Meador, assistant attorney general, jon.meador@texasattorneygeneral.gov, counsel for Stuart Jenkins; and Douglas Howell, III, assistant district attorney, dhowell@brazoscountytx.gov, counsel for John McGuire.

/S/ Josh Schaffer
Josh Schaffer
