IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGG CARL BAIRD, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-14-2259 |
| | § | |
| STUART JENKINS, *et al.,* | § | |
| | § | |
| *Respondents.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, represented by counsel, filed this section 2254 habeas petition challenging his state convictions and/or sentences for ten counts of possession of child pornography. Because petitioner was released to community supervision and is being supervised by the Brazos County Community Supervision and Corrections Department, he names as respondents Stuart Jenkins, Director of the Texas Department of Criminal Justice Parole Division, and John McGuire, Director of the Brazos County Community Supervision and Corrections Department.

The respondents have filed separate but reciprocal motions for summary judgment. (Docket Entries No. 8, 11.) Petitioner has filed a response to the motions for summary judgment. (Docket Entry No. 14.) Having carefully considered the motions, the response, the record, and the applicable law, the Court grants the motions for summary judgment and dismisses this lawsuit for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Petitioner entered an open plea of guilty to ten counts of possession of child pornography in exchange for the dismissal of ninety unadjudicated offenses. Following a punishment hearing to the court, the trial court sentenced petitioner to five years' incarceration on one count, ten years' incarceration on a second count, which was suspended for ten years of community supervision, and ten years' incarceration on the remaining counts. The convictions were affirmed on direct appeal. *Baird v. State*, 379 S.W.3d 353 (Tex. App. – Waco 2012, pet. granted). The Texas Court of Criminal Appeals granted discretionary review and, in a published opinion, affirmed the court of appeals' judgment. *Baird v. State*, 398 S.W.3d 220 (Tex. Crim. App. 2013). Petitioner did not pursue state habeas relief.

Petitioner raises the following issue in the instant habeas petition:

> Whether the state court decision that the admission of evidence of constitutionally protected sexual conduct at the punishment stage did not violate due process was contrary to or involved an unreasonable application of Supreme Court precedent.

Respondents argue that petitioner's ground for relief is without merit and that the habeas petition should be denied.

## II. THE APPLICABLE LEGAL STANDARDS

### A. Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court

unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view

3

that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

### B. Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

4

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. ANALYSIS

Petitioner alleges that admission of evidence of constitutionally protected sexual conduct at the punishment stage of his criminal trial violated his federal due process rights and was contrary to, or involved an unreasonable application of, *Lawrence v. Texas*, 539 U.S. 558, 578 (2003); *Zant v. Stephens*, 462 U.S. 862, 885 (1983); and *Dawson v. Delaware*, 503 U.S. 159, 166–69 (1992). Respondent argues in turn that the Supreme Court has not extended its holding in *Lawrence* to evidence used at the punishment hearing, and that the state court was correct not to extend unilaterally the Supreme Court's holding. The parties do not disagree that the disputed evidence, presented by exhibit or live testimony, partially or primarily concerned sexual behavior of a homosexual nature.

Petitioner raised his *Lawrence* issue on direct appeal. In its opinion affirming petitioner's convictions, the intermediate court of appeals held, in relevant part, as follows:

> Baird's second issue complains of the admission of evidence in the punishment hearing, which was before the trial court. The State offered evidence of adult pornographic material obtained from Baird's computer, including Baird's online chats of a sexual nature. The trial court overruled Baird's objections that the use of such evidence violated his due-process rights under *Lawrence*[.] The trial court also overruled the same objections to questions to Baird on cross-examination about his seeking out adult sexual partners on the internet for consensual homosexual encounters. We review a trial court's ruling on the admissibility of evidence for abuse of discretion. Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement.
>
> In its opening statement, the State's prosecutor explained its reasons for offering the evidence at issue:
>
>> The only thing that I think will be an issue for the Court or an issue for [defense counsel] is that while we want to give the Court as full a picture as we can of both the child pornography possessed by the Defendant, we also want to give the Court pursuant to what we normally do in the punishment phase as full a picture of the Defendant as we can.
>>
>> There will be a couple of exhibits that will be offered to show the Defendant, photographs that were taken from the Defendant's computer of himself in, I think, what can be charitably described as deviant sexual contact involving bondage, sadomasochism, that sort of thing.
>>
>> I do want to make it clear that we are not offering any evidence for the purpose of trying to bias the Court or any person against this Defendant because he may or may not be gay. We are only attempting to give the Court a full picture of this Defendant's sexual proclivities, the extent to which he will go to indulge in those sexual proclivities so the Court can make, I think, a just evaluation of basically redeemability, danger to the community and to ultimately provide a just sentence.

The State then offered the following specific evidence over Baird's objections: photographs of Baird in bondage and sadomasochistic poses similar to poses of children in Baird's child pornography photographs; photographs of nude young men engaging in sexual conduct in camping situations; Baird's nonsexual photographs of actual boy scouts on camping trips (Baird was a scout leader); internet chat sessions regarding sexual activity, including wearing sexual devices, and meeting for sex. None of this evidence pertained to any images or information of Baird having sexual contact with a child.

Baird's second issue specifically asserts that the trial court abused its discretion by overruling his objections to the admissibility of constitutionally protected conduct offered by the State as punishment evidence. The gist of Baird's argument is that evidence of constitutionally protected homosexual conduct was not proper punishment evidence, was offered by the State "solely" to impermissibly obtain a harsher punishment, and could not play a part in the trial court's sentencing decision.

Section 3(a) of Article 37.07 of the Code of Criminal Procedure grants trial courts broad discretion to admit evidence during the punishment phase. The relevant statutory language is:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

The admissibility of evidence at the punishment phase of a non-capital felony offense trial is really a function of policy rather than relevance. Evidence is relevant to sentencing, within the meaning of state law, if the evidence is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. Punishment evidence need not be evidence of an illegal act.

7

Baird's complaint is grounded not on the evidence's lack of relevance to punishment, but on the alleged impermissible burden by the State on his constitutionally protected sexual conduct. However, the Constitution is not a *per se* barrier to the admission of evidence merely because the evidence involves conduct that is constitutionally protected. However, the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing merely because those beliefs and associations are protected by the First Amendment. [FN. We see no reason why the reasoning of these cases, which involve First Amendments rights, should not apply to this case.] Such evidence may be admissible if it is shown to be relevant to the issues involved in the case.

The State argues that this evidence was relevant to Baird's punishment, including his suitability for community supervision, by first pointing out that the evidence, other than Baird's camping photographs of scouts, meets the Penal Code's description of sexual conduct: "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus[.]"

From that, the State argues that Baird's photographs were evidence that his "interests extended far beyond electronic voyeurism" and "showed that he maintained an active sexual appetite, exhibiting unsafe sexual practices with strangers, creating photos to mirror poses with the depicted victims, [FN. A State's witness testified that Baird had pornographic photographs of children in bondage and sadomasochistic positions and photographs of himself in similar poses.] and evincing a continuing fixation [on] a variety of sexual activities." Accordingly, the State concludes, this evidence was relevant to the assessment of an appropriate punishment for the offenses of possession of child pornography, including whether the trial court believed Baird's "protestation that he would never act on his continued attraction to underage boys" and Baird's suitability for community supervision (which Baird did seek). [FN. Baird admitted that he had a sexual attraction to young boys, said he had been receiving professional help and had made some progress, and said he would continue with that if placed on community supervision.]

Considering the evidence at issue and the State's arguments for its admissibility, we conclude that it was within the zone of reasonable disagreement for the trial court to admit this evidence. [FN. In one of the online chats, Baird wrote that his sexual urge at that particular time was a

"ticking time bomb." In announcing his sentence, the trial judge referenced this chat and his concern for that bomb "from going off and damaging some child." This piece of evidence and its use by the trial judge in sentencing illustrate its relevance.] Issue two is overruled.

*Baird*, 379 S.W.3d at 358–360 (citations omitted, quotation marks omitted).

The question before the Supreme Court in *Lawrence* was the validity of a Texas penal statute criminalizing certain intimate sexual conduct between persons of the same sex. 539 U.S. at 562. The Court determined that the statute was an unconstitutional denial of substantive due process as applied to two adult males who participated in consensual sodomy in the privacy of their home. *Id.* at 563. The Court held that the statute furthered no legitimate state interest to justify the State's intrusion into the private lives of two consenting adults, and that their rights to "liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention of the government." *Id.* at 578. The Court made the distinction, though, that "[t]he present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not be easily refused." *Id.* Thus, the due process protection afforded by *Lawrence* constitutes at most a right of privacy for intimate sexual behavior between consenting adult males.

Petitioner, however, argues that the state court denied him due process by not applying *Lawrence* to the State's evidence offered during the punishment hearing. To warrant relief, petitioner must show that the state court's adjudication of his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See*

9

28 U.S.C. §2254(d)(1). A state court decision is "contrary to" federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it involves a set of facts that are materially indistinguishable from a Supreme Court decision but reaches a result different from that Court's precedent. *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). As the Supreme Court recently reiterated:

> This standard . . . is difficult to meet. [C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an "unreasonable application of" those holdings must be objectively unreasonable, not merely wrong; even "clear error" will not suffice. Rather, [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*White v. Woodall*, ___U.S. ___, 134 S. Ct. 1697, 1702 (2014) (internal citations and quotation marks omitted).

In *White*, the Supreme Court made clear that a federal district court can grant habeas relief under section 2254(d)(1) only if the state court unreasonably applies a Supreme Court rule, not if it unreasonably refuses to extend it. Thus, in habeas cases, the federal courts must draw a line between applications of Supreme Court rules and extensions of them.

In *Lawrence*, the Supreme Court decriminalized consensual adult sexual behavior that was otherwise unlawful deviant sexual conduct under state law; the Court went, and has gone, no further. For immediate purposes, the Supreme Court has not held that evidence of such behavior is inadmissible *per se* for purposes of a post-conviction punishment hearing.

It is not axiomatic that a constitutional protection applicable at guilt-innocence will apply at the punishment phase of trial. *See Dawson v. Delaware*, 503 U.S. 159 (1992) (holding that First Amendment does not create a *per se* barrier to admission of evidence concerning one's beliefs and associations at sentencing simply because the beliefs and associations are protected by the First Amendment). Petitioner's underlying argument – that the due process protections established in *Lawrence* should apply to punishment hearings – provides him no basis for federal habeas relief, in that the state court was without authority to extend *Lawrence* to the punishment phase of trial absent Supreme Court precedent.

## IV. CONCLUSION

Respondents' motions for summary judgment (Docket Entries No. 8, 11) are **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

**SIGNED** at Houston, Texas on the 30th day of September, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

11